# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01085 |
| | ) |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and | ) JUDGE ANDERSON |
| | ) |
| | ) MAGISTRATE JUDGE YORK |
| | ) |
| ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING

Plaintiff respectfully responds in opposition to the government's motion to continue the preliminary injunction hearing. (Doc. 11.) The government's motion is based on the representation of counsel for the government that she has similar challenges in other district courts. She therefore requests additional time. Plaintiff, however, cannot afford to wait while his right to equal treatment under the law is irreparably harmed.

The government has commenced the process of race-based farm loan forgiveness. The government confirmed as much in a pleading filed by the government in another challenge to Section 1005 on June 8, 2021. *See Faust v. Vilsack*, No. 21-cv-548 (E.D. Wis., filed Apr. 29, 2021) (Doc. 17-2 at ¶¶ 29-30) (copy attached as Exhibit 1).

The ongoing payment inflicts an immediate and irreparable harm on Plaintiff. As related extensively in his memorandum in support of his request for a preliminary injunction, the Sixth Circuit recently issued an *emergency* preliminary injunction to an injured plaintiff under a similar program for "socially disadvantaged" restaurant owners. *Vitolo v. Guzman*, -- F.3d --, 2021 U.S. App. LEXIS 16101 (6th Cir. May 27, 2021). The Sixth Circuit wasted no time, expediting the appeal and issuing a resounding ruling that holds binding force in this case: "The plaintiffs are entitled to an injunction pending appeal." *Id*. at *24. More important when considering the government's motion to continue is the Court's finding regarding irreparable injury. *Id*. ("[A] finding of irreparable injury is mandated.") (quoting *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001)). In sum, now that the government is actually treating Americans differently based on their race, the irreparable injury is ongoing. If anything, this Court should expedite the hearing, or at least order the government to halt further payments until the hearing.

Still more, this is a limited pot of funds that diminishes each day. *Id.* at *9-10 (noting the "real risk that the funds will run out"). Once the funds are expended, the government will argue that the case is moot. The government argued mootness in *Vitolo*, *id.* at *7, and in a similar challenge in the Northern District of Texas. *See Blessed Cajuns LLC v. Guzman*, Case No. 21-cv-777 (opinion provided previously as Doc. 7-5 at PageID 321) (government argues "the statutory provision that they challenged—the priority period subsection of § 5003—expired by its own terms approximately 24 hours after Plaintiffs filed their complaint"). The government should not be allowed to cause delay that it may one day use as a basis to deny Plaintiff relief.

Plaintiff appreciates how busy opposing counsel is, but it is still no basis for postponement. Counsel for the government has a busy month but reports no *actual* conflict with the Court's scheduled hearing on June 17, 2021. (Doc. 11 at PageID 354). The government has many fine

lawyers, many of them are already staffed in the Jackson Courthouse. The government's motion has five other attorneys listed, two of whom are signatories (and none of whom have related their schedules). (Doc. 11 at PageID 356.) If opposing counsel is overwhelmed, she should allow another lawyer to handle the matter. Plaintiff does not have time to spare but the government does have lawyers to spare.

  Respectfully, the fact that opposing counsel has similar cases makes a response less onerous for the government to draft. The government has already filed two responses to requests for injunctive relief. *See Faust*, No. 21-cv-548 (E.D. Wis.) (Doc. 17) (copy attached as Exhibit 2); *Wynn v. Vilsack*, No. 21-cv-514 (M.D. Fla. May 18, 2021) (Doc. 22) (copy attached as Exhibit 3). The government needs only to modify them here. Opposing counsel reports that she needs to get up to speed on Sixth Circuit law (Doc. 11), but *Vitolo* makes it quite simple, laying out all of the relevant factors for an injunction and the necessary showing for state-sanctioned race preferences. In other Section 1005 cases, the government's lead argument is that an equal protection violation is not an irreparable harm. *See* Ex. 2 at 9; Ex. 3 at PageID 124, 127. In the Sixth Circuit, there is no need to argue. *See Vitolo*, 2021 U.S. App. LEXIS 16101, at *24.

Finally, a postponement would prejudice counsel for Plaintiff. They have already made travel arrangements, including a flight and two hotel rooms.

June 9, 2021                                                                 Respectfully submitted,

 s/ B. H. Boucek
BRADEN H. BOUCEK
TN BPR No. 021399
Southeastern Legal Foundation
560 W. Crossville Road, Suite 104
Roswell, GA  30075
Telephone: (770) 977-2131
bboucek@southeasternlegal.org
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below I filed the documents on the Court's electronic filing system. I future certify that I served the following persons in the manner indicated below.

| Counsel | Via |
| --- | --- |
| Emily Newton<br>U.S. Department of Justice<br>20 Massachusetts Ave. NW<br>Washington, DC 20530<br>202/305-8356<br>Fax: 202/616-8470<br>Email: emily.s.newton@usdoj.gov | ☐ United States mail, postage prepaid<br>☐ Hand delivery<br>☐ Fax<br>☐ Email<br>☐ FedEx<br>☒ Efile |
| Kyla Snow<br>DOJ-Civ<br>Federal Programs Branch<br>1100 L. St. NW<br>Washington, DC 20005<br>202/514-3259<br>Email: kyla.snow@usdoj.gov | |

| | |
|---|---|
| Audrey M. Calkins<br>United States Attorney<br>167 N. Main Street, Suite 800<br>Memphis, TN 38103<br>901/544-4231<br>Fax: 901/544-4230<br>Email: audrey.calkins@usdoj.gov | |

Dated: <u>June 9, 2021</u>.                                    Respectfully submitted,

                                                                 /s/ B. H. Boucek
                                                                BRADEN H. BOUCEK