UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLMAN, <br><br> *Plaintiff*, <br><br> v. <br><br> THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, et al., <br><br> *Defendants*. | No. 1:21-cv-01085-STA-jay |

**THE NATIONAL BLACK FARMERS ASSOCIATION AND
THE ASSOCIATION OF AMERICAN INDIAN FARMERS'
CONDITIONAL MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS**

The National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) hereby file this Conditional Motion for Leave to Intervene as Defendants in this action (the "Conditional Motion"). Because, at present, NBFA and AAIF share the same ultimate objective as the Government in defending the law challenged in this action, <u>the organizations expressly request that the Court defer consideration of the Conditional Motion until future developments in this lawsuit indicate that the organizations' interests diverge from the Government's</u>. This approach balances NBFA and AAIF's interests in timely filing their application to intervene, while also accounting for how merits arguments have yet to be developed due to the litigation's early stage.[1]

Pursuant to Federal Rule of Civil Procedure 24, this Conditional Motion is accompanied

---

[1] *See Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engs.*, 101 F.3d 503, 509 (7th Cir. 1996) ("The proper way to handle such an eventuality [where the government's representation of interest may turn inadequate at some future point] [is] to file at the outset of the case a standby or conditional application for leave to intervene and ask the district court to defer consideration of the question of adequacy . . . .").

by (1) a Memorandum of Law in Support; and (2) NBFA and AAIF's Proposed Answer to Plaintiff's Complaint.

Plaintiff's counsel opposes this Conditional Motion. Defendants' counsel have indicated that they do not oppose conditional intervention, and do not believe that the interests of the Government diverge with those of the conditional intervenors.

Dated: June 24, 2021                                         Respectfully submitted,

**PUBLIC JUSTICE, P.C.**

*/s/ Randolph T. Chen*
Randolph T. Chen (D.C. Bar No. 1032644)
David Muraskin (D.C. Bar No. 1012451)
1620 L Street NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
dmuraskin@publicjustice.net
rchen@publicjustice.net

*Counsel for the National Black Farmers Association and the Association of American Indian Farmers*

**CERTIFICATE OF CONSULTATION**

Pursuant to LR 7.2, I certify that I conferred with counsel for Plaintiff and Defendants and was unable to reach accord on the action requested by this Conditional Motion.

Following consultation by email, Plaintiff's counsel stated in a June 8, 2021 email that he opposes the Conditional Motion.

Following consultation by email, Defendants' counsel stated in a June 17, 2021 email that Defendants have indicated that they do not oppose conditional intervention, and do not believe that the interests of the Government diverge with those of the conditional intervenors.

*/s/ Randolph T. Chen*
Randolph T. Chen

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was filed via the court's CM/ECF system on June 24, 2021, which will serve all counsel of record.

*/s/ Randolph T. Chen*
Randolph T. Chen

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, et al.,<br><br>*Defendants.* | No. 1:21-cv-01085-STA-jay |

**MEMORANDUM OF LAW IN SUPPORT OF THE NATIONAL BLACK FARMERS ASSOCIATION AND THE ASSOCIATION OF AMERICAN INDIAN FARMERS' CONDITIONAL MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS**

The National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) file this Conditional Motion to Intervene as Defendants in this action. NBFA and AAIF request that the Court defer consideration on the Conditional Motion until future developments in this case indicate that the organizations' interests diverge from the Government's.

This approach seeks to balance requirements for intervention set out in Federal Rule of Civil Procedure 24. NBFA and AAIF have an interest in timely filing this application to intervene and defend the laws this action seeks to enjoin—which confers financial benefits on many of their members. At the same time, the conditional nature of this request recognizes the early stage of this litigation, where merits arguments and the adequacy of the Government's defense have yet to be fully developed.

Accordingly, this Memorandum is structured as follows. First, it provides the authority for NBFA and AAIF's filing of a Conditional Motion. Second, it provides factual background regarding NBFA and AAIF's purpose and membership. Third, it argues why NBFA and AAIF meet the factors required for intervention that can be ascertained at this time.

**AUTHORITY FOR CONDITIONAL APPLICATION FOR INTERVENTION**

NBFA and AAIF file this Conditional Motion pursuant to the approach set out by the Seventh Circuit in *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503 (7th Cir. 1996). In *Army Corps*, a plaintiff sued to challenge a federal agency's denial of a water permit, and a citizens' group moved to intervene to defend the agency's decision. *Id.* at 504. The Seventh Circuit denied the request because the putative-intervenor and the agency shared the interest of defending the permitting decision and thus, "adequacy of representation [was] presumed," as the government is presumed to represent the interests of the public at large. *Id.* at 508. However, the court was also "sympathetic to the aspiring intervenor's concern that at some future point in this litigation, the government's representation of their interest may turn inadequate yet it would be too late to do anything about it." *Id.* For example, the court provided a hypothetical where the Government declined to appeal an unfavorable decision—at which point its representation of the putative-intervenor's interests "could well be thought inadequate." *Id*. The court thus set out the following solution:

> The proper way to handle such an eventuality is for the would-be intervenor, when as here no present inadequacy of representation can be shown, to file at the outset of the case a <u>standby or conditional application for leave to intervene and ask the district court to defer consideration of the question of adequacy of representation</u> until the applicant is prepared to demonstrate inadequacy.

*Id.* at 509 (emphasis added).

NBFA and AAIF are in a similar posture. They presently share the same objective as the Government in defending the laws challenged by this action—but it remains possible that at some future point, the Government's handling of this litigation may turn inadequate. NBFA and AAIF thus file this Conditional Motion pursuant to the approach set out in *Army Corps* and expressly request the Court defer consideration on the motion until future developments in this lawsuit demonstrate that the organizations' interests diverge from the Government's.

2

**FACTUAL AND PROCEDURAL BACKGROUND**

This case challenges a section of the American Rescue Plan Act of 2021 (the "Act"), a broad piece of legislation aimed at remedying the devastating effects of the COVID-19 pandemic by providing $1.9 trillion in financial relief to American individuals and industries who have been harmed by the ongoing health crisis. *See* The White House, *Am. Rescue Plan,* https://www.whitehouse.gov/american-rescue-plan/. The Act includes approximately $10.4 billion in funding aimed to strengthen the agricultural and food supply chain, and includes provisions funding the purchase and distribution of agricultural commodities and providing grants to rural communities to fund programs related to healthcare and nutrition. *See What's in the Am. Rescue Plan Act of 2021 for Ag.?* Am. Farm Bureau Fed. (Mar. 8, 2021), https://www.fb.org/market-intel/whats-in-the-american-rescue-plan-act-of-2021-for-agriculture.

This case takes aim Section 1005, which provides financial relief to "socially disadvantaged farmers and ranchers." Section 1005 provides loan forgiveness, authorizing the U.S. Department of Agriculture ("USDA") to "provide a payment in an amount up to 120 percent of the outstanding indebtedness of each socially disadvantaged farmer or rancher" on direct farm loans made by USDA and on farm loans guaranteed by USDA. Section 1005(a)(2). Plaintiff alleges that Section 1005's "use of race discrimination as a tool to end 'systemic racism' is patently unconstitutional." Compl., Dkt. No. 1, ¶ 13. Plaintiff requests that the Court declare the law unconstitutional and "[e]nter an order permanently enjoining Defendants from applying racial classifications when determining eligibility for loan modifications and payments under Section 1005." *Id.* at 17.

NBFA and AAIF are non-profit, membership-based organizations dedicated to advancing the interests of Black and Native American farmers, respectively. Exh. 1, Decl. of John Boyd, Jr.

3

("J. Boyd Decl.") ¶¶ 3-4; Exh. 2, Decl. of Kara Boyd ("K. Boyd Decl.") ¶¶ 3-4. NBFA has a national membership of over 116,000 members, comprised largely of Black farmers and ranchers and those members direct the organization's actions by voting on agenda items and resolutions at annual meetings. J. Boyd Decl. ¶ 3. AAIF has a national membership of over 350 members, comprised largely of Native American farmers and ranchers. K. Boyd Decl. ¶ 3. AAIF's activities are directed by its members through regional representatives, who vote on their constituent members' behalf to determine the organization's agenda. *Id.* ¶ 4.

NBFA's mission is to advocate for the interests of Black farmers and ranchers—which has included improving Black farmers and ranchers' access to public and private loans, as well as education regarding civil rights and land retention. J. Boyd Decl. ¶ 4. NBFA President John Boyd, Jr. has advocated on the specific issue of debt relief for the organization's members for decades and has testified before Congress on the issue. *Id.* ¶ 5. NBFA has members who are eligible for Section 1005's loan forgiveness provisions. Exh. 3, Decl. of Shade Mitchell Lewis ("Lewis Decl.") ¶ 9; Exh. 4, Decl. of Ivan Isidore Williams ("Williams Decl.") ¶ 9.

AAIF's mission is to advocate for the interests of Native American farmers and ranchers. K. Boyd Decl. ¶ 5. AAIF advances its mission by promoting investment in Native American farmers and ranchers, as well as providing them with outreach, advocacy, and technical assistance. *Id.* AAIF President Kara Boyd has specifically advocated on the Act's debt forgiveness provisions, directly engaging with federal legislators to express the organization's support for the legislation and building support for the legislation by networking with other groups that advocate for the interests of Native American farmers. *Id.* ¶ 7. AAIF is aware that it has members who are eligible for Section 1005's loan forgiveness provisions. *See id.* ¶ 8.

4

Thus, this suit has the potential to undo NBFA and AAIF's dogged advocacy, leave their members in debt from which Congress intended them to be freed, and prevent them from receiving additional financial support that was designed to remedy a long history of discrimination that has already cost NBFA and AAIF's members greatly. To protect those interests, NBFA and AAIF file this conditional motion to intervene under Federal Rules of Civil Procedure 24(a) and (b).

## ARGUMENT

### I.     Intervention As of Right

Federal Rule of Civil Procedure 24(a)(2) provides: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Sixth Circuit has elaborated that Rule 24(a)(2) intervention must be allowed where four elements are established: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). An intervenor under Rule 24(a)(2) only must meet the requirements of Article III standing "if the intervenor wishes to pursue relief" distinct from the existing parties. *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1648 (2017).

#### A.  NBFA and AAIF have Article III standing.

To the extent it will prove necessary for intervention, NBFA and AAIF have standing. Under the associational standing doctrine, membership organizations like NBFA and AAIF may

5

sue to redress its members' injuries when: (1) its members have standing to sue in their own right, (2) the interest it seeks to protect is germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Am. Canoe Ass'n, Inc. v. City of Louisa Water & Sewer Comm'n*, 389 F.3d 536, 540 (6th Cir. 2004).

NBFA and AAIF's members have standing because they stand to receive financial benefits from the law this action seeks to enjoin—and therefore "face a palpable economic injury that is sufficient to provide the basis for standing." *Cherry Hill Vineyards, LLC v. Lilly*, 553 F.3d 423, 430 (6th Cir. 2008) (after state agency declined to appeal district court ruling invalidating state law, trade association whose members economically benefited from the law had standing to intervene and appeal the ruling). Protecting this interest has been and remains core to NBFA and AAIF's missions. J. Boyd Decl. ¶¶ 4-9; K. Boyd Decl. ¶ 5-6. And defending the constitutionality of this law also does not require the individual participation of any of NBFA and AAIF's members. *Neighborhood Action Coalition v. City of Canton, Ohio*, 882 F.2d 1012 (6th Cir. 1989) (injunctive relief "would not require participation by the individual members because any injunctive relief granted would inure to the benefit of all members of the association actually injured"). Therefore, NBFA and AAIF have Article III standing to participate in this action.

### B. The Conditional Motion is timely.

To determine whether NBFA and AAIF's motion is timely, the Sixth Circuit considers the following factors: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably

6

should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). Applications to intervene filed before the start of discovery are generally considered to be timely. *See, e.g.*, *Friends of Tims Ford v. Tenn. Valley Auth.*, 2007 WL 9723139, at *4 (E.D. Tenn. July 5, 2007) (motion to intervene "filed before significant discovery could begin" was timely); *Jansen*, 904 F.2d at 341 (motion to intervene filed at period where "only half of the 12 month discovery period had elapsed" was timely).

Here, this Conditional Motion is timely under all five factors. First, this suit is in its early stages and discovery has not yet commenced. Second, NBFA and AAIF seek to intervene for the valid purpose of defending a law that confers financial entitlements upon their members. Third, NBFA and AAIF have promptly filed this Conditional Motion a mere three weeks after learning of their interest in this case through reading Plaintiff's Complaint that was filed on June 2, 2021. Fourth, filing at this very early stage of the litigation where Defendant has yet to file a responsive pleading and no discovery has been conducted is also exceedingly unlikely to prejudice any party. Finally, NBFA and AAIF are unaware of any "unusual circumstances" that would counsel against intervention.

### C.  NBFA and AAIF have a sufficient interest in this case.

The Sixth Circuit has adopted a "rather expansive notion of the interest sufficient to invoke intervention of right" and "reject[ed] the notion that Rule 24(a)(2) requires a specific legal or equitable interest." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999). "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Id.* In *Grutter*, a plaintiff challenged a university's race-conscious admissions policy; minority students and a nonprofit dedicated to "preserv[ing] opportunities in higher education for African-American and Latino/a students" then sought to intervene. *Id.* at 397. The court held that the students and the nonprofit

7

had a "substantial legal interest" in the case because they "enunciated a specific interest in the subject matter of this case, namely their interest in gaining admission to the University." *Id.*

Much like in *Grutter*, NBFA and AAIF's members have a specific interest in the subject matter of this case because this action seeks to enjoin laws that confer upon them direct financial entitlements. *E.g.*, Lewis Decl. ¶ 9; Williams Decl. ¶ 9; K. Boyd Decl. ¶ 7. Indeed, this interest is notably more substantial than that in *Grutter* because it is provided for by statute and thus is a legally protected interest. NBFA and AAIF thus possess a sufficient interest in this case to justify intervention.

### D.  This case's disposition may impair NBFA and AAIF's interests.

The Sixth Circuit has held that "the possibility of adverse stare decisis effects provides intervenors with sufficient interest to join an action." *Jansen*, 904 F.2d at 342. This is true here. An adverse resolution of this action would prevent NBFA and AAIF's members from receiving the financial benefits conferred by the laws at issue in this case.

### E.  The Government's representation may become inadequate at a future point.

Where a putative-intervenor and the Government share the same objective in defending a law, courts apply a presumption that the Government's defense is adequate, *see id.* at 343; hence NBFA and AAIF have filed this motion to intervene on a conditional basis. However, this litigation is still at an early stage and merits arguments have yet to be fully developed. This presumption thus may well be overcome should the Government later advance arguments that demonstrate its interests diverge from NBFA and AAIF's. For example, inadequacy of representation may be shown if the Government advances arguments that are adverse to NBFA and AAIF's interests—such as through compromise positions that limit NBFA and AAIF's members' access to financial benefits conferred by the challenged statutes or by failing to document USDA's history of discrimination. *See Grutter*, 188 F.3d at 401 ("We find persuasive [the intervenor's] argument that

the University is unlikely to present evidence of past discrimination by the University itself or of the disparate impact of some current admissions criteria . . . ."). Courts have also observed that the Government's decision not to appeal an adverse ruling in the case "could well be thought inadequate." *Army Corps*, 101 F.3d at 508.

Thus, should later developments in this action indicate that NBFA and AAIF's interests diverge from the Government, the organizations will renew this motion and establish this inadequacy of representation factor, having already established the other factors above.

## II.     Permissive Intervention

NBFA and AAIF also meet the requirements of permissive intervention—but in the interests of judicial economy, they are also requesting the Court defer ruling on this issue so it can be evaluated alongside any renewed motion to intervene as of right.

Rule 24(b) allows a court to grant permissive intervention to a party who makes a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." The Sixth Circuit has explained that to intervene permissively, "a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Mich.*, 424 F.3d 438, 445 (6th Cir. 2005). Once established, the district court "must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

As discussed above in Section I, this Conditional Motion is timely and thus will not impose delay or prejudice on any of the existing parties given the early stage of the litigation. NBFA and AAIF have also identified a common question of law in this case because they seek to intervene in order to defend the statute challenged by this lawsuit. *See Priorities USA v. Benson*, 448 F.

9

Supp. 3d 755, 763-64 (E.D. Mich. 2020) (state legislature seeking to intervene in lawsuit challenging state election law established common question of law because legislature sought "to protect its interests in the State's election laws").

For these reasons, NBFA and AAIF could ask the Court to exercise its discretion to allow for permissive intervention. However, because NBFA and AAIF may later seek to intervene as of right, they believe it is most appropriate for the Court to also defer ruling on permissive intervention until the organizations determine whether their Rule 24(a) motion will become ripe.

## CONCLUSION

For the foregoing reasons, NBFA and AAIF respectfully request the Court docket their Conditional Motion for Leave to Intervene as Defendants and defer consideration on the motion pending future developments in this lawsuit.

Dated: July 24, 2021

Respectfully submitted,

**PUBLIC JUSTICE, P.C.**

*/s/ Randolph T. Chen*
Randolph T. Chen (D.C. Bar No. 1032644)
David Muraskin (D.C. Bar No. 1012451)
1620 L Street NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
dmuraskin@publicjustice.net
rchen@publicjustice.net

*Counsel for the National Black Farmers Association and the Association of American Indian Farmers*