UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLMAN,<br><br>      *Plaintiff*,<br><br>    *v.*<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, et al.,<br><br>      *Defendants*, | No. 1:21-cv-01085-STA-jay |

**[PROPOSED] ANSWER TO PLAINTIFF'S COMPLAINT BY [PROPOSED] DEFENDANT-INTERVENORS THE NATIONAL BLACK FARMERS ASSOCIATION AND THE ASSOCIATION OF AMERICAN INDIAN FARMERS**

Proposed Defendant-Intervenors the National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) answer Plaintiff's Complaint as follows:

Plaintiff's preliminary statement states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's legal conclusions. To the extent Plaintiff's preliminary statement includes allegations of fact, NBFA and AAIF lack sufficient knowledge or information to form a belief as to the truth of those factual allegations.

### INTRODUCTION

1. Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the referenced authorities are applicable to the legal questions at issue in this action.

2. Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the referenced authorities are applicable to the legal questions at issue in this action.

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

4. NBFA and AAIF admit the allegations in Paragraph 4 of the Complaint that the Act allots funds for debt relief to "socially disadvantaged" farmers and ranchers, but deny the allegation that relief is available "only for those of particular races."

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's characterization of the referenced statute.

6. NBFA and AAIF admit the allegations in Paragraph 6 of the Complaint.

7. NBFA and AAIF admit the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

9. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

11. NBFA and AAIF admit the allegation in Paragraph 11 of the Complaint that Defendants are responsible for administering Section 1005's loan forgiveness program, but deny

Plaintiff's allegations and characterizations regarding the purpose of the program and that the program is "race-based."

12. Paragraph 12 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the referenced authorities are applicable to the legal questions at issue in this action.

13. Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the referenced authorities are applicable to the legal questions at issue in this action and deny Plaintiff is legally entitled to his requested relief.

## PARTIES

14. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 14 of the Complaint.

15. NBFA and AAIF admit the allegations in Paragraph 15 of the Complaint, with the exception of Plaintiff's allegation that "Under Section 1005 of APRA, Defendant Vilsack is required to provide debt relief to certain farmers based on race." This is a legal conclusion to which no response is required; to the extent a response is required, NBFA and AAIF deny this allegation.

16. NBFA and AAIF admit the allegations in Paragraph 16 of the Complaint, with the exception of Plaintiff's allegation that "Under Section 1005 of ARPA, FSA will provide debt relief to certain farmers with direct loans or USDA-backed loans based on race." This is a legal conclusion to which no response is required; to the extent a response is required, NBFA and AAIF deny this allegation.

## JURISDICTION AND VENUE

17. NBFA and AAIF admit the allegations in Paragraph 17 of the Complaint.

18. NBFA and AAIF admit the allegations in Paragraph 18 of the Complaint that 28 U.S.C. §§ 1331 and 1343 provide federal question jurisdiction, but deny any suggestion that the Court has jurisdiction over this case.

19. NBFA and AAIF admit the allegations in Paragraph 19 of the Complaint.

20. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 20 of the Complaint.

### Rob Holman is a rancher with outstanding debt on an FSA loan

21. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 21 of the Complaint.

22. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 22 of the Complaint.

23. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 23 of the Complaint.

24. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 24 of the Complaint.

25. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 25 of the Complaint.

26. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 26 of the Complaint.

27. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 27 of the Complaint.

28. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 28 of the Complaint.

29. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

31. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 31 of the Complaint.

## President Biden signs the American Rescue Plan Act

32. NBFA and AAIF admit the allegations in Paragraph 32 of the Complaint.

33. NBFA and AAIF admit that Plaintiff's quotation of President Biden in Paragraph 33 of the Complaint is accurate, but deny Plaintiff's argument and/or characterization regarding how the quotation is applicable to the legal questions at issue in this action.

34. NBFA and AAIF admit the allegations in Paragraph 34 of the Complaint

35. NBFA and AAIF admit the allegations in Paragraph 35 of the Complaint.

36. NBFA and AAIF admit the allegations in Paragraph 36 of the Complaint.

37. NBFA and AAIF admit the allegations in Paragraph 37 of the Complaint, with the exception that NBFA and AAIF deny the allegations with respect to Section 1005(a)(3), as the quotation of Section 1005(a)(3) is inaccurate.

38. NBFA and AAIF admit the allegations in Paragraph 38 of the Complaint.

39. NBFA and AAIF admit the allegations in Paragraph 39 of the Complaint.

40. NBFA and AAIF admit that Paragraph 40 of the Complaint accurately quotes Defendant Vilsack, but deny Plaintiff's argument and/or characterization regarding how the quotation is applicable to the legal questions at issue in this action.

41. NBFA and AAIF admit that Paragraph 41 of the Complaint accurately quotes a blog post written by Defendant Ducheneaux, but deny Plaintiff's argument and/or characterization regarding how the quotation is applicable to the legal questions at issue in this action.

42. NBFA and AAIF admit that Paragraph 42 of the Complaint accurately quotes a blog post written by Defendant Ducheneaux, but deny Plaintiff's argument and/or characterization regarding how the quotation is applicable to the legal questions at issue in this action.

43. NBFA and AAIF admit that Paragraph 43 of the Complaint accurately quotes a blog post written by Defendant Ducheneaux, but deny Plaintiff's argument and/or characterization regarding how the quotation is applicable to the legal questions at issue in this action.

44. NBFA and AAIF admit that Paragraph 44 of the Complaint accurately quotes a USDA website, but deny Plaintiff's argument and/or characterization regarding how the quotation is applicable to the legal questions at issue in this action.

45. NBFA and AAIF deny the allegations in Paragraph 45 of the Complaint, with the exception of admitting that Paragraph 45 accurately quotes Defendant Vilsack. However, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the quotation is applicable to the legal questions at issue in this action.

46. Paragraph 46 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

47. NBFA and AAIF admit that the allegations in Paragraph 47 of the Complaint accurately cite an FAQ published by USDA, but deny Plaintiff's argument and/or characterization regarding how the citation is applicable to the legal questions at issue in this case.

48. NBFA and AAIF admit that the allegations in Paragraph 48 of the Complaint accurately cite a website published by USDA, but deny Plaintiff's argument and/or characterization regarding how the citation is applicable to the legal questions at issue in this case.

49. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 49 of the Complaint.

50. NBFA and AAIF admit that the allegations in Paragraph 50 of the Complaint accurately cite an FAQ published by USDA, but deny Plaintiff's argument and/or characterization regarding how the citation is applicable to the legal questions at issue in this case.

51. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 51 of the Complaint.

52. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 52 of the Complaint.

53. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 53 of the Complaint.

54. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 54 of the Complaint.

55. NBFA and AAIF admit the allegations in Paragraph 55 of the Complaint.

56. NBFA and AAIF admit the allegations in Paragraph 56 of the complaint.

57. NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations in Paragraph 57 of the Complaint.

## Injury to Rob Holman

58. Paragraph 58 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

59. Paragraph 59 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

60. Paragraph 60 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

61. Paragraph 61 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

62. Paragraph 62 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

63. Paragraph 63 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
(Fifth Amendment of the United States Constitution)
(Equal Protection Violation)

64. Paragraph 64 of the Complaint "realleges and incorporates by reference the allegations set forth above as if fully set forth herein." NBFA and AAIF thus likewise respond to this allegation by incorporating by reference the responses set forth above as if fully set forth herein.

65. Paragraph 65 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the referenced authorities are applicable to the legal questions at issue in this action.

66. Paragraph 66 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the referenced authorities are applicable to the legal questions at issue in this action.

67. Paragraph 67 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

68. NBFA and AAIF admit the allegations in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

70. Paragraph 70 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

71. Paragraph 71 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

72. Paragraph 72 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

73. Paragraph 73 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

74. Paragraph 74 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

**SECOND CLAIM FOR RELIEF**
(Fifth Amendment of the United States Constitution)
(Equal Protection Violation) (Illegally Allowing Future Eligibility)

75. Paragraph 75 of the Complaint "realleges and incorporates by reference the allegations set forth above as if fully set forth herein." NBFA and AAIF thus likewise respond to this allegation by incorporating by reference the responses set forth above as if fully set forth herein.

76. Paragraph 76 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the referenced statute is applicable to the legal questions at issue in this action.

77. Paragraph 77 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or

characterization regarding how the referenced statute is applicable to the legal questions at issue in this action.

78. Paragraph 78 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the referenced citation is applicable to the legal questions at issue in this action.

79. Paragraph 79 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny the allegations.

80. Paragraph 80 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF deny Plaintiff's argument and/or characterization regarding how the referenced citation is applicable to the legal questions at issue in this action.

81. Paragraph 81 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

## THIRD CLAIM FOR RELIEF
(Illegally Allowing Future Eligibility)

82. Paragraph 82 of the Complaint "realleges and incorporates by reference the allegations set forth above as if fully set forth herein." NBFA and AAIF thus likewise respond to this allegation by incorporating by reference the responses set forth above as if fully set forth herein.

83. Paragraph 83 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

11

84. Paragraph 84 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

85. Paragraph 85 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, NBFA and AAIF lack sufficient knowledge or information to form a belief about the allegations.

86. The portion of the Complaint captioned "Relief Requested" consists of Plaintiff's requested relief, to which no response is required. To the extent a response is required, NBFA and AAIF deny that Plaintiff is entitled to his requested relief, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

NBFA and AAIF hereby assert the following affirmative defenses to the causes of action made by Plaintiff in the Complaint, subject to their right to amend and assert other affirmative defenses as may become available during discovery in this action.

### FIRST AFFIRMATIVE DEFENSE: LACK OF STANDING

This Court lacks subject matter jurisdiction over Plaintiff's claims because he cannot show the injury necessary to establish standing in federal court.

### SECOND AFFIRMATIVE DEFENSE: LACK OF RIPENESS

This Court lacks subject matter jurisdiction over Plaintiff's claims because they are not ripe for review.

### THIRD AFFIRMATIVE DEFENSE: FAILURE TO EXHAUST

Plaintiff's claims are barred because he has failed to exhaust administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CAUSE OF ACTION**

Plaintiff's claims, as set forth in the Complaint, fail to state facts sufficient to constitute a cause of action against Defendants.

**WHEREFORE**, NBFA and AAIF respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of NBFA and AAIF; and (3) grant such further relief as the Court deems just and proper.

Dated: July 24, 2021

Respectfully submitted,

**PUBLIC JUSTICE, P.C.**

*/s/ Randolph T. Chen*
Randolph T. Chen (D.C. Bar No. 1032644)
David Muraskin (D.C. Bar No. 1012451)
1620 L Street NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
dmuraskin@publicjustice.net
rchen@publicjustice.net

*Counsel for the National Black Farmers Association and the Association of American Indian Farmers*