IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **ROBERT HOLMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01085-STA-jay |
| ) | |
| **THOMAS J. VILSACK,** in his official ) | |
| capacity as Secretary of Agriculture; ) | |
| and **ZACH DUCHENEAUX,** in his official ) | |
| capacity as Administrator of the Farm ) | |
| Service Agency, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING
RESOLUTION OF RELATED CLASS ACTION**

For the reasons stated below, Defendants Thomas J. Vilsack, in his official capacity as Secretary of Agriculture, and Zach Ducheneaux, in his official capacity as Administrator of the Farm Service Agency (collectively, USDA or Defendants), hereby move to stay the proceedings in this case until final resolution of the proceedings in related litigation that has been certified as a class action under Federal Rule of Civil Procedure Rule 23(b)(2). Counsel for Defendants have conferred with counsel for Plaintiffs, who indicate that Plaintiffs opposes this request.

Plaintiff Robert Holman filed this action to challenge USDA's implementation of Section 1005 of the American Rescue Plan Act of 2021 (ARPA) on equal protection grounds. This Court recently granted Plaintiff's request for a preliminary injunction and enjoined disbursement of Section 1005 funds on a nationwide basis pending resolution of the case on the merits. Plaintiff's

1

lawsuit is not the only challenge to Section 1005. There are currently twelve such lawsuits pending before courts across the country.

Recent developments in the earliest-filed challenge to Section 1005 warrant a stay of this case. Specifically, on July 2, 2021, the Northern District of Texas certified two classes of farmers and ranchers bringing an equal protection challenge to Section 1005 like that Plaintiffs bring here. *See* Order on Class Cert. & PI, *Miller v. Vilsack*, 4:21-cv-595 (N.D. Tex.) (attached as Ex. A). At the same time, that court issued an injunction that (like the one issued by this Court) prevents the Government from disbursing Section 1005 funds while the case is adjudicated on the merits. *Id.* Plaintiff is a member of the two classes certified by *Miller* under rule 23(b)(2), and Defendants will be bound by any relief granted to the classes with respect to Plaintiff should their equal protection claim prevail. Thus, continued adjudication of Plaintiff's claims in this Court, separate from the class to which he belongs, would be unnecessarily duplicative and risk inconsistent results. A stay, on the other hand, would not prejudice Plaintiff, who will be bound by and benefit from any judgment applicable to the classes and in the meantime is protected by the preliminary injunction entered by the *Miller* court as well as this Court. A stay would also preserve judicial resources and prevent hardship to Defendants, who would otherwise be required to continue defending against duplicative claims in separate courts, several of which have been brought by this Plaintiff's same counsel. Finally, courts routinely stay proceedings pending resolution of a class action—particularly those under Rule 23(b)(2)—to which the plaintiff belongs. This Court should do likewise and stay the case until final resolution of the class challenge to Section 1005 in *Miller*.[1]

## BACKGROUND

On June 2, 2021, Plaintiff filed this case, alleging that USDA's implementation of Section

---

[1] Defendants are filing stay motions in all of the other related cases challenging Section 1005.

1005, which authorizes debt relief to socially disadvantaged farmers or ranchers, violates his right to equal protection. *See* Compl., ECF No. 1. Several days later, Plaintiff moved for a preliminary injunction, PI Mot., ECF No. 7, which this Court granted on July 8, 2021, ECF No. 41. This case is one of twelve brought in courts around the country that challenge the implementation of Section 1005 on equal protection grounds. *Miller*, 4:21-cv-595; *Wynn v. Vilsack*, 3:21-cv-514 (M.D. Fla.); *Faust v. Vilsack*, 1:21-cv-548 (E.D. Wis.); *Carpenter v. Vilsack*, 21-cv-103-F (D. Wyo.); *McKinney v. Vilsack*, 2:21-cv-212 (E.D. Tex.); *Kent v. Vilsack*, 3:21-cv-540 (S.D. Ill.); *Joyner v. Vilsack*, 1:21-cv-1089 (W.D. Tenn.); *Dunlap v. Vilsack*, 2:21-cv-942 (D. Or.); *Rogers v. Vilsack*, 1:21-cv-1779 (D. Colo.); *Tiegs v. Vilsack*, 3:21-cv-147 (D.N.D.); *Nuest v. Vilsack*, 21-cv-1572 (D. Minn.).[2] Three courts, including this one, have preliminarily enjoined disbursement of programmatic funds. *See* Order on Class Cert. & PI, *Miller*; PI Order, *Wynn*, ECF No. 41.[3]

*Miller*, the first-filed case, commenced on April 26, 2021. Compl., *Miller*, ECF No. 1. On June 2, five *Miller* plaintiffs moved to certify two classes of farmers and ranchers, Br. in Supp. of Mot. for Class Cert., *id.*, ECF No. 13, and for a preliminary injunction, Br. in Supp. of Mot. for PI, *id.*, ECF No. 18.[4] And on June 30, 2021, the *Miller* court granted both motions. Order on Class Cert. & PI, *id.* Adopting the plaintiffs' proposed class definitions in full, the court certified the following two classes under Rule 23(b)(2):

---

[2] Defendants have not yet been served in all of these cases, and the Government does not waive any objections regarding service.

[3] The court in *Faust* had entered a temporary restraining order on June 8, 2021, but recently dissolved that order and stayed the *Faust* plaintiffs' motion for preliminary injunction in light of the preliminary injunction entered by this Court. Order 7, *Faust*, ECF No. 49.

[4] Although the plaintiffs in *Miller* assert equal protection, Title VI, and statutory construction claims, their preliminary injunction and class certification motions relied solely on their equal protection challenge to Section 1005 that is virtually identical to plaintiffs' challenge here. *See* Br. in Supp. of Mot. for Class Cert. 4.

3

1. All farmers and ranchers in the United States who are encountering, or who will encounter, racial discrimination from the United States Department of Agriculture on account of section 1005 of the American Rescue Plan Act.

2. All farmers and ranchers in the United States who are currently excluded from the definition of "socially disadvantaged farmer or rancher," as defined in 7 U.S.C. § 2279(a)(5)–(6)[5] and as interpreted by the Department of Agriculture.

*Id.* at 5-6. Although *Miller* certified two classes, the plaintiffs and the court emphasized that the classes were specific to the plaintiffs' challenge to Section 1005. *Id.* at 13; Class Cert. Reply 1, ECF No. 41 ("The plaintiffs—at this point in the litigation—are seeking classwide relief *only* against the continued enforcement of the racial exclusions in section 1005 of the American Rescue Plan Act."); *id.* at 4 ("These classes are being proposed for the purpose of obtaining preliminary classwide relief against the racial exclusions in section 1005.").

Additionally, in granting the plaintiffs' preliminary-injunction motion, the court enjoined Defendants

> from discriminating on account of race or ethnicity in administering section 1005 of [ARPA] for any applicant who is a member of the Certified Classes. This prohibition encompasses: (a) considering or using an applicant Class Member's race or ethnicity as a criterion in determining whether that applicant will obtain loan assistance, forgiveness, or payments; and (b) considering or using any criterion that is intended to serve as a proxy for race or ethnicity in determining whether an applicant Class member will obtain loan assistance, forgiveness, or payments.

Order on Class Cert. & PI 22-23, *id.* Like the nationwide injunction in *Wynn* and this case, the *Miller* injunction precludes disbursement of Section 1005 funds while the case is adjudicated on the merits. Finally, the *Miller* court ordered the parties to submit a proposed schedule for resolving the case on the merits by July 16.[6]

---

[5] Section 1005 incorporates the definition of "socially disadvantaged farmer or rancher" set out in 7 U.S.C. § 2279(a).

[6] On June 29, Defendants filed a partial answer and partial motion to dismiss the *Miller* plaintiffs' non-Section 1005 claims. *See* ECF Nos. 49, 51.

4

## STANDARD OF REVIEW

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That power applies "especially in cases of extraordinary public moment," when "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Id.* at 707 (modifications omitted).

When determining whether to grant a stay, courts consider multiple factors, including potential prejudice to the non-movant, hardship to the movant if required to go forward, and "the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers, Loc. Union No. 2020, AFL-CIO v. AT&T Network Sys.*, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. 1989) (Table). "Relevant to this consideration is the question of whether a separate suit in another jurisdiction involves the same issues and parties and is likely to consider adequately all interests before the court considering a stay." *Id.* "Allowing the same issue to be decided more than once wastes litigants' resources and adjudicators' time." *B&B Hardware, Inc. v. Hargus Indus., Inc.*, 575 U.S. 138, 140 (2015); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . the general principle is to avoid duplicative litigation."). Courts should be mindful of the interests in "conserv[ing] judicial resources," "minimizing duplicative or piecemeal litigation," and "protect[ing] the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). When actions involving the same parties and issues are filed in two different courts, stay or dismissal of the later-filed case is the proper course. *Id.*

# ARGUMENT

The Court should stay the proceedings in this case until final resolution of the class challenge to Section 1005 in *Miller*.[7] All relevant factors support this proposed stay. First—and most significantly—a stay serves the interests of judicial economy. Because Plaintiff is a member of the classes challenging Section 1005 and will directly benefit from any relief granted in *Miller*, staying this case will avoid unnecessarily duplicative litigation and potentially inconsistent results. Second, a stay will not prejudice Plaintiff, who is already protected by multiple preliminary injunctions and who may receive all the relief he is entitled to upon entry of final judgment in *Miller*. Third, continuing to adjudicate Plaintiff's claim in this Court and in *Miller* simultaneously would impose hardship on Defendants, who would be required to defend against identical claims in multiple courts at the same time—including in eleven other courts around the country (with Plaintiff's counsel here bringing several of those duplicative cases). Finally, courts regularly stay cases pending resolution of related class actions. This Court should do likewise.

## I. A stay would promote judicial economy and avoid inconsistent results.

First, staying this case would promote judicial economy by avoiding simultaneous, duplicative litigation of Plaintiff's claim in multiple courts and protecting the parties and the courts from conflicting results. Plaintiff undisputedly falls within the definition of the *Miller* classes: He is a farmer who alleges that he is being subjected to racial discrimination due to USDA's provision of Section 1005 debt relief to socially disadvantaged farmers, because the definition of "socially disadvantaged farmer or rancher" does not automatically include farmers like him who self-identify as white. The classes in *Miller* were certified under Rule 23(b)(2), which means that

---

[7] Defendants have not appealed the order granting a preliminary injunction and certifying the classes in *Miller* but reserve their right to do so. If the classes in *Miller* are decertified for any reason, the parties can brief this Court on whether to lift the stay.

Plaintiff cannot opt out of any judgment applicable to the classes. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 361-63 (2011). Thus, any relief ordered in *Miller* will apply equally to Plaintiff as it does to all other class members. *Id.* at 361-62 (noting that the relief sought in a Rule 23(b)(2) class "perforce affect[s] the entire class at once"); *Juris v. Inamed Corp.*, 685 F.3d 1294, 1312 (11th Cir. 2012) ("Class action judgments will typically bind all members of the class."). Indeed, that relief will be *binding* on Plaintiff and preclude him, like all other class members, from obtaining an alternative judgment in another proceeding. *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984).

Accordingly, permitting Plaintiff to continue litigating his claims in this Court, separate from the rest of the class to which he belongs, would create a risk of inconsistent results that could undermine the preclusive effect of a classwide judgment and confuse Defendants' obligations to different class members. *See Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993), *aff'd,* 193 F.3d 1185 (11th Cir. 1999) (expressing concern with "avoid[ing] conflicting orders"). For instance, if the plaintiff class succeeds in its equal protection challenge to Section 1005 in *Miller* but Plaintiff loses his claim here (or vice versa), Defendants would be subject to conflicting judgments concerning the constitutionality of Section 1005 and, importantly, their obligations toward this Plaintiff. Staying this case pending resolution of the class challenge to Section 1005 would promote judicial efficiency by avoiding this risk contradictory outcomes.

Because *Miller* is the first-filed case, the fact that *Miller* was certified as a class action after Plaintiff filed his case does not undermine the preclusive effect of any classwide judgment or justify Plaintiff's continued litigation of his claims separately in this Court. Under the first-filed rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.'"

*Baatz*, 814 F.3d at 789 (citation omitted); *see also Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (noting the concern with avoiding "piecemeal resolution of issues that call for a uniform result"). The parties and issues in this case and *Miller* are more than "nearly identical"—they are one and the same. Because he is a class member, *this Plaintiff's claim* is being simultaneously litigated in two courts. And because Plaintiff and Defendants will both be bound by any classwide judgment on Section 1005, litigating the cases separately does not benefit Plaintiff; it only burdens judicial resources at the risk of creating conflicting outcomes.

Furthermore, both cases are still in their early stages, with a proposed case schedule due in *Miller* by July 16, and a proposed schedule due in this case by July 22. Thus, staying this case at this early stage of the proceedings would not unnecessarily disrupt litigation of Plaintiff's claim but would only promote its efficient resolution before any case deadlines have passed.

## II.   A stay would not prejudice Plaintiff and would avoid hardship to the Government.

Additionally, and for similar reasons, staying this case pending resolution of the class challenge to Section 1005 in *Miller* would not prejudice Plaintiff. Again, the classes certified in *Miller* challenge the same agency action and seek the same relief as Plaintiff challenges and seeks here. *Compare* Pls.' Br. in Supp. of Prelim. Inj. ECF No. 18, *Miller* (challenging the implementation of Section 1005 based on USDA's interpretation of "socially disadvantaged farmer or rancher" with reference to race), *with* Pl.'s Mot. for Prelim. Inj. 1, ECF No. 7 (same). Indeed, the *Miller* court has already ordered the relief that Plaintiff obtained and sought in this case: a preliminary injunction prohibiting the Government from disbursing payments under Section 1005. And because Defendants will be bound by a final judgment in the class action with respect to this Plaintiff, staying his duplicative case in this Court will not harm him.

8

By contrast, staying this case would avoid hardship to the Government. Requiring Defendants to defend Plaintiff's claim in this Court and the class action in *Miller* at the same time (along with all other pending cases, some of which have additional requests for preliminary injunctive relief[8]), with the potential for overlapping case schedules and conflicting discovery obligations, would drain the courts' and the Government's resources without benefiting Plaintiff. In fact, counsel for Plaintiff here have filed nearly identical complaints in two other jurisdictions, one of which they filed even after the Court in *Wynn* issued a nationwide preliminary injunction.[9] Counsel should not be permitted to continue to file and litigate duplicative lawsuits in multiple jurisdictions, especially where the preliminary relief sought exactly duplicates the relief already granted by several courts. Moreover, particularly given the importance of the issues at stake, the Government should not be compelled to defend multiple cases raising substantially similar claims on different schedules and potentially subject to different discovery obligations—all while simultaneously defending against duplicative requests for nationwide preliminary injunctions. *Cf. Clinton*, 520 U.S. at 707 (explaining that "especially in cases of extraordinary public moment, a plaintiff may be required to submit to delay" (modifications omitted)).

**III.    Courts regularly stay cases pending resolution of related class actions.**

Finally, a stay here would be consistent with other courts' recognition that a stay (or even dismissal) is generally warranted upon certification of a class of which the plaintiff is a member.[10] *See, e.g., Jiaming Hu v. U.S. Dep't of Homeland Sec.*, 4:17-cv-02363, 2018 WL 1251911, at *4

---

[8] *See* ECF No. 9, *McKinney*, 2:21-cv-212; ECF No. 11, *Dunlap*, 2:21-cv-942.
[9] *See Carpenter*, 21-cv-103 (filed May 24); *Rogers*, 21-cv-1779 (filed June 29). The *Wynn* court granted a preliminary injunction on June 23. Order, *Wynn*, ECF No. # 41.
[10] Indeed, federal courts regularly stay cases when a class certification motion is only *pending*, rather than already granted, in an earlier-filed related case. *See, e.g.*, *Sanchez-Cobarrubias v. Bland*, CV609-005, 2011 WL 841082, at *1 (S.D. Ga. Mar. 7, 2011) (reciting case history); *Bargas v. Rite Aid Corp.*, CV1303865MWFJEMX, 2014 WL 12538151, at *3 (C.D. Cal. Oct. 21, 2014).

(E.D. Mo. Mar. 12, 2018) ("Since class members generally cannot relitigate issues raised in a class action after it has been resolved, a class member should not be able to prosecute a separate equitable action once his or her class has been certified." (internal quotation marks omitted) (citing cases dismissing actions where the plaintiff was a member of certified class in another case)); *see also Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89, 91 (2d Cir. 2004) (affirming dismissal without prejudice "based on the rule against duplicative litigation" where plaintiff's allegations "duplicated claims that had been included in separate class actions" against the defendant, and plaintiffs "were members of those classes"); *Aleman ex rel. Ryder Sys., Inc. v. Sancez*, 21-cv-20539, 2021 WL 917969, at *2 (S.D. Fla. Mar. 10, 2021) (noting that "the Court entered an order staying proceedings" pending resolution of a related class action, "recognizing that the cases are related, and that the resolution of the issues raised in the Class Action will necessarily impact the proceedings in" the case); *Richard K. v. United Behavioral Health*, 18-cv-6318, 2019 WL 3083019, at *7 (S.D.N.Y. June 28, 2019), report and recommendation adopted, 18-cv-6318, 2019 WL 3080849 (S.D.N.Y. July 15, 2019) (stay and dismissal without prejudice "are routinely found appropriate where, as here, the claims made in an individual lawsuit overlap with the claims being pursued by a certified class of which the individual plaintiff is a member").

In such cases, courts have ordered a stay of the same scope Defendants seek here, that is, a stay of all proceedings until final resolution of the related class action. *See, e.g.*, *Gonzales v. Berryhill*, 18-cv-603, ECF No. 28 (D.N.M. Mar. 5, 2019) (staying proceedings until the district court in a related case "issues a decision on the forthcoming motion for class certification and, if a class is certified in [the related case], until the conclusion of all proceedings in [the related case], including any appeals.").

The First Circuit's decision in *Taunton Gardens Co. v. Hills* illustrates the propriety of a stay in circumstances strikingly similar to this case. 557 F.2d 877 (1st Cir. 1977). There, the plaintiffs challenged "the administration of a major federal program and the disbursement of a significant amount of federal money," and the case thus "present[ed] issues of 'public moment.'" *Id.* at 879. And there, much like here, the implementation of that federal program had spurred litigation "in more than ten district courts" around the country, and the Government was subject to multiple injunctions. *Id.* Moreover, like this case, a related action was certified as a class action. *See Taunton Gardens Co. v. Hills*, 421 F. Supp. 524, 526 (D. Mass. 1976). Although the plaintiffs in *Taunton Gardens* were not members of that class, the court noted that they challenged the same program and sought identical relief and, thus, that the class action determined the merits of the case. *Id.* Accordingly, the district court found it was in "the interest of justice" to stay all proceedings—including litigation of the pending motion for preliminary injunction—"pending entry of a final judgment in the class action case." *Id.* The First Circuit upheld the stay, also emphasizing that it was in the "public interest, the court's interest in efficient procedures, and the interest of justice" to stay the case and afford the Government "a reasonable opportunity to resolve its obligations in the national class action." 557 F.2d at 879. It also pointed out that the stay's duration, lasting until an appeal of the class action judgment was resolved, was reasonable. *Id.*

All of the factors considered by *Taunton Gardens* support a stay here: Plaintiff challenges a significant federal program presenting issues of "public moment," and undersigned counsel are defending against claims in twelve courts around the country. Additionally, the recently certified classes in *Miller* seek the same relief Plaintiff seeks in this case—and indeed, since Plaintiff is a member of those classes, resolution of the challenge to Section 1005 in *Miller*, and any relief granted by that court, will operate to protect Plaintiff together with all other class members.

11

Finally, the scope of the stay requested here—until resolution of the class action—is the same as that approved in *Taunton Gardens* and other cases. There, as here, the "public interest, the court's interest in efficient procedures, and the interest of justice" support a stay of all procedures pending resolution of the class challenge to Section 1005 in *Miller*.

## CONCLUSION

For these reasons, the Court should stay proceedings in this case pending resolution of the class challenge to Section 1005 in *Miller*.

| | |
|---|---|
| Dated: July 14, 2021 | Respectfully submitted, |
| | JOSEPH C. MURPHY, JR.<br>Acting United States Attorney |
| | *s/ Audrey M. Calkins*<br>Audrey M. Calkins (TN BPR # 030093)<br>Audrey.calkins@usdoj.gov<br>167 N. Main Street, Suite 800<br>Memphis, TN 38103<br>901-544-4231<br>Fax: 901-544-4230 |
| | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| | LESLEY FARBY<br>Assistant Branch Director<br>Civil Division, Federal Programs Branch |
| | */s/ Kyla M. Snow*<br>EMILY SUE NEWTON (VA Bar No. 80745)<br>*Senior Trial Counsel*<br>MICHAEL F. KNAPP<br>KYLA M. SNOW (Ohio Bar No. 96662)<br>GARY D. FELDON<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, D.C. 20005<br>Tel: (202) 514-3259 / Fax: (202) 616-8460<br>Kyla.snow@usdoj.gov |
| | *Counsel for Defendants* |

## CERTIFICATE OF CONSULTATION

I certify that counsel for Defendants conferred with counsel for Plaintiff regarding this Motion, who indicated that Plaintiff will oppose this Motion.

*s/ Kyla M. Snow*

13