# EXHIBIT 1

# A Career Counselor's Guide to Lateral Hiring at DOJ



*A CAREER COUNSELOR'S GUIDE TO LATERAL HIRING AT DOJ*

The question isn't whether we have jobs; we do -- lots of them. The Department (DOJ) hires more than 750 experienced attorneys nationwide each year.

The question isn't whether lawyers are interested in these jobs; they are. Despite the robust market for legal talent, the competition for available positions at the Department remains strong.

The more relevant questions to ask are:

- Where are the jobs, and how can you find them?
- How does the hiring process work?
- What do the Department components look for in a candidate?

**AN OVERVIEW OF LATERAL HIRING AT DOJ**

The lateral hiring process at the Department is similar to that of any large legal employer, but it has some unique features.

***DOJ is mission driven, not profit driven***. The Department stands at the forefront of America's commitment to justice for all its citizens. Each component within the Department has its own unique mission in meeting that commitment.

***There is a very broad range of legal practice and opportunity***. With more than 9,500 attorneys, the Department of Justice is the largest legal employer in the world. Attorneys at the Department, in Washington, D.C. and in field offices nationwide, work in virtually every area of legal practice.

***There is "no one-stop shopping" for experienced attorneys***. The Department believes that each component within the Department is in the best position to know the kind of skills and talent it needs to achieve its mission and has given each component the authority to select its own candidates. This means that lateral candidates must apply separately to each Department component in which they have an interest. This decentralized philosophy can present a challenge for candidates. There are more than 40 separate components at the DOJ, and within each of those components there are multiple sections, each with its own distinct focus. Finding a "match" does require some research and thought.

*Candidate selection is individualized*. Each DOJ component is free to develop a recruitment system that is geared to the specific needs and philosophy of that particular office. One section may decide to conduct group interviews while another may have a committee that conducts one-on-one interviews for the section. There is a natural tendency to think of the Department as one entity, but, at least from a hiring perspective, it is better to view each Department component as an individual employer.

*Available positions are unpredictable*. Budget, attrition, and expanding caseloads drive the hiring process. Department managers are constantly juggling budget realities against staffing needs. And, priorities constantly change. Department managers have to make a case for additional hiring and, even when approval is granted to hire additional lawyers, there is always the unexpected. These changing priorities can delay the hiring process. Budget can prompt a "hiring freeze" which can halt the components' hiring for months at a time.

*Approval to hire attorneys generally is made at the division level, but recruiting, interviewing and hiring is generally done at the section level*. As an example, in the Environment and Natural Resources Division, the hiring needs for each section within the division are determined quarterly by the division's leadership. If, for example, the Appellate Section was given authority to hire one new attorney, the hiring process would be conducted solely by the attorneys in the Appellate Section. For smaller sections (fewer than 25 attorneys) within the Department, the Section Chief may screen candidates and handle interviews. For the larger sections, there is often a Hiring Committee that orchestrates the process and presents the "finalists" to the Section Chief and/or Assistant Attorney General for that division who makes the final selection. The interviewing process is generally two-tiered with an initial interview at the section level and a final interview with the Section Chief or the Assistant Attorney General of that division. Typically components will interview 10-15 people for each attorney position. The process – from submission of the resume, to interview, to checking references, to offer – can take several months.

*The suitability process*. Department attorneys hold positions of high public trust which frequently can have a significant bearing on the public interest. Once an offer is extended and accepted, the FBI conducts a full-field background investigation to ensure that each attorney hired is suitable for appointment to an attorney position. This process can take several months. In most cases, experienced attorneys join the Department on a temporary, conditional appointment pending completion of that process.

**RULES OF THUMB WHEN COUNSELING ALUMNI**

*Questions to ask*. Do you want to be a litigator, or do you want a policy or counselor/advisory position? Do you want to be on the front-line as a trial attorney, or do you want an appellate practice? Do you want to work as part of a litigation team, or do you want to work more independently? Do you want to travel? Once a candidate has a picture of his or her ideal profile, he or she can research the Department division/section that matches that profile.

*A Career Counselor's Guide to Lateral Hiring at DOJ*                                    Page 3

***Talk to as many people as possible***. Professors, colleagues, former classmates, and DOJ attorneys are good sources of information about potential opportunities and the work of the various divisions and offices.

***Utilize the Department's Web site***. There is a wealth of information on OARM's web site, including hiring contacts, the number of recent hires, and the work of the divisions and their sections at www.usdoj.gov/oarm/arm/componentsdesc.htm. The DOJ Practice Area Chart at www.usdoj.gov/oarm/images/practice.pdf is a very effective counseling tool for assisting attorneys in finding the component(s) which best match their interest and expertise. The Field Office Location Chart at www.usdoj.gov/oarm/images/fieldoffice.pdf provides a handy reference for candidates looking for opportunities nationwide.

The Department's "What We Do" and "Press Room" sections of the Web site www.usdoj.gov are another good place to keep up with news and new initiatives that may have an impact on hiring.

***Bookmark the DOJ vacancy announcement page and respond to individual vacancy announcements – www.usdoj.gov/oarm/attvacancies.htm***. All attorney vacancies are advertised on our web site. Checking this site frequently is the best way to keep up to date with advertised attorney vacancies.

***Apply to individual components directly***. In addition to responding to specific vacancy announcements, attorneys should also be encouraged to apply to the hiring contact listed for each DOJ component in which they have an interest (www.usdoj.gov/oarm/arm/lar/larcontact.htm). Department components are continuously receiving a large number of unsolicited resumes and many hire from that pool. Candidates should be specific in their cover letter. For example, *"While I am interested in the Civil Division generally, I am particularly interested in a position with the Torts Branch."*

***Review of resumes***. Whether resumes are received in response to an advertised vacancy or through direct mailing by candidates, they are typically evaluated by the personnel office for the division. Upon review, the personnel office forwards the resume either broadly around the division or to certain sections depending on the candidate's qualifications and specific interests. Attorneys who are focused on a particular section can also send a resume directly to the Section Chief of that section. <u>The Federal Yellow Book</u>, available in most law libraries, is a good resource for locating names and contact information for Department components. As a rule of thumb, most components keep resumes active for six months.

*A Career Counselor's Guide to Lateral Hiring at DOJ*                                    Page 4

**WHAT DO DEPARTMENT COMPONENTS LOOK FOR?**

The candidate profiles vary from division to division and from section to section; however, there are some constants among the litigating divisions:

*Litigation experience*.  All components like to see a nexus between what they do and what the candidate has done.  As an example, the Fraud Section of the Criminal Division values court time – trying relevant cases, taking depositions, interviewing witnesses, etc.

*Demonstrated interest in the work of the division or section*.  One way candidates can show this is through the resume and/or the cover letter.  Candidates should include any relevant *pro bono*, clinical or work experience in their application materials.

*Diversity of experience, background, geography*.  Components aren't looking for cookie-cutter applicants, they want a variety of experiences and backgrounds.  Attorneys at DOJ are from all over the country and bring their experiences as former teachers, pilots, law enforcement personnel, engineers, law firm partners and associates, military officers, policy analysts, and more.

*Commitment to contribute to the mission of the particular component*.  Components are leery of candidates who are motivated by the perception that life will be easier in government practice.  They want those candidates who are driven to accomplish the goals of the component.

**WHY DO ATTORNEYS COME TO THE DEPARTMENT?**

Lawyers come to the Department, many taking significant pay cuts, for a range of personal and professional reasons.

*The work itself*.  Hands down, this is the biggest draw.  Laterals come because they want to work on important cases, they want more front-line experience, and/or they want to work on issues that are unique to the Department.  One attorney told us, *"when I talked to people both on the inside [DOJ] and outside, they all told me that working at DOJ would round out my legal experience and would make me a better lawyer whether I stay with DOJ or choose to return to private practice.  They said it's the best legal job you'll ever have."*

*The opportunity to manage your own cases*.  In most instances, Department attorneys get their own cases and handle everything from investigation to trial.  They aren't just doing the ground work for someone else.  It's their case from beginning to end.  Another plus is that they have great latitude in how they get their work done without some of the pressures found in the private sector.  The lack of billable hours and client development responsibilities allow Department attorneys to focus on practicing law.

*A CAREER COUNSELOR'S GUIDE TO LATERAL HIRING AT DOJ*                                                  Page 5

***The opportunity to make a difference and have an impact***.  One Assistant United States Attorney (AUSA) said *"I never thought I would find a job that is so meaningful and fulfilling.  I have an opportunity to make a difference in my community by holding offenders accountable and working with victims of violent crimes."*

***A collegial work environment***.  Attorneys at the Department stress the benefit of working in a cooperative, as opposed to competitive, work environment.  They highlight the benefits of working in an environment where attorneys share ideas and where there are great opportunities for training and for mentoring.  Our attorneys say consistently that they have *"great teachers and managers."*

**SOME FREQUENTLY ASKED QUESTIONS**

*Where are the opportunities?*

More than 50% of the attorneys in the Department work in one of the 94 U.S. Attorneys' Offices.  The remainder of the attorneys are in the Department components.  See below for a quick picture of attorney hiring in the larger Department organizations in Fiscal Year 2007:

| Component | # of attorneys hired 2007 |
|---|---|
| U.S. Attorneys' Offices | 314 |
| Civil Division | 120 |
| United States Trustees' Offices | 61 |
| Criminal Division | 83 |
| Antitrust Division | 36 |
| Civil Rights Division | 36 |
| Tax Division | 70 |
| Environment and Natural Resources Division | 27 |
| Executive Office for Immigration Review | 29 |
| Federal Bureau of Investigation | 17 |
| Federal Bureau of Prisons | 9 |

Many of the smaller offices also hire experienced attorneys, but generally on a less frequent basis and/or in far fewer numbers than the larger components mentioned above.

*A CAREER COUNSELOR'S GUIDE TO LATERAL HIRING AT DOJ*                                      Page 6

*Who is eligible?*

Any attorney who is an active member of the bar (any jurisdiction) and has at least one year post-J.D. experience is encouraged to apply for a position as an experienced attorney.

*Are all of the opportunities in the Washington, D.C. area?*

No.  The majority of attorney positions with U.S. Attorneys' Offices, the Executive Office for Immigration Review and U.S. Trustees' Offices are located outside the Washington, D.C., area.  In addition, some Department components have offices located outside the Washington, D.C., area: for example, the Antitrust Division has seven field offices located in major cities around the country.  That said, most of the other litigating division positions are in D.C.  A table of "Field Office Locations Employing Attorneys" can be found at www.usdoj.gov/oarm/images/fieldoffice.pdf.

*Can you transfer within the Department?*

It is not unusual for DOJ attorneys to move within the Department, either to another section within their current Division or to move to another Division entirely.  Some attorneys may hold several different positions within the Department over the course of their career.  Because every attorney within the Department undergoes a background investigation, the transition from one component to another can be accomplished quickly.

*What is the salary structure?*

Attorneys at the Department are paid under one of two salary structures - the General Schedule (GS) or the Administratively Determined (AD) pay scale - depending on the component for which they work.  AUSAs are paid under the AD pay scale.  The vast majority of other attorneys at the Department are paid under the General Schedule.

Experienced attorneys under the General Schedule are hired in the GS-11 to GS-15 range, depending on the nature of the position to be filled, an attorney's years of experience, and the hiring component's policies.  AUSA salaries are based on the amount of professional attorney experience at the time hired, level of performance on the job, and the United States Attorneys' Offices pay practices.  Both GS and AD attorney positions receive geographic pay differentials based on the location of the position. We encourage you to visit the Office of Personnel Management's web site at http://www.opm.gov/Federal_Salaries_Wages for GS salaries and geographic pay information.  For AUSA pay ranges, please contact the Executive Office for United States Attorneys, Personnel Staff.

*A Career Counselor's Guide to Lateral Hiring at DOJ*                                       Page 7

### What is the Department's promotion policy?

Attorneys may be considered for promotion from their current GS level (e.g., GS-13) to the next highest GS level (e.g., GS-14) once they have served the requisite minimum time-in-grade and satisfactory performance level. The following chart summarizes the promotion eligibility schedule for experienced attorneys under the General Schedule:

Grade Level Minimum Waiting Time for Consideration
GS-11 to GS-12 6 months
GS-12 to GS-13 6 months (if hired at the GS-12 level: otherwise 1 year)
GS-13 to GS-14 1 year
GS-14 to GS-15 1 year (with outstanding performance appraisal); otherwise, 18 months

It is possible for attorneys starting at the GS-12 grade level, for example, to reach the GS-15 level in only two and a half years. Please note, however, that some components may require longer waiting periods or restrict the grade level to which non-supervisory attorneys may be promoted. Assistant United States Attorneys receive an annual pay review that may lead to an increase in basic pay, based on the attorney's performance rating, current pay and pay range, and years of experience as an attorney.

### What kind of background check will be done?

It is the policy of the Department to achieve a drug-free workplace, and persons selected for employment will be required to pass a drug test to screen for current illegal drug use prior to final appointment. Moreover, employment is contingent upon the completion and satisfactory adjudication of a full-field background investigation conducted by the FBI. As part of its investigation, the FBI interviews or checks references and close personal associates; former spouse(s); employers and co-workers; neighbors and landlords; institutions of higher learning; court and financial records; and military and police records. In addition, the Office of Attorney Recruitment and Management (OARM), which determines the suitability of all attorney applicants, will check your federal income tax filing/payment history, credit report, and certification of active bar membership. (Please note that applicants for employment with the FBI are required to submit to a polygraph examination prior to entry on duty.)

The most common suitability issues that arise are: past unlawful use of drugs; failure to fulfill tax obligations; and failure to comply with financial obligations. After an applicant has received a tentative offer of employment from the Department, OARM can advise him/her as to any issues regarding potential suitability problems.

### Can I work at the Department if I'm not a U.S. citizen? What if I am a dual citizen?

Only U.S. citizens are eligible for employment with the Executive Office for Immigration Review (EOIR), U.S. Attorneys' Offices, U.S. Trustees' Offices, and the FBI. Non-U.S. Citizens may apply for employment with other Department components (unless otherwise indicated in a vacancy announcement), but should be advised that appointments of non-U.S. Citizens are

*A CAREER COUNSELOR'S GUIDE TO LATERAL HIRING AT DOJ*                                    *Page 8*

extremely rare. Such appointments are considered if necessary to accomplish the Department's mission and are subject to strict security requirements. Dual citizens of the U.S. and another country will be considered on a case-by-case basis.

### *How much travel is required?*

The amount of travel required, if any, depends on the particular component and the nature of its practice. A moderate to heavy travel schedule can be expected in the litigating divisions, whose attorneys often conduct depositions, lead grand jury investigations, and/or appear before Federal courts across the country.

### *What is the role of the U.S. Attorneys' Offices versus the divisions in litigating cases on behalf of the Department?*

There is a great deal of collaboration between the U.S. Attorneys' Offices and the other litigating divisions (Antitrust, Civil, Civil Rights, Criminal, Environment and Natural Resources, National Security and Tax). Much of the day-to-day criminal and civil litigation is carried out in the field by the 94 U.S. Attorneys' Offices, with the litigating divisions having oversight duties and serving as sources of legal expertise and assistance. In addition, the litigating divisions have primary responsibility for the investigation and prosecution of certain cases or categories of cases. They handle issues with broad policy or geographic impact. The litigating divisions also help develop Department policy in their areas of responsibility, and assist the U.S. Attorneys' offices in resolving policy disputes or questions.

We hope our "Career Counselor's Guide to Lateral Hiring at DOJ" has eliminated some of the mystery surrounding the Department's lateral attorney hiring process. We also hope you have a better sense of why experienced attorneys come to the Department, and why so many of them stay. The Department is living proof that if you offer interesting work, personal rewards, and a comfortable salary, attorneys will beat a path to your door.

**Prepared for the National Association for Law Placement's Annual Education Conference, 2008, by the Office of Attorney Recruitment and Management, U.S. Department of Justice, 202-514-8900, www.usdoj.gov/oarm.**