IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01085-STA-jay |
| | ) |
| THOMAS J. VILSACK, in his official | ) |
| capacity as Secretary of Agriculture; | ) |
| and ZACH DUCHENEAUX, in his official | ) |
| capacity as Administrator of the Farm | ) |
| Service Agency, | ) |
| | ) |
| Defendants. | ) |

**JOINT PROPOSED SCHEDULING ORDER**

On August 2, 2021, the Court entered an order denying Defendants' motion to stay the case. (Order, ECF No. 49.) In that Order, the Court directed the parties to confer and submit a joint proposed scheduling order within fourteen days of the entry of the order denying the stay. (*Id.* at 3-4.) The Court also directed the Clerk to set the matter for a conference to discuss further scheduling, and that conference is set for September 2, 2021. (Setting Letter, ECF No. 50.)

Plaintiff brings three claims challenging Section 1005 of the American Rescue Plan Act. The first challenges the United States Department of Agriculture's (USDA) implementation of Section 1005 to pay off USDA farm loans held by "socially disadvantaged farmers or ranchers." (Compl. ¶¶ 64-74.) The second two claims concern whether Section 1005 funds constitute "debt forgiveness," as defined by statute, and trigger any bar against future loan eligibility. (*Id.* ¶¶ 75-85.)

The parties agree that all three claims may be resolved based on motions practice, and that Plaintiff has not requested a jury trial in this matter.[1] The parties have conferred and otherwise have not been able to reach agreement on a schedule to govern this case; their respective positions follow:

**Plaintiff's Position**: Plaintiff's position is that the parties should proceed to summary judgment briefing immediately, with a bench trial on the merits being consolidated with oral argument on summary judgment. Further, Plaintiff believes that there is no need to bifurcate two out of three claims to engage in separate briefing on a motion to dismiss. By contrast, Defendants intend to move to dismiss claims two and three of Plaintiff's Complaint, and then address at summary judgment all claims that remain in the case at that time. Defendants also intend to attempt to retain an expert witness, although Plaintiff disputes whether any expert testimony is relevant to the issue of what Congress considered when it enacted Section 1005 of the American Rescue Plan Act in March 2021. It is not.

Accordingly, the Plaintiff submits the following schedule and narrative to govern resolution of the merits of this case:

- Defendants' Answer Deadline: **September 3, 2021**
- Deadline for disclosing expert reports: **October 15, 2021**
- Deadline for rebuttal experts: **November 8, 2021**
- Deadline for completing discovery and filing motions to compel: **November 8, 2021**
- Simultaneous cross-motions for summary judgment: **December 10, 2021**
- Simultaneous response briefs on summary judgment: **January 14, 2022**
- Simultaneous reply briefs on summary judgment: **January 28, 2022**

---

[1] If the litigation is not resolved at summary judgment, the Parties will submit a proposed schedule to govern any further proceedings.

Defendants indicate that they believe expert testimony will assist their defense. Plaintiff disagrees but acknowledges that the government may choose to retain an expert witness between now and November 8, 2021, pursuant to Fed. R. Civ. P. 26. Plaintiff's position is that an expert opinion has no bearing on the constitutionality of Section 1005, and, in any case, the program cannot be justified with *post hoc* evidence that Congress never considered.

Plaintiff also disputes Defendants' argument that their proposed scheduling order tracks other cases with a similar posture. For instance, Judge Morales Howard's scheduling order in *Wynn*—where, by contrast to this matter, the court has yet to even rule on the government's motion to stay—nevertheless has scheduled briefing on summary judgment to be completed by January 27, 2022.[2] Separately, in *Faust*, the plaintiff has requested completion of summary judgment by December 16, 2021, and the government has requested May 6, 2022.[3] Plaintiff's proposed deadline in the instant matter of January 21, 2022, is more generous to the government than the plaintiff proposed in *Faust*, and Defendants' proposed deadline of **June 3, 2022**—should their motion for stay be denied—is nearly a month later than even what it requested in *Faust*. Similarly, in *Miller*, Defendants agreed to an April 1, 2022 date (assuming they do not appeal the court's order certifying a class and enjoining Section 1005), which is over 2 months prior to the proposed date in this case.[4]

Moreover, if Defendants are going to make an expert disclosure then they can make it in this case the same day they are making it in the *Wynn* case. To the extent that the government contends that a longer schedule is necessary to account for other similar cases challenging Section

---

[2] *See* Case Management and Scheduling Order, *Wynn v. Vilsack*, No. 3:21-cv-514 (M.D. Fla. July 8, 2021), ECF No. 43.
[3] *See* Parties' Proposed Schedules, *Faust v. Vilsack*, No. 1:21-cv-548 (E.D. Wis. July 14, 2021), ECF No. 56.
[4] *See* Joint Report, *Miller v. Vilsack*, No. 4:21-cv-595 (N.D. Tex. July 16, 2021), ECF No. 70.

1005, Plaintiff's position is that this factor actually cuts against needing longer deadlines if the claims, evidence, and witnesses among the several cases significantly overlap. As the Court can see from the final case management and scheduling order in *Wynn*, (Ex. 1), Defendants will be disclosing any expert on October 15, 2022. Precisely because Defendants' burden is the same in both cases, Plaintiffs submit that Defendants should make disclosures on that day in this case as well.

**Defendants' Position**: Defendants respectfully propose the following schedule to govern proceedings in this case:

- Defendants' Partial Motion to Dismiss: **September 17, 2021**

- Plaintiff's response to MTD: **Oct. 8, 2021**

- Defendants' reply ISO MTD: **Oct. 22, 2021**

- Defendants' Expert Report: **December 17, 2021**

- Plaintiff's Rebuttal Expert Report: **January 28, 2022**

- Defendants' Expert Report in Reply: **February 25, 2022**

- Expert Depositions Complete by: **April 8, 2022**

- Simultaneous cross-motions for summary judgment: **May 13, 2022**

- Any *Daubert* motions: May 13, 2022

- Simultaneous response briefs: **June 3, 2022**

As is typical in cases involving similar equal protection claims and compelling governmental interests, Defendants anticipate relying on expert testimony to address the claims in this case. *See, e.g., Rothe Dev., Inc. v. Dep't of Def.*, 107 F. Supp. 3d 183 (D.D.C. 2015), *aff'd sub nom. Rothe Dev., Inc. v. United States Dep't of Def.*, 836 F.3d 57 (D.C. Cir. 2016). It will take substantial time for expert(s) to be retained by Defendants, for the expert(s) to review and analyze data reaching back decades and spanning the entire country, for the expert(s) to detail their findings

4

in a report, for the parties to review the competing reports and develop rebuttal reports as may be appropriate, for the parties to depose the expert(s), and for the parties to then incorporate that information, together with other information available, into briefing.

This proposed schedule also accounts for the time needed to develop the record for a decision on a timeline that accounts for the other cases challenging Section 1005 that undersigned counsel are litigating. As explained in Defendants' motion for a stay, Defendants are currently litigating similar claims in eleven other courts, and Plaintiff's counsel represents the plaintiffs in several of those cases. (Mot. to Stay, ECF No. 45.) Defendants have moved, or plan to move, for stays in all but the certified class action in the Northern District of Texas and in *Nuest v. Vilsack*, No. 21-cv- 1572 (D. Minn.), where the parties have reached an agreement that the case should be stayed as long as the plaintiffs remain within the *Miller* classes (*see* ECF No. 13.).[5] Regardless, Defendants will be litigating the merits in at least the class action and this case (if not more cases) at the same time. Plaintiff's counsel may likewise be litigating the merits in at least two cases at the same time as well, if additional stay motions are denied. The proposed schedule accounts for undersigned counsel's competing obligations in the cases and allows the cases to proceed somewhat apace.

This proposed schedule closely tracks the schedules proposed in the joint report submitted by the parties in *Miller v. Vilsack*, No. 21-cv-595 (N.D. Tex.), ECF No. 70, and proposed by Defendants in *Faust v. Vilsack*, No. 21-cv-548 (E.D. Wis.), ECF No. 56. To the extent it differs, it is to account for the additional claims in this case, as well as the need to stagger proceedings in light of Defendants' obligations in competing cases where schedules have already been proposed to the courts or entered by the court. For instance, Defendants' schedule here is slightly longer

---

[5] Defendants' stay motion was granted in one of those cases, and proceedings have been stayed. *See Carpenter v. Vilsack*, No. 21-1089 (D. Wyo.), ECF No. 33.

5

than that proposed by the Government in *Faust* and by the parties in *Miller* because of Plaintiffs' additional claims, and, correspondingly, the need to account for briefing on a motion to dismiss, which Defendants intend, and have a right, to file in response to Plaintiff's Complaint. Further, while Plaintiff proposes that the Government should submit an opening expert report concurrently with that due in *Wynn*, the Government initially requested more time to submit an expert report in *Wynn* and has moved for a stay of proceedings there as well, such that that deadline may be stayed. At that point, the Government's earliest proposed deadline for an expert report would be December 17, 2021, like Defendants propose here. In any event, even if the deadlines remain in place in *Wynn,* Plaintiff's proposed schedule does not account for the need to stagger the deadlines for submitting a rebuttal expert report in the competing cases. Plaintiff's proposed schedule would have the Government's expert drafting a rebuttal to Plaintiff's expert report in the same three-week period in which the Government's expert is already scheduled to draft a rebuttal to the opening report submitted by a different expert in the *Wynn* case. Doing so would not be feasible. Defendants' proposed schedule is otherwise consistent with that agreed upon, and filed by, the parties in *Miller* and where it differs, appropriately accounts for the additional claims and briefing necessary in this case.

DATE: August 16, 2021                              Respectfully submitted,

                                                   JOSEPH C. MURPHY, JR.
                                                   Acting United States Attorney

                                                   *s/ Audrey M. Calkins*
                                                   Audrey M. Calkins (TN BPR # 030093)
                                                   Audrey.calkins@usdoj.gov
                                                   167 N. Main Street, Suite 800
                                                   Memphis, TN 38103
                                                   901-544-4231
                                                   Fax: 901-544-4230

                                                   BRIAN M. BOYNTON

Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Emily Sue Newton*
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
KYLA M. SNOW (Ohio Bar No. 96662)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259 / Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Counsel for Defendants*


*/s/ B.H. Boucek*
BRADEN H. BOUCEK
TN BPR No. 021399
CELIA H. O'LEARY*
GA Bar No. 747472
Southeastern Legal Foundation
560 W. Crossville Road, Suite 104
Roswell, GA 30075
Telephone: (770) 977-2131
bboucek@southeasternlegal.org
coleary@southeasternlegal.org
*Appearing Pro Hac Vice

 *s/William E. Trachman*
William E. Trachman*
CO. Bar No. 45684
Corey C. Bartkus*
CO. Bar No. 54789
Mountain States Legal Foundation
2596 S. Lewis Way
Lakewood, Colorado 80227
Telephone: (303) 292-2021
Facsimile: (303) 292-1980
wtrachman@ mslegal.org
corey@mslegal.org

7

*Counsel for Plaintiff*