IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN KENT, et al., | |
| Plaintiffs, | |
| v. | Case No. 3:21-cv-540-NJR |
| THOMAS J. VILSAK, in his official capacity as Secretary of Agriculture, et al., | |
| Defendants, | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Motion to Stay Pending A Resolution of Related Class Action, *Miller v. Vilsack*, 4:21-cv-595 (N.D. Tex.) ("*Miller* litigation"), filed by Defendants Thomas J. Vilsak and Zach Ducheneaux ("Defendants"). (Doc. 15). For the reasons set forth below, the Motion to Stay is denied.

## BACKGROUND

**I.   Kent's Case**

Plaintiffs are challenging Section 1005 of the American Rescue Plan Act of 2021 ("ARPA"). Section 1005 provides debt relief to "socially disadvantaged farmer[s] or rancher[s] as of January 1, 2021." (Doc. 1, p. 2). Plaintiffs bring this case to eliminate Section 1005's race-based preferences "[b]ecause Section 1005 excludes them from the loan assistance program because of their race . . . ." (*Id*. at p. 3).

To challenge Section 1005, Plaintiffs bring two claims against Defendants: Violation of the Fifth Amendment to the United States Constitution (Count I) and

Case 3:21-cv-00540-RST Document 24 Filed 11/10/21 Page 2 of 8 PageID #162
Case 1:21-cv-01085-RST Document 66-1 Filed 12/22/21 Page 2 of 8
PageID 1163

Violation of the Administrative Procedure Act ("APA") (Count II). On July 14, 2021, Defendants filed a Motion to Stay All Proceedings Pending A Resolution of the *Miller* litigation. (Doc. 15). Defendants note that Plaintiffs are members of the two classes certified by the court in *Miller* under Rule 23(b)(2), and "Defendants will be bound by any relief granted to the classes with respect to Plaintiffs should their equal protection claim prevail." (*Id*. at p. 2). Defendants contend that, "continued adjudication of Plaintiffs' claims in this Court, separate from the class to which they belong, would be unnecessarily duplicative and risk inconsistent results." (*Id*.). Defendants continue by arguing that a stay "would not prejudice Plaintiffs, who will be bound by and benefit from any judgment applicable to the classes, and in the meantime already have 'the protection' given by the injunctions entered by the *Miller* court and other courts." (*Id*.). According to Defendants, "[a] stay would also preserve judicial resources and prevent hardship to Defendants, who would otherwise be required to continue defending against duplicative claims in separate courts, many of which are being brought by these Plaintiffs' counsel." (*Id*.).

On July 14, 2021, Defendants also filed a Motion for Administrative Stay of Answer Deadline. (Doc. 16). Defendants respectfully requested that the Court enter an administrative stay to suspend the parties' upcoming deadlines pending resolution of Defendants' stay motion. On July 19, 2021, the Court granted Defendants' Motion for Administrative Stay of Answer Deadline. (Doc. 18).

Case 3:21-cv-00540-JRT Document 24 Filed 11/10/21 Page 3 of 8
Case 1:21-cv-01085-JRT Document 66-1 Filed 12/23/21 Page 3 of 8 PageID #163
PageID 1164

## II. *Miller* Litigation

In April 2021, Sid Miller filed a complaint in the Northern District of Texas. *See* Compl., *Miller*, 4:21-cv-595 (N.D. Tex. Apr. 26, 2021). The original *Miller* complaint challenged additional federal statutes that limit government aid to socially disadvantaged farmers and ranchers. By July 1, 2021, District Judge Reed O'Connor certified two classes and granted a preliminary injunction against Section 1005. (Doc. 15-1). Plaintiffs in this case, along with plaintiffs with cases pending in a dozen jurisdictions, are part of the certified class in the *Miller* litigation.

It was not until September 22, 2021, that the plaintiffs in the *Miller* litigation amended their complaint and narrowed their claims to challenge only Section 1005. *See* Notice of Update in Related Action, *Wynn v. Vilsack*, 3:21-CV-514 (M.D. Fla. Sept. 22, 2021). Briefing on the summary judgment motions will be completed by April 2022. *See* Response to Defendants' Notice of Supplemental Authority, *Wynn*, 3:21-CV-514 (M.D. Fla. Oct. 27, 2021).

### LEGAL STANDARD

"No mechanical rule governs the handling of overlapping cases." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999). "Judges sometimes stay proceedings in the more recently filed case to allow the first to proceed; sometimes a stay permits the more comprehensive of the actions to go forward." *Id.*

"A federal court is authorized to stay proceedings in a lawsuit before it because parallel proceedings are pending in another court, either federal or state." *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 851 (7th Cir. 2002) (citations omitted);

Case 3:21-cv-00540-HST Document 24 Filed 11/10/21 Page 4 of 8
Case 1:21-cv-01085-STA Document 66-1 Filed 12/24/21 Page 4 of 8 PageID #:164
PageID 1165

*see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket"). "The proponent of the stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708.

When ruling on a stay, "courts have considered the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Tap Pharm. Prod., Inc. v. Atrix Lab'ys, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004) (citing *Wireless Spectrum Techs., Inc. v. Motorola Corp.*, 2001 WL 32852 (N.D. Ill. Jan. 12, 2001)).

## ANALYSIS

### I. First-to-File Rule

The first-to-file rule does not apply here because this case is not duplicative of the *Miller* litigation. To be duplicative, cases must have "no significant difference between the claims, parties, and available relief." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993).

Here, the claims are different. In *Miller*, the plaintiffs are alleging the Department of Agriculture's racial exclusions violate the Title VI of the Civil Rights Act of 1964. *See Miller v. Vilsack*, 4:21-cv-595, (Sept. 22, 2021). Here, Plaintiffs allege a violation of the Fifth Amendment to the Constitution (Count I) and a violation of the Administrative Procedure Act (Count II).

Besides the difference in claims, the plaintiffs in the *Miller* litigation are not naming the Administrator of the FSA as a defendant. Here, Plaintiffs note that the "FSA is the

entity that provided Plaintiffs' loans and possesses the relevant paperwork, Plaintiffs believe that FSA and its officers could prove to be a valuable source of factual information." (Doc. 21, p. 11). This is a significant difference in the cases as counsel in *Miller*, according to Plaintiffs, does not believe that factual discovery is necessary. (*Id.*).

Further, the plaintiffs in the *Miller* litigation are not seeking nominal damages. This is also significant because a change in the Section 1005 program may moot the *Miller* litigation, while nominal damages my prevent mootness in this case. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021). Accordingly, the Court will not apply the first-to-file rule.

## II.     Merits of Motion to Stay

Seven district courts that have granted the Department of Justice ("DOJ") stays pending a resolution of the *Miller* litigation. *See Faust v. Vilsack*, 2021 WL 4295769 (E.D. Wis. Aug. 23, 2021); *Joyner v. Vilsack*, 2021 WL 3699869 (W.D. Tenn. Aug. 19, 2021); *Dunlap v. Vilsack*, 2021 WL 4955037 (D. Or. Sept. 21, 2021); *Carpenter v. Vilsack*, 0:21-CV-103 (D. Wyo. Aug. 16, 2021); *McKinney v. Vilsack*, 2:21-00212 (E.D. Tex. Aug 30, 2021); *Nuest v. Vilsack*, 0:21-cv-01572 (D. Minn. Aug 24, 2021); *Tiegs v. Vilsack*, 3:21-cv-00147 (D.N.D., September 7, 2021).

Four other district courts, including the undersigned, have yet to rule or have denied the DOJ's motions for stay pending resolution of the *Miller* litigation. *Holman v. Vilsack*, 2021 WL 3354169 (W.D. Tenn. Aug. 2, 2021) (denying stay, but later reconsidering its decision and staying discovery and all other deadlines while the court considers the Government's motion to dismiss the two additional claims in that case that are not at

issue in the class action); *Wynn v. Vilsack*, 3:21-CV-514 (M.D. Fla. July 27, 2021) (denying the Government's motion for an administrative stay pending resolution of the Government's stay motion, and noting that "this case remains active and the parties are expected to proceed as previously directed"); *Rogers v. Vilsack*, 1:21-cv-1779 (D. Colo) (not yet ruling on motion to stay).

### A. *Unduly Prejudice or Tactically Disadvantage to the Non-Moving Party*

A deeper analysis of the *Miller* litigation reveals that staying this case any longer will unduly prejudice and tactically disadvantage Plaintiffs. Judge Reed O'Connor—the district judge presiding in the *Miller* litigation—recognized this prejudice in his order denying Plaintiff's Motion to Opt Out of the Certified Classes:

> [Plaintiffs] argue that their interests are not completely aligned with the class representatives in this case and that denying them the opportunity to opt out would prejudice their other claims. *Movants may be correct, but those arguments are better directed to the courts responsible for staying Movants' cases. See Holman v. Vilsack*, No. 1:21-cv-1085, 2021 WL 3354169, at *2 (W.D. Tenn. Aug. 2, 2021) (denying the government's stay application in part because "the interests of the Miller plaintiffs are not completely aligned with Plaintiff's interests").

(Doc. 23-1, pp. 4-5) (emphasis added). Besides the Northern District of Texas recognizing prejudice to Plaintiffs, staying the case forces the manner in which Plaintiffs challenge Section 1005.

The Court also notes that Plaintiffs will continue to be delayed if the Court stays the case pending the *Miller* litigation. For example, in *Wynn v. Vilsack*, No. 3:21-CV-514 (M.D. Fla.), farmers from Florida, represented by the same counsel in this case, brought a complaint in May 2021 challenging Section 1005. Like the claims in this

Case 3:21-cv-00540-JRS Document 24 Filed 11/10/21 Page 7 of 8
Case 1:21-cv-01085-STA Document 16-1 Filed 12/27/21 Page 7 of 8 PageID 1167
PageID 1168

case, the plaintiffs in *Wynn* are brining two claims: violation of the Fifth Amendment to the Constitution (Count I) and a violation of the Administrative Procedure Act (Count II). Despite the fact that *Wynn* was filed in a month after the complaint in *Miller*, dispositive motions are due by January 6, 2022—while dispositive motions in *Miller* will not be completed until April 2022. *See* Response to Defendants' Notice of Supplemental Authority, *Wynn*, 3:21-CV-514 (M.D. Fla. Oct. 27, 2021). For these reasons, the Court finds that Plaintiffs will be unduly prejudiced if the Court stays this case any longer.

### B. *Simplifying the Issues in Question*

Defendants do not address whether a stay will simplify the issues in question. Rather, Defendants argue that "if the plaintiff class succeeds in its equal protection challenge to Section 1005 in *Miller* but Plaintiffs lose their claim here (or vice versa), Defendants would be subject to conflicting judgments concerning the constitutionality of Section 1005 and, importantly, their obligations toward these Plaintiffs." (Doc. 15, p. 7). This argument is not persuasive because four courts have granted preliminary relief against Section 1005. *See Wynn*, 2021 WL 2580678 (preliminary injunction); *Faust*, 2021 WL 2409729 (temporary restraining order); *Holman*, 2021 WL 2877915; and *Miller*, 4:21-cv-00595 (N.D. Tex. July 1, 2021). These judgments are not conflicting; instead, they appear to be consistent with one another.

### C. *Reducing the Burden of Litigation on the Parties and on the Court*

Defendants continue noting that "[s]taying this case pending resolution of the class challenge to Section 1005 in *Miller* would promote judicial efficiency by avoiding this risk of such contradictory outcomes." (Doc. 15, p. 7). Plaintiffs have the better

argument. Plaintiffs note that "[r]ather than simplify the issues or streamline trial, a stay would simply outsource the litigation to the Northern District of Texas." (Doc. 21, p. 15). "As a result, a stay would prevent the question of Section 1005's constitutionality from percolating among the federal courts." (*Id.*).

Not only have Defendants failed to explain how a ruling in *Miller* would reduce the burden of litigation on this Court, but also while the Court is waiting on the *Miller* litigation to be resolved, a change in the Section 1005 program may moot the *Miller* litigation. This would not reduce the burden on the Court because Plaintiffs' case would not be moot as they seek nominal damages. *See Uzuegbunam*, 141 S. Ct. at 802.

## Conclusion

For these reasons, the Court **DENIES** the Motion to Stay Pending A Resolution of Related Class Action, *Miller v. Vilsack*, 4:21-cv-595 (N.D. Tex.) filed by Defendants Thomas J. Vilsak and Zach Ducheneaux (Doc. 15). Defendants' answer is due on or before **December 8, 2021**.

A telephonic status conference will be set by separate Order to discuss the parties' discovery needs and the possibility of an expedited scheduling order.

**IT IS SO ORDERED.**

DATED: November 10, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**