# Exhibit 1

*Order Granting Defendants' Motion to Stay Proceedings*
*ECF No. 84, Wynn v. Vilsack, No. 1:21-cv-514 (M.D. Fla.)*
*December 7, 2021*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SCOTT WYNN, an individual,

    Plaintiff,

v.                                              Case No. 3:21-cv-514-MMH-LLL

THOMAS J. VILSACK, in his
official capacity as U.S. Secretary of
Agriculture and ZACH
DUCHENEAUX, in his official
capacity as Administrator, Farm
Service Agency,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Stay Proceedings Pending Resolution of Related Class Action (Doc. 44; Motion), filed on July 12, 2021. Plaintiff filed a response in opposition to the Motion on July 26, 2021. See Plaintiff's Opposition to Defendants' Motion to Stay Proceedings (Doc. 49; Response). On August 30, 2021, Defendants filed a reply in support of the Motion, and Plaintiff filed a surreply on September 7, 2021. See Defendants' Reply in Support of Motion to Stay Proceedings (Doc. 59; Reply); Plaintiff's Surreply in Response to Motion to Stay Proceedings (Doc. 61; Surreply). Plaintiff and Defendants have also filed a number of notices of

supplemental authority (Docs. 47, 53-55, 60, 62-63, 66, 72, 73, 75) regarding the issues presented in the Motion. Upon review and for the reasons set forth below, the Court finds that the Motion is due to be granted.

## I.     Background

On May 18, 2021, Plaintiff Scott Wynn initiated this action challenging the constitutionality of section 1005 of the American Rescue Plan Act of 2021. See Complaint (Doc. 1). According to Defendants, this case is one of twelve such cases pending in district courts across the country. See Motion at 3-4 (listing cases). Wynn appears to have been the third plaintiff to file suit, behind Miller v. Vilsack, Case No. 4:21-cv-595 (N.D. Tex. filed Apr. 26, 2021) and Faust v. Vilsack, Case No. 1:21-cv-548 (E.D. Wis. filed Apr. 29, 2021). On May 25, 2021, Wynn moved for a preliminary injunction and after substantial briefing and a hearing, the Court granted the motion on June 23, 2021, enjoining Defendants from issuing any payments, loan assistance, or debt relief pursuant to section 1005(a)(2). See Order (Doc. 41). Although the Faust court had previously entered a temporary restraining order, see Faust, No. 1:21-cv-548, ECF No. 21 (E.D. Wis. entered June 10, 2021), this Court was the first to enter a preliminary injunction regarding section 1005. Significantly, following this Court's Order, the Miller court also issued an injunction and further, certified a nationwide class action on the claims challenging the constitutionality of section 1005. See Miller, No. 4:21-cv-595-O, ECF. No. 60

- 2 -

at 23-24 (N.D. Tex. entered July 1, 2021). On September 3, 2021, Wynn, with others, filed a motion requesting that the <u>Miller</u> court allow him to opt out of the certified class or alternatively, that it amend the class certification order to exclude Wynn. <u>See</u> <u>Miller</u>, Case No. 4:21-cv-595, ECF No. 78 (N.D. Tex. filed Sept. 3, 2021) (Motion to Opt Out of Certified Classes or, in the Alternative, to Amend Class Certification Order). The <u>Miller</u> court denied this request in an order entered October 13, 2021. <u>Id.</u>, ECF No. 100 (N.D. Tex. entered Oct. 13, 2021). Thus, it is undisputed that, at this time, Wynn remains a member of the certified class in <u>Miller</u>.

In the instant Motion, Defendants assert that "continued adjudication of Plaintiff's claim in this Court, separate from the class to which he belongs, would be unnecessarily duplicative and risk inconsistent results." <u>See</u> Motion at 2. In addition, Defendants maintain that because the proceedings in this case and <u>Miller</u> are just commencing, a stay will not prejudice Plaintiff who will "be bound by and benefit from any final judgment applicable to the classes." <u>Id.</u> Defendants further contend that a stay is warranted because it will preserve judicial resources and prevent hardship to Defendants. <u>Id.</u> at 2-3. In the Response, Plaintiff asserts that the request should be denied because Defendants seek an "immoderate" stay with "no defined end date." <u>See</u> Response at 2. Plaintiff contends that a stay will deprive him of his "ability to press his claims with his chosen counsel in this Court." <u>Id.</u> Plaintiff further

- 3 -

maintains that Defendants fail to show that they will suffer undue hardship if required to proceed with this case because Defendants have already expended substantial resources on this case and the parties do not expect significant discovery. Id. at 14-15. Likewise, Plaintiff asserts that a stay will not further judicial economy given the substantial time and effort already invested in this action as a result of the preliminary injunction proceedings. Plaintiff also maintains that the appellate courts would benefit from allowing the significant issues raised in these related actions to percolate through the federal courts. Id. at 15-18.

**II.   Discussion**

When parties have instituted competing or parallel litigation in separate courts, courts apply the "first-filed rule" which provides that "the court initially seized of the controversy should hear the case." Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 78 (11th Cir. 2013) (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982)). Indeed, "'[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.'" Id. (quoting Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005)). "The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings." Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1316

(M.D. Fla. 1998). The party objecting to jurisdiction in the first-filed forum bears the "burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Manuel, 430 F.3d at 1135; see also Merrill Lynch, 675 F.2d at 1174 ("In [the] absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

Significantly, "[t]he Court has 'broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court.'" Navisiontech, Inc. v. Pet Specialties, LLC, No. 8:18-cv-2643-MSS-JSS, 2019 WL 13020776, at *2 (M.D. Fla. July 8, 2019) (quoting Glover v. Philip Morris USA, 380 F. Supp. 2d 1279, 1285 (M.D. Fla. 2005)). Nevertheless, "'[c]ourts applying this rule generally agree that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed.'" See id. (quoting Martin v. Akers Bioscience, Inc., No. 8:14-CV-2835-T-33TGW, 2014 WL 7225412, at *3 (M.D. Fla. Dec. 17, 2014)). Indeed, "[t]he first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred

and consolidated." See Collegiate Licensing Co., 713 F.3d at 78 (citing Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971)).[1]

The Miller class action and this case involve substantially overlapping issues, namely, whether section 1005 of the American Rescue Plan Act is unconstitutional. Although there are slight distinctions in the ancillary claims raised in each action, the central issue and character of each suit is the same. See Collegiate Licensing, 713 F.3d at 79 ("A first-filed analysis looks to the character of the suits . . . ."). Notably, complete identity of the issues is not required for the first-filed rule to apply. See MRB Acquisition Corp. v. Scooter Store, Inc., No. 6:09-cv-346-Orl-18KRS, 2009 WL 10670891, at *2 (M.D. Fla. Aug. 10, 2009) ("The first-filed rule requires only overlapping issues; it does not require identical issues."). Moreover, at present, Wynn is a member of the class certified by the court in the Miller case such that he will be bound by any final judgment entered in that case. See Juris v. Inamed Corp., 685 F.3d 1294, 1312 (11th Cir. 2012) ("Class action judgments will typically bind all members of the class."); see also Devlin v. Scardelletti, 536 U.S. 1, 10-11 (2002) (explaining that nonnamed class members were "parties to the proceedings in the sense of being bound by the settlement"). In addition, the cases share an

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

overlapping Defendant—Tom Vilsack, in his official capacity as the Secretary of Agriculture. As such, the Court finds that the parties substantially overlap in these two cases as well. Thus, a straightforward application of the first-filed rule would appear to support entry of a stay in this case.

The Court acknowledges that this case presents an unusual application of the first-filed rule because the parallel case here is a class action of which Wynn is merely a member. However, "'[m]ultiple courts of appeal[]' have approved the practice of staying a case, or dismissing it without prejudice, 'on the ground that the plaintiff is a member of a parallel class action.'" See Richard K. v. United Behavioral Health, No. 18-CV-6318 (GHW) (BCM), 2019 WL 3083019, at *7 (S.D.N.Y. June 28, 2019) (quoting Jiaming Hu v. U.S. Dep't of Homeland Sec., Case No. 4:17-cv-02363-AGF, 2018 WL 1251911, at *4 (E.D. Mo. Mar. 12, 2018) (collecting cases)) adopted by 2019 WL 3080849, at *1 (S.D.N.Y. July 15, 2019); see also Baatz v. Columbia Gas Transmission, LLC, 814 F.3d 785, 790-91, 795 (6th Cir. 2016); Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist., 112 F. App'x 89, 91 (2d Cir. 2004) (affirming dismissal because plaintiffs' "allegations against the State duplicated claims that had been included in separate class actions against the State, and the [plaintiffs] were members of those classes"). As aptly explained by the Eighth Circuit Court of Appeals in Goff v. Menke, 672 F.2d 702 (8th Cir. 1982):

> After rendition of a final judgment, a class member is ordinarily bound by the result of a class action. . . . If a class member cannot relitigate issues raised in a class action after it has been resolved, a class member should not be able to prosecute a separate equitable action once his or her class has been certified.

See Goff, 672 F.2d at 704. Wynn attempts to distinguish this line of authority by arguing that he has moved more promptly than the individual plaintiffs in those cases, but even so, the salient facts remain the same: Wynn is a member of a certified class, the class action was filed before Wynn's case, the issues are substantially the same, and Wynn will be bound by any judgment entered in the class action.[2]

In his Response, Wynn also maintains that the Court should decline to apply the first-filed rule based on equitable concerns. See id. Specifically, Wynn contends that the first-filed rule should not apply to this action because, although Miller is chronologically the first-filed case, the plaintiff in Miller lacked standing at the time the suit was initiated. Id.[3] Wynn also maintains

---

[2] The Court is not persuaded by Wynn's argument that "[t]here is no risk of inconsistent judgments" because res judicata principles will govern. See Surreply at 2. Wynn recognizes that if this Court enters judgment first then "a subsequent judgment in Miller would not bind Mr. Wynn," but if the Miller court rules first then Wynn "would likely be bound to the judgment in Miller . . . ." Id. Wynn's argument presupposes that absent a stay, this Court will necessarily be the first to enter judgment. But such an outcome is far from certain and if the Miller court rules first, then the time, effort, and resources expended in this action would largely be for naught. Thus, litigating this case while Wynn remains a member of the Miller class will require this Court to rush to judgment, not based on the expediencies of the case, but to avoid claim and issue preclusion. This Court declines Wynn's invitation to enter a race to judgment with the Miller court in an attempt to avoid preclusion.

[3] Whether the original Miller plaintiff had standing when the suit was filed is a legal question that was not raised or adjudicated in the Miller action. And while Wynn argues that

- 8 -

Case 1:21-cv-01085-STA-jay Document 67 Filed 12/02/21 Page 9 of 10 PageID 1181
Case 2:21-cv-01085-STA-jay Document 84 Filed 12/07/21 Page 10 of 12 PageID 1183
PageID 1181

that he will suffer prejudice by being forced to litigate his claims through the class action. Id. at 10-13. However, in light of the Miller court's determination that Wynn should remain a member of the class, the Court is not persuaded that Wynn's arguments warrant an exception to the first-filed rule here.[4] Indeed, the courts in nearly all of the related cases have rejected similar arguments and found it appropriate to grant a stay. See Dunlap v. Vilsack, No. 2:21-cv-942-SU, ECF No. 42 (D. Or. Sept. 21, 2021); Tiegs v. Vilsack, No. 3:21-cv-147, ECF No. 20 (N.D. Sept. 7, 2021); McKinney v. Vilsack, No. 2:21-00212-RWS, ECF No. 40 (E.D. Tex. Aug 30, 2021); Faust v. Vilsack, No. 21-C-548, ECF No. 66 (E.D. Wisc. Aug. 20, 2021); Joyner v. Vilsack, No. 21-1089-STA-jay, ECF No. 21 (W.D. Tenn. Aug. 19, 2021); Carpenter v. Vilsack, No. 21-CV-103, ECF No. 33 (D. Wyo. Aug. 16, 2021); cf. Kent v. Vilsak, No. 3:21-cv-

---

the Court "should not reward such tactics," see Surreply at 9, he fails to acknowledge that this "tactic," to the extent that it is one, was not entirely Defendants' doing.

[4] The Court acknowledges that in its order denying Wynn's opt-out request, the Miller court appears to suggest that a stay may not be appropriate in all the individual cases and points to Holman v. Vilsack where the court denied the government's request for a stay in part because "the interests of the Miller plaintiffs are not completely aligned with [Holman's] interests . . . ." See Holman, No. 1:21-cv-1085-STA-jay, 2021 WL 3354169, at *2 (W.D. Tenn. Aug. 2, 2021). However, unlike the plaintiff in Holman, Wynn has not shown that his interests are in actual conflict with those of the Miller class. Indeed, he concedes that they seek similar remedies. See Surreply at 6. Moreover, even the Holman court has now, at least temporarily, stayed discovery and case deadlines. Specifically, on October 22, 2021, the Holman court entered an order staying the matter pending resolution of the government's motion to dismiss regarding the two claims in that case that are distinct from the class action. See Holman, No. 1:21-cv-1085-STA-jay, ECF No. 59 (W.D. Tenn. entered Oct. 22, 2021) (Order Partially Granting Defendants' Motion for Reconsideration). Thus, neither the Miller court's recent decision nor the Holman case support the entry of a stay in this matter.

- 9 -

540-NJR, ECF No. 26 (S.D. Ill. Nov. 10, 2021); Holman v. Vilsack, No. 21-cv-01085-STA-jay, 2021 WL 3354169 (W.D. Tenn. Aug. 2, 2021).  The undersigned does not find it necessary to re-plow the same ground already addressed in those decisions.  Given the substantial overlap between this case and the Miller class action, the Court finds that in the interests of comity and judicial economy and to avoid conflicting judgments as to Wynn, this action should be stayed pending the outcome of the class action in Miller, the first-filed suit.  Accordingly, for the reasons set forth above and addressed in the related cases, the Court will exercise its discretion to grant the Motion and stay these proceedings.  Wynn may move to lift the stay upon entry of final judgment in the Miller class action or if Wynn is successful in convincing the Miller court that he should be removed from the class.[5]  In light of the foregoing, it is

**ORDERED:**

---

[5] Because Wynn is a member of the certified class in Miller, the Court finds that this case is governed by the first-filed rule which applies when parallel cases are pending in the federal courts.  As such, Wynn's reliance on Eleventh Circuit precedent prohibiting "immoderate" stays where the subject cases are not both pending in federal court or do not involve overlapping issues and parties, is inapposite. Cf. Ortega Trujillo v. Conover & Co. Comm'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (discussing an "immoderate" stay pending the outcome of litigation in the Bahamas); see also Landis v. N. Am. Co., 299 U.S. 248, 253-55 (1936) (addressing the power to grant a stay where the parties were not the same); Garmendiz v. Capio Partners, LLC, No. 8:17-cv-987-EAK-AAS, 2017 WL 3208621, at *2-3 (M.D. Fla. July 26, 2017) (denying defendant's request for a stay pending outcome of an appeal concerning a related issue but not the same parties).  Nevertheless, the stay in this case is not immoderate because it is subject to reasonable limits—Wynn may move to lift the stay upon entry of a final judgment in Miller or if at any point he is no longer a member of the Miller class.

1. Defendants' Motion to Stay Proceedings Pending Resolution of Related Class Action (Doc. 44) is **GRANTED.**

2. This case is **STAYED** pending resolution of the class action claims of which Plaintiff Scott Wynn is a member in <u>Miller v. Vilsack</u>, Case No. 4:21-cv-595 (N.D. Tex. filed Apr. 26, 2021).

3. Plaintiff may move to lift the stay upon entry of final judgment in the <u>Miller</u> class action or if Wynn is removed from the class.

4. Defendants shall file a status report with this Court on **January 7, 2022**, and every **120** days thereafter, advising the Court of the status of the <u>Miller</u> proceedings.

5. The Clerk of the Court is **directed** to terminate any pending motions and administratively close the case.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of December, 2021.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

- 11 -