IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLMAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01085 |
| | ) |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and, | ) JUDGE ANDERSON ) ) MAGISTRATE JUDGE YORK |
| | ) |
| ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, | ) ) ) |
| | ) |
|    Defendants. | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 33, Plaintiff Robert Holman (Plaintiff), through counsel, hereby submits his first set of Interrogatories to Defendants Thomas J. Vilsack, in his official capacity as Secretary of the United States Department of Agriculture, and Zach Ducheneaux, in his official capacity as Administrator of the Farm Service Agency (Defendants). Plaintiff respectfully requests that Defendants fully and completely respond to the following discovery requests by serving their answers on Braden H. Boucek, Southeastern Legal Foundation 560 W. Crossville Road, Suite 104, Roswell, GA 30075, within thirty days after service of these interrogatories.

**INSTRUCTIONS**

A.    Each interrogatory shall be answered separately and fully in writing and shall be signed in accordance with Fed. R. Civ. P. 33(b)(3).

1

**EXHIBIT 1**

B.     In responding to these interrogatories, Defendants' responses are to be based upon knowledge, facts, information, documents, and things in their custody, control, or possession, or that are otherwise available to Defendants and/or their agents, employees, directors, and representatives (including accountants and attorneys, and their agents and investigators).

C.     Pursuant to Fed. R. Civ. P. 26(e), Defendants have a duty to supplement their responses to these interrogatories in a timely manner if further information is obtained between the time of the Defendants' responses and the time of the trial. Defendants shall serve any supplemental responses on the Plaintiff's attorney within a reasonable time after discovery of such information, allowing the Plaintiff sufficient time to complete any additional discovery required by such information prior to the time of trial and prior to any discovery deadlines imposed by Court order.

D.     To the extent that any interrogatory is not answered fully, is objected to, or a privilege is claimed or asserted in whole or part, state the reason for not fully answering, the precise privilege, objection, or reason for withholding or not producing, and such other information necessary for a court to assess the reason therefore; and answer the portion of the interrogatory for which no privilege or objection is claimed or asserted.

## DEFINITIONS

A.     The terms "Defendants," or "you" or "your" shall refer to Defendants Thomas J. Vilsack, in his official capacity as Secretary of the United States Department of Agriculture (USDA), and Zach Ducheneaux, in his official capacity as Administrator of the Farm Service Agency (FSA), together with their associates, employees, agents, and representatives.

B.     The term "Plaintiff" shall refer to the named Plaintiff.

C.     "Complaint" means the Complaint filed in this matter.

D. As used herein, the term "document" means, in addition to its natural meaning, but without limitation, any and all letters, correspondence, electronic mail, memoranda, notes, work papers, studies, plats, films, tapes, charts, reports, books, ledgers, sketches, photographs, designs, applications, financial statements, contracts, agreements, files, and any and all other writings, typings, printings, CDs, floppy disks, drafts or copies of reproductions thereof, irrespective of form, in your possession, custody or control.

E. The term "document" shall also include:

  a. A copy of the original document when the original document is not in the possession, custody, or control of Defendants, its attorney(s), or other agent(s); and,

  b. Every copy of a document (1) where such copy is not an identical duplicate of the original, or (2) where such copy contains notations not contained on the original or other copies.

F. As used herein, the terms "communicate," "communication," or "communications" mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including but not limited to correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

G. As used herein, the terms "person" or "persons" includes any natural person, firm, proprietorship, partnership, joint venture, corporation, association, or other business entity and all present and former officers, directors, agents, employees, and others acting or purporting to act on behalf of such natural person, firm, proprietorship, joint venture, corporation, association, or other business entity.

3

H. The terms "relate" or "related to" shall include and be interpreted as meaning pertaining to, recording, evidencing, refuting, constituting, containing, setting forth, reflecting, showing, disclosing, describing, analyzing, explaining, summarizing, concerning or referring to, whether directly or indirectly, whether in whole or in part.

I. The words "and," "and/or" and "or" shall each be deemed to refer to both their conjunctive and disjunctive meanings, so as to include any information within the scope of any of the requests in which it is contained. The words "each" and "any" shall mean "each and every" as well as "any one."

J. "The words "identify" or "identity" shall mean, when used in reference to:

    a. A natural persons(s), to state;
        i. The full name of each person;
        ii. His/her present or last known business address and telephone number; and
        iii. His/her present or last known residential address and telephone number.

    b. An organization to state:
        i. The full name and type of organization;
        ii. The address of the organization's principal places of business; and
        iii. The address of an organization's headquarters; and

    c. A document, to state:
        i. Its type (*e.g.,* letter, report, memorandum, etc.);
        ii. Its date;
        iii. Its subject matter;
        iv. The identity of each author or signer; and
        v. Its present location and identity of its custodian.

K. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and

vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

## INTERROGATORIES

1. Identify any and all evidence that were not specifically referenced by you in *Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction* (ECF No. 31) that you intend to offer or rely upon at the trial of this matter.

2. If your response to any Request for Admission is anything other than an unqualified admission, please state the basis or bases in fact upon which you relied.

3. State with specificity how USDA and FSA determine whether an individual is covered by Section 1005 due to his or her race, including the definitions of each racial group covered by Section 1005.

4. Is race an immutable, biological characteristic?

5. Are individuals of mixed-race ancestry, at least one race of which is covered by the USDA's definition of socially disadvantaged farmer or rancher, eligible for payment under § 1005?

6. If the answer to Interrogatory 5 is yes, how many generations in the past may an ancestor covered by the USDA's definition of socially disadvantaged farmer or rancher be, in order for an individual who is a descendant of that ancestor to presently maintain eligibility under § 1005.

7. State with specificity any measures that USDA and FSA are using to determine whether individuals are reporting their race in accordance with USDA and FSA's definitions or other measures to determine an individual's race.

5

8. State with specificity any other racial groups not covered by Section 1005 besides whites/Caucasians.

9. State with specificity the dollar amount of funds appropriated or otherwise transferred or moved from the U.S. Treasury to USDA or FSA in order implement § 1005(a)(1) of ARPA.

10. State with specificity the dollar amount you received in interest payments from direct loans in FY2021 (to date); FY2020; and FY2021.

11. State with specificity the dollar amounts necessary to administer § 1005(a)(1) ARPA, including, but not limited to, the cost in employee Personnel, Compensation, and Benefits, contractors, technological improvements, and other expenses or costs.

12. State with specificity the dollar amount obtained by FSA or USDA, resulting from property that you sold, that was pledged as collateral from direct loans in FY2020, FY2019, and FY2018.

13. State with specificity the dollar amount you recouped in Disaster Set-Aside payments and Primary Loan Servicing on direct loans in FY2020, FY2019, and FY2018.

14. State with specificity how the loss ratio for direct or guaranteed loans affects your proposed budget appropriation?

15. How many loan service agents have been subjected to an adverse employment action for discriminating against socially disadvantaged farmers or ranchers in a lending decision within the last ten years?

16. What evidence, if any, do you have to demonstrate that socially disadvantaged farmers and ranchers with current loans have been discriminated against in the administration of the farm loan programs?

6

17. What are all the factors you consider when determining interest rates to set for direct loans?

18. Identify all documents that were not specifically referenced by you in *Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction* (ECF No. 31) that you relied upon in responding to *Plaintiff's First Set of Interrogatories to Defendants* or *Plaintiff's First Set of Requests for Admission to Defendants*.

Dated: September 28, 2021.                                    Respectfully submitted,

                                                              /s/ B. H. Boucek
                                                              BRADEN H. BOUCEK
                                                              TN BPR No. 021399
                                                              Southeastern Legal Foundation
                                                              560 W. Crossville Road, Suite 104
                                                              Roswell, GA  30075
                                                              Telephone: (770) 977-2131
                                                              bboucek@southeasternlegal.org
                                                              Counsel for plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01085 |
| | ) |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and, | ) JUDGE ANDERSON<br>)<br>) MAGISTRATE JUDGE YORK |
| | ) |
| ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, | )<br>)<br>) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34, Plaintiff Robert Holman (Plaintiff), through counsel, hereby submits his first set of Requests for Production of Documents to Defendants Thomas J. Vilsack, in his official capacity as Secretary of the United States Department of Agriculture, and Zach Ducheneaux, in his official capacity as Administrator of the Farm Service Agency (Defendants). Plaintiff respectfully requests that Defendants fully and completely respond to the following discovery requests by serving their responses on Braden H. Boucek, Southeastern Legal Foundation, 560 W. Crossville Road, Suite 104, Roswell, GA 30075, within thirty days after service of these requests.

1

## INSTRUCTIONS

A.  If any document cannot be provided, please respond to the fullest extent possible specifying the reason for your inability to produce the entirety of the documents requested.

B.  Documents and things shall be organized, labeled or otherwise identified by a numbering system sufficient to identify which documents and things are responsive to each Request for Production.

C.  Pursuant to Fed. R. Civ. P. 26(e), Defendants have a duty to supplement their responses to these requests for production in a timely manner if further information or documents is obtained between the time of the Defendants' responses and the time of the trial. Defendants shall serve any supplemental responses on the Plaintiff's attorney within a reasonable time after discovery of such information, allowing the Plaintiff sufficient time to complete any additional discovery required by such information prior to the time of trial and prior to any discovery deadlines imposed by Court order.

D.  To the extent that any request is not answered fully, is objected to, or a privilege is claimed or asserted in whole or part, state the reason for not fully answering, the precise privilege, objection, or reason for withholding or not producing, and such other information necessary for a court to assess the reason therefore; and respond to the portion of the request for which no privilege or objection is claimed or asserted.

## DEFINITIONS

A.  The terms "Defendants," or "you" or "your" shall refer to Defendants Thomas J. Vilsack, in his official capacity as Secretary of the United States Department of Agriculture (USDA), and Zach Ducheneaux, in his official capacity as Administrator of the Farm Service Agency (FSA), together with their associates, employees, agents, and representatives.

B.  The term "Plaintiff" shall refer to the named Plaintiff.

C.  "Complaint" means the Complaint filed in this matter.

D.  As used herein, the term "document" means, in addition to its natural meaning, but without limitation, any and all letters, correspondence, electronic mail, memoranda, notes, work papers, studies, plats, films, tapes, charts, reports, books, ledgers, sketches, photographs, designs, applications, financial statements, contracts, agreements, files, and any and all other writings, typings, printings, CDs, floppy disks, drafts or copies of reproductions thereof, irrespective of form, in your possession, custody or control.

E.  The term "document" shall also include:

   a. A copy of the original document when the original document is not in the possession, custody, or control of Defendants, its attorney(s), or other agent(s); and,

   b. Every copy of a document (1) where such copy is not an identical duplicate of the original, or (2) where such copy contains notations not contained on the original or other copies.

F.  As used herein, the terms "communicate," "communication," or "communications" mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made including but not limited to correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

G.  As used herein, the terms "person" or "persons" includes any natural person, firm, proprietorship, partnership, joint venture, corporation, association, or other business entity and all present and former officers, directors, agents, employees, and others acting or purporting to act on

3

behalf of such natural person, firm, proprietorship, joint venture, corporation, association, or other business entity.

H. The terms "relate" or "related to" shall include and be interpreted as meaning pertaining to, recording, evidencing, refuting, constituting, containing, setting forth, reflecting, showing, disclosing, describing, analyzing, explaining, summarizing, concerning or referring to, whether directly or indirectly, whether in whole or in part.

I. The words "and," "and/or" and "or" shall each be deemed to refer to both their conjunctive and disjunctive meanings, so as to include any information within the scope of any of the requests in which it is contained. The words "each" and "any" shall mean "each and every" as well as "any one."

J. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

## REQUESTS FOR PRODUCTION

1. Produce all documents or information that Congress relied upon when determining that § 1005 was appropriate legislation to respond to historic discrimination against members of the following racial groups:

- Black/African American
- American Indian or Alaskan native
- Hispanic or Latino
- Asian American or Pacific Islander.

4

2. Produce all documents or information that Congress relied upon when determining that § 1005 was inappropriate to respond to historic discrimination against members of the following racial groups: whites or Caucasians.

3. Produce all documents or information you relied upon in responding to interrogatories, requests for admission, or requests for production.

4. Produce all documents or information supporting the contention, made before the Court at oral argument on the preliminary injunction motion on June 29, 2021, that the amount of funds that may be spent as part of Section 1005, is not limited to approximately $4 billion, and is in fact sufficient to cover every FSA loan.

5. Produce all documents or information supporting the contention, made before the Court at oral argument on the preliminary injunction motion on June 29, 2021, that Congress relied on evidence of lingering effects of discrimination in enacting Section 1005, other than evidence you referenced at oral argument.

6. Produce all documents or information supporting the contention, made before the Court at oral argument on the preliminary injunction motion on June 29, 2021, that past Congressional efforts to address the USDA's history of discrimination were inadequate or ineffective, other than evidence you referenced at oral argument.

7. Produce all documents or information of current discrimination within the USDA against socially disadvantaged farmers or ranchers.

8. Produce all documents or information indicating adverse employment actions taken against loan service agents for discriminating against socially disadvantaged farmers or ranchers in lending decisions within the last ten years.

9. If your response to Request for Admission No. 12 is anything other than an unqualified admission, please produce all documents that support your contention that loan payments provided under § 1005 of ARPA will not constitute "debt forgiveness" as defined by 7 U.S.C. § 1991(a)(12).

10. Produce all published or written statements prepared or delivered by either Defendant, whether to Congress, a committee of one house of Congress, or to any other body or group or individual, regarding Section 1005.

11. If your response to Request for Admission No. 13 is anything other than an unqualified admission, produce all documents that support your contention that loan payments provided under § 1005 of ARPA will not result in a loss to the Secretary of the USDA through writing down or writing off a loan.

12. Produce all internal memoranda, presentations, press releases, or other documents in your possession, custody, or control, whether or not they support your contentions in this litigation, addressing the meaning of "loss to the Secretary," as used in the Federal Agriculture Improvement and Reform Act of 1996.

13. If your response to Request for Admission No. 16 is anything other than an unqualified admission, produce all documents that support your contention that U.S. Treasury funds will completely pay off socially disadvantaged farmers' and ranchers' eligible loans under § 1005 of ARPA.

14. If your response to Request for Admission No. 17 is anything other than an unqualified admission, produce all documents that support your contention that U.S. Treasury funds will completely pay for all costs associated with the loan repayment program established by § 1005 of ARPA.

15. If your response to Request for Admission No. 18 is anything other than an unqualified admission, produce all documents that support your contention that the funds appropriated to you pursuant to § 1005(a)(1) of ARPA will be replenished once the funds are expended.

16. Produce all documents that were not specifically referenced by you in *Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction* (ECF No. 31) that you relied upon in responding to *Plaintiff's First Set of Interrogatories to Defendants* or *Plaintiff's First Set of Requests for Admission to Defendants*.

17. Produce all documents that were not specifically referenced by you in *Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction* (ECF No. 31) that you intend to offer or rely upon at the trial of this matter.

18. Produce all documents relied upon by any expert witness you intend to call at the trial of this matter to support the opinions he/she will offer in this case.

Dated: <u>September 28, 2021</u>.                         Respectfully submitted,

                                                     s/ B. H. Boucek
BRADEN H. BOUCEK
TN BPR No. 021399
Southeastern Legal Foundation
560 W. Crossville Road, Suite 104
Roswell, GA  30075
Telephone: (770) 977-2131
bboucek@southeasternlegal.org
Counsel for plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01085 |
| | ) |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and, | ) JUDGE ANDERSON<br>)<br>) MAGISTRATE JUDGE YORK |
| | ) |
| ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, | )<br>)<br>) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS**

Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 36, Plaintiff Robert Holman (Plaintiff), through counsel, hereby submits his first set of Requests for Admission to Defendants Thomas J. Vilsack, in his official capacity as Secretary of the United States Department of Agriculture, and Zach Ducheneaux, in his official capacity as Administrator of the Farm Service Agency (Defendants). Plaintiff respectfully requests that Defendants fully and completely respond to the following discovery requests by serving their responses on Braden H. Boucek, Southeastern Legal Foundation 560 W. Crossville Road, Suite 104, Roswell, GA  30075, within thirty days after service of these requests.

**INSTRUCTIONS**

A.     In responding to these requests, Defendants' responses are to be based upon knowledge, facts, information, documents, and things in their custody, control, or possession, or

1

that are otherwise available to Defendants and/or their agents, employees, directors, officers, and representatives (including accountants and attorneys, and their agents and investigators).

B.     Pursuant to Fed. R. Civ. P. 26(e), Defendants have an ongoing duty to supplement their responses to these interrogatories in a timely manner if further information is obtained between the time of the Defendants' responses and the time of the trial. Defendants shall serve any supplemental responses on the Plaintiff's attorney within a reasonable time after discovery of such information, allowing the Plaintiff sufficient time to complete any additional discovery required by such information prior to the time of trial and prior to any discovery deadlines imposed by Court order.

## DEFINITIONS

A.     The terms "Defendants," or "you" or "your" shall refer to Defendants Thomas J. Vilsack, in his official capacity as Secretary of the United States Department of Agriculture (USDA), and Zach Ducheneaux, in his official capacity as Administrator of the Farm Service Agency (FSA), together with their associates, employees, agents, and representatives.

B.     As used herein, the terms "person" or "persons" includes any natural person, firm, proprietorship, partnership, joint venture, corporation, association, or other business entity and all present and former officers, directors, agents, employees, and others acting or purporting to act on behalf of such natural person, firm, proprietorship, joint venture, corporation, association, or other business entity.

C.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information

2

**REQUESTS FOR ADMISSION**

1. Admit that the phrase "across agriculture," used by Defendant Vilsack, includes practices or individuals not conducted or employed by the USDA.

2. Admit that the phrase "systemic discrimination with cumulative effects," used by Defendant Ducheneaux, includes practices or individuals not conducted or employed by the USDA.

3. Admit that employees of the USDA and FSA are trained not to engage in race discrimination with respect to their colleagues or external stakeholders.

4. Admit that Plaintiff's Promissory Note contains the following statement, on Page 1: "The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, [or] national origin . . .."

5. Admit that treating farmers and ranchers differently on the basis of their race constitutes race discrimination.

6. Admit that the USDA has not previously discriminated against members of each racial group covered by USDA's interpretation of § 1005 of ARPA.

7. Admit that the USDA has previously discriminated, or currently discriminates, against whites or Caucasians.

8. Admit that the USDA and FSA do not investigate or challenge the self-reporting racial status of borrowers.

9. Admit that the USDA and the FSA have not taken an adverse employment action against any loan service agent for discriminating against a socially disadvantaged farmer or rancher in a lending decision within the last ten years.

10. Admit that the USDA and the FSA are not currently discriminating against socially disadvantaged farmers or ranchers in lending decisions.

11. Admit that you do not have evidence from within the last ten years that past Congressional efforts to remedy discrimination were inadequate.

12. Admit that loan payments provided under § 1005 of ARPA will constitute "debt forgiveness" as defined by 7 U.S.C. § 1991(a)(12).

13. Admit that loan payments provided under § 1005 of ARPA will result in a loss to the Secretary of the USDA.

14. Admit that all budget appropriated funds maintained by the Secretary of Agriculture originate with the U.S. Treasury.

15. Admit that no other congressional program has involved a write down or reduction in FSA loan amounts and not constituted a loss to the Secretary.

16. Admit that U.S. Treasury funds will not completely pay off socially disadvantaged farmers' and ranchers' eligible loans under § 1005 of ARPA.

17. Admit that U.S. Treasury funds will not completely pay for all costs associated with the loan repayment program established by § 1005 of ARPA.

18. Admit that the funds appropriated to you pursuant to § 1005(a)(1) of ARPA will not be replenished once the funds are expended.

Dated: September 28, 2021.                      Respectfully submitted,

                                                       s/ B. H. Boucek
                                                       BRADEN H. BOUCEK
                                                       TN BPR No. 021399
                                                       Southeastern Legal Foundation

560 W. Crossville Road, Suite 104
Roswell, GA  30075
Telephone: (770) 977-2131
bboucek@southeasternlegal.org
Counsel for plaintiffs