## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HOLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-01085-STA-jay |
| | ) | |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and | ) ) ) | |
| | ) | |
| ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF BRADEN H. BOUCEK

1.      The facts set forth in this declaration are based on my knowledge and, if called as a witness, I can competently testify to their truthfulness under oath.

2.      I am over the age of 18, have personal knowledge of the facts set forth herein, and am competent to testify.

3.      I make this declaration in support of the motion for attorney fees incurred in the successful representation in this matter before the United States District Court for the Western District of Tennessee.

4.      I am one of the attorneys representing Plaintiff in this matter and supervising the legal team at Southeastern Legal Foundation (SLF).

5.      SLF is a nonprofit 501(c)(3) organization headquartered in Georgia. It litigates in courts across the country in support of constitutionally limited government, particularly in the

areas of property rights, separation of powers, equality before the law, and freedom of speech. Founded in 1976, SLF has developed a reputation as one of the nation's leaders in constitutional litigation, particularly before the Supreme Court of the United States. SLF has won a number of important victories before the high court. SLF represents its clients pro bono and is supported by donations from thousands of individuals and groups across the country, as well as by attorney fees in successful cases. SLF did not charge Plaintiff for legal representation in this case.

6.    I have been licensed to practice law in Tennessee since 2001 and Georgia since 2021. I am also admitted to practice in many federal courts including the Supreme Court, Sixth Circuit, and the United States District Courts for the Western, Middle, and Eastern Districts of Tennessee.

7.    I am employed as the Director of Litigation at SLF where I have worked since 2021. I have worked at many public and nonprofit organizations including the United States Attorney's Office for the Western and Middle Districts, Beacon Center of Tennessee, and the Tennessee Attorney General's Office.

8.    Throughout my career, I have litigated and worked on many constitutional cases in a variety of areas in the state and federal courts. I have experience in all aspects of trial and appellate litigation. I've filed many amicus briefs in courts throughout the nation, given talks and presentations, on a wide variety of topics, and written frequently for the popular press. I have published a law review article on an issues constitutional law in the Cato Supreme Court Review. In addition, I have contributed to numerous white papers on regulatory issues.

9.    My law degree is from Florida State University (2001), and my undergraduate degree is from the University of Richmond (1998).

10.     As Director of Litigation and lead counsel for SLF on this case, I directed all aspects of the litigation. I directed and supervised the legal team at SLF, including Kimberly S. Hermann, Jeffrey Clayman, and Cece O'Leary. I have been directly involved in every aspect of this case and am familiar with the work performed by SLF's attorneys.

11.     Throughout my career, I have litigated and worked on many constitutional cases in a variety of areas in the state and federal courts. I have experience in all aspects of trial and appellate litigation. I've filed many amicus briefs in courts throughout the nation, given talks and presentations, on a wide variety of topics, and written frequently for the popular press. In addition, I have contributed to numerous white papers on regulatory issues.

12.     Ms. Hermann has a law degree from Georgia State University College of Law, a master's degree in accounting from Wake Forest University, and an undergraduate degree in analytical finance is from Wake Forest University. She licensed to practice law in the State of Georgia since 2010. She is admitted to practice before all Georgia state courts, the United States District Courts for the Northern and Middle Districts of Georgia, the Middle District of Tennessee, and the Northern District of Illinois, Court of Appeals for the First, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, Federal, and District of Columbia Circuits, and the Supreme Court of the United States.

13.     Ms. Hermann became the General Counsel for SLF in 2016. Before that, she was Senior Counsel for Southeastern Legal Foundation from 2013-2016 and in private litigation practice from 2010-2013 in Atlanta, Georgia. While in law school at Georgia State University College of Law, she served as a law clerk at Southeastern Legal Foundation for two years. Before that, she worked as a licensed Certified Public Accountant at Ernst & Young in Atlanta, Georgia for two years from 2005-2007. She has developed broad and varied litigation experience in federal

and state court actions involving business, financial, intellectual property, family, and constitutional matters.

14.     Jeffrey Clayman was an attorney with Southeastern Legal Foundation from 2021 until 2022 when he left to resume private practice. He has been licensed to practice law in Louisiana since 2006 and Florida since 2008. He is admitted to practice before all state and federal courts in both Florida and Louisiana. He is admitted to practice before the United States Courts of Appeals for the Fifth, Sixth, and Eleventh Circuits. Prior to joining SLF, Mr. Clayman practiced commercial litigation at Phelps Dunbar from September 2014. Before Phelps Dunbar, Mr. Clayman was a partner at James Ryan III & Associates from September of 2007 to November of 2011, then from July of 2012 to August of 2014. He was an associate of Scarborough, Hull & Miller from November of 2011 to July of 2012. He clerked for the United States District Court for the Western District of Louisiana from September of 2006 to August of 2007. He has an undergraduate degree from Bowdoin College and a law degree from Louisiana State University.

15.     Celia O'Leary has been an attorney with Southeastern Legal Foundation since 2019. She has been licensed to practice law since 2019 and is admitted to practice before all state courts in Georgia, the United States District Courts for the Northern and Middle Districts of Georgia, the Middle District of Tennessee, the Eastern District of Texas, and the Northern District of Illinois, and the United States Courts of Appeals for the Fifth, Sixth, Eleventh, and Third Circuits. Since joining SLF, Ms. O'Leary has handled a variety of constitutional matter in state and federal court, including property rights. She has an undergraduate degree from Bowdoin College and a law degree from Georgia State University College of Law.

16.     Among other aspects of this case, I drafted the complaint, oversaw the drafting of Plaintiff's motion for preliminary injunction, drafted portions of the brief and other motion papers,

and made extensive edits to others. I represented Plaintiff in all hearings before the court, drafted

the briefs in connection with the multiple motions to stay, and participated in discussions with

opposing counsel, engaged in strategy discussions both internally and with our co-counsels, and

communicated often with the client. I also oversaw all aspects of the work of other attorneys at

SLF.

17.    As the lead attorney responsible for this case, I reviewed the attached spreadsheet

in Exhibit 1 and concluded that the listed fees are reasonable after evaluating the following factors:

a.  The time and labor required;

b.  The novelty and difficulty of the questions presented;

c.  The skill required to perform the legal services properly;

d.  The preclusion of work on other potential matters due to acceptance of the case;

e.  The customary fee;

f.  That the fee is based on an hourly rate rather than contingent;

g.  Time limitations imposed by the circumstances of the case;

h.  The issues involved and the results obtained;

i.  The experience, reputation, and the ability of the attorneys and paralegal;

j.  Awards in similar cases.

18.    I have personal knowledge of the fees charged by attorneys in the Metro Nashville

Area and know that fees in the range of $300.00 to $450.00 per hour are reasonable, depending on

the experience and qualifications of the attorney. Furthermore, I have been awarded or negotiated

awards for attorney fees in both the Nashville and Memphis area and secured fees in this range.

The rates are lower than those set for the United States Attorney's Office based on their Fees

Matrix for the years 2015-2021 (the USAO Laffey Matrix) a copy of which can be found at <

https://www.justice.gov/file/1461316/download>. The rates produced by the USAO Laffey Matrix "are frequently awarded to attorneys engaged in complex federal litigation" in the District of Columbia. *Heller v. District of Columbia*, 832 F.Supp.2d 32, 48 (D.D.C. 2011). Although the USAO Laffey Matrix was calculated for the District of Columbia, I have personal knowledge that these rates are in line with, or above with the fees charged in the Nashville area by Attorneys of like experience, skill, and reputation for similar work.

19.    All of the attorney time for which Plaintiff is seeking fees is listed in Exhibit 1. That document lists the hours recorded and a description of each attorney's activities. The primary litigation team on this case included me, Kimberly S. Hermann, Jeffrey Clayman, and Cece O'Leary. This motion seeks fees excludes the hours expended by Ms. O'Leary.

20.    Exhibit 1 represents contemporaneous time sheets, computer files, and other contemporaneous documentation maintained in the regular course of business by SLF. It is the regular practice of the SLF to make and keep the types of records set forth in the attachment. These records have been in the custody supervision and control of SLF employees and accurately reflect the reasonable attorneys' fees that I have concluded in my professional judgment are appropriate for recover in this matter.

21.    As Exhibit 1 indicates, the total attorney time for which recovery is sought is <u>259.3</u> hours. I have excluded from this time a total of <u>**70.8**</u> hours in the exercise of billing judgment, including all time performed by Ms. O'Leary. The motion for attorney fees, therefore, seeks fees for <u>**259.3** **hours of SLF's time.**</u>

22.    Plaintiff will subsequently file a bill of costs. As Exhibit 2 indicates, the bill of costs reflects costs that were necessarily incurred on behalf of Plaintiff in this case. It contains a true and correct copy of the Notice of Electronic Filing of the Summons and Complaint in this action,

showing the $402 filing fee, and fees for service of summons and subpoena. Exhibit 2 also contains

a true and correct copy of the affidavit of service prepared and sworn to be Ms. O'Leary. It attests

to the service of summonses in this action and the authenticity of the receipts (also included)

showing $16.50 for seven summonses for a total of $115.50.

I declare under penalty of perjury of the laws of the United States of America that the

foregoing is true and correct and that, if called upon to do so, I can competently testify of my

personal knowledge of the matters stated herein.

Dated:  September 29, 2021.    _____
                                BRADEN H. BOUCEK

# Billing Records of Southeastern Legal Foundation

| Date | User | Duration/Quantity | Description |
|---|---|---|---|
| 5/18/2021 | Braden Boucek | 0.2 | Email exchange with K. Hermann re: recent temporary restraining order issued in case challenging similar provisions |
| 5/28/2021 | Braden Boucek | 3.3 | Drafting complaint. |
| 5/31/2021 | Braden Boucek | 3 | Drafting motion and memorandum for TRO/PI. |
| 6/2/2021 | Braden Boucek | 3 | Drafting complaint and verifying details with client; meeting with K. Hermann regarding complaint |
| 6/2/2021 | Braden Boucek | 0.2 | Email exchange with K. Hermann and Attorney Trachman regarding facts relating to case; right to consent to magistrate. |
| 6/3/2021 | Braden Boucek | 0.9 | Drafting and editing motion for preliminary injunction. |
| 6/5/2021 | Braden Boucek | 2.1 | Drafting motion for preliminary injunction. |
| 6/7/2021 | Braden Boucek | 0.1 | Drafting motion for an injunction. |
| 6/7/2021 | Braden Boucek | 0.1 | Email exchange with Attorney Randy Chen, counsel for intervenor, regarding stance on intervention motion. |
| 6/8/2021 | Braden Boucek | 0.1 | Email exchange with Attorney Chen regarding position on motion for intervention. |
| 6/8/2021 | Braden Boucek | 0.1 | Email to Attorney Joe Murphy, opposing counsel and Acting United States Atttorney, notifying him of setting of hearing for preliminary injunction hearing. |
| 6/8/2021 | Braden Boucek | 0.1 | Email exchange with Emily Newton, opposing counsel, opposing request to reset motion for preliminary injunction. |
| 6/9/2021 | Braden Boucek | 0.1 | Phone call with Mr. Holman regarding setting of preliminary injunction hearing. |
| 6/9/2021 | Braden Boucek | 0.1 | Emailing Attorney Newton regarding opposition to resetting the motion for preliminary injunction. |
| 6/9/2021 | Braden Boucek | 1 | Drafting a response in opposition to motion to continue PI. |
| 6/10/2021 | Braden Boucek | 0.1 | Emailing with Mr. Holman, updating him on postponement of hearing. |
| 6/12/2021 | Braden Boucek | 0.2 | Reviewing TRO from ED Wisconsin (*Faust*). |

| | | | | |
|---|---|---|---|---|
| 6/22/2021 | Braden Boucek | | 1.5 | Researching for reply in Holman PI. Reviewing Gov't responses in related cases. |
| 6/23/2021 | Braden Boucek | | 3.4 | Researching for reply in Holman PI. Reviewing Gov't responses in related cases. |
| 6/24/2021 | Braden Boucek | | 6.2 | Researching for reply in Holman PI. Reviewing gov't response. Drafting reply brief. |
| 6/24/2021 | Braden Boucek | | 1 | Meeting with K. Hermann and Attorney Trachman to review preliminary injunction pleadings, strategy, and reply brief research. |
| 6/25/2021 | Braden Boucek | | 5.3 | Researching for reply in Holman PI. Reviewing gov't response. Drafting reply brief. |
| 6/26/2021 | Braden Boucek | | 0.1 | Emailing Mr. Holman updating with response to motion to preliminary injunction. |
| 6/26/2021 | Braden Boucek | | 0.1 | Reviewing email from Attorneys Snow and Feldon, counsel for the government in this case and other farm loan matter in WD Tenn, regarding Plaintiff's Position on Consolidation with Holman. |
| 6/26/2021 | Braden Boucek | | 0.1 | Email to Attorneys Snow and Feldon regarding Plaintiff's Position on Consolidation with Holman. |
| 6/26/2021 | Braden Boucek | | 0.1 | Email exchange with Attorney Snow regarding extension of page limits in response. |
| 6/26/2021 | Braden Boucek | | 0.1 | Reviewing email from with Attorney Newton regarding opposition to resetting the motion for preliminary injunction. |
| 6/26/2021 | Braden Boucek | | 3.4 | Editing reply brief. |
| 6/27/2021 | Braden Boucek | | 2.4 | Editing reply brief. |
| 6/28/2021 | Braden Boucek | | 3 | Preparing for preliminary injunction argument; reviewing case notes and editing, conferring with Attorney Trachman. |
| 6/29/2021 | Braden Boucek | | 3 | Arguing motion for preliminary injunction. |
| 7/1/2021 | Braden Boucek | | 0.6 | Discussion with K. Hermann regarding preliminary injunction hearing. |
| 7/7/2021 | Braden Boucek | | 1.2 | Drafting response to motion to intervene. |
| 7/8/2021 | Braden Boucek | | 0.2 | Phone call with Attorney Chen to discuss an agreement on intervention. |

Exhibit 1

| Date | Name | Hours | Description |
|---|---|---|---|
| 7/8/2021 | Braden Boucek | 0.1 | Email to Attorney Chen regarding intervention. |
| 7/8/2021 | Braden Boucek | 0.2 | Conferring with C. O'Leary and Attorney Trachman and Attorney Bartkus regarding NBFA and AAIF's conditional motion to intervene. |
| 7/12/2021 | Braden Boucek | 0.8 | Reviewing PI order. |
| 7/14/2021 | Braden Boucek | 0.1 | Email exchange with Attorney Snow regarding exceeding page limits for motion to stay proceedings. |
| 7/18/2021 | Braden Boucek | 1 | Researching class actions for the response to motion to stay. |
| 7/25/2021 | Braden Boucek | 1.5 | Researching and editing for response to motion to stay. |
| 7/30/2021 | Braden Boucek | 0.1 | Emailing Attorney Snow regarding answer deadline. |
| 7/30/2021 | Braden Boucek | 1 | Telephone call with Attorney Trachman re: discovery and answers. |
| 7/31/2021 | Braden Boucek | 0.1 | Emailing Attorney Snow regarding rescheduling a scheduling conference. |
| 7/31/2021 | Braden Boucek | 0.1 | Emailing to Attorney Snow setting up time for scheduling conference. |
| 7/31/2021 | Braden Boucek | 0.1 | Emailing Attorney Snow setting up time for scheduling conference. |
| 7/31/2021 | Braden Boucek | 0.1 | Emailing Attorney Chen regarding agreed Proposed Order re: Conditional Motion to Intervene |
| 8/2/2021 | Braden Boucek | 0.1 | Reviewing email from Ms. Snow regarding our position on motion to seek leave to file a reply. |
| 8/2/2021 | Braden Boucek | 0.1 | Emailing Attorney Snow opposing motion to seek leave to file a reply on the motion to stay. |
| 8/3/2021 | Braden Boucek | 0.5 | Telephone call with Attorney Trachman re: Holman order and case status. |
| 8/4/2021 | Braden Boucek | 0.1 | Reviewing email from Attorney Snow regarding Holman - case schedule |
| 8/4/2021 | Braden Boucek | 0.1 | Emailing to Attorney Snow regarding scheduling re: Holman, case schedule |
| 8/4/2021 | Braden Boucek | 0.1 | Reviewing email from Attorney Snow regarding scheduling - RE: Holman - case schedule |
| 8/4/2021 | Braden Boucek | 0.1 | Telephone call with Mr. Holman regarding motion to stay and case scheduling order. |
| 8/11/2021 | Braden Boucek | 0.5 | Telephone call with Attorney Trachman to discuss strategy for scheduling. |

| Date | Name | | Hours | Description |
|---|---|---|---|---|
| 8/12/2021 | Braden Boucek | | 0.1 | Email exchange with Attorney Newton about scheduling order. |
| 8/12/2021 | Braden Boucek | | 0.5 | Reviewing and editing proposed case management order. |
| 8/12/2021 | Braden Boucek | | 0.1 | Emailing to Attorney Newton about proposed scheduling order. |
| 8/16/2021 | Braden Boucek | | 0.3 | Reviewing copy of proposed scheduling order. |
| 8/17/2021 | Braden Boucek | | 0.1 | Email exchange with Attorney Newton regarding proposed scheduling order. |
| 8/22/2021 | Braden Boucek | | 0.3 | Researching the 1008 (debt forgiveness issue) in preparation for motion to dismiss. |
| 8/23/2021 | Braden Boucek | | 0.7 | Researching the 1008 (debt forgiveness issue) in preparation for motion to dismiss. |
| 8/23/2021 | Braden Boucek | | 0.1 | Email exchange with Attorney Chen regarding Position on Motion - Withdrawal as Counsel. |
| 9/6/2021 | Braden Boucek | | 0.1 | Telephone call to Mr. Holman regarding case update. |
| 9/17/2021 | Braden Boucek | | 0.1 | Telephone call to Mr. Holman discussing case status. |
| 9/17/2021 | Braden Boucek | | 0.5 | Reviewing and editing drafts of first discovery requests. |
| 9/23/2021 | Braden Boucek | | 0.2 | Telephone call with Attorney Trachman regarding requests for discovery. |
| 9/24/2021 | Braden Boucek | | 0.4 | Reviewing and editing discovery requests. |
| 9/25/2021 | Braden Boucek | | 0.6 | Reviewing and editing discovery requests. |
| 9/28/2021 | Braden Boucek | | 0.1 | Email exchange with Ms. Snow with Plaintiff's First Set of Discovery Responses. |
| 9/29/2021 | Braden Boucek | | 0.1 | Email exchange with Attorney Snow regarding discovery and scheduling conference. |
| 9/29/2021 | Braden Boucek | | 0.3 | Conferring with J. Clayman re: response to government's email objecting to commencement of discovery and other pretrial issues. |
| 9/30/2021 | Braden Boucek | | 0.1 | Email exchange with Attorney Snow regarding timing of discovery and scheduling. |

| | | | |
|---|---|---|---|
| 9/30/2021 | Braden Boucek | 0.5 | Preparing for Holman scheduling conference, reviewing competing scheduling orders, prior email correspondence with opposing counsel, and judge's instructions. |
| 10/6/2021 | Braden Boucek | 0.3 | Confer with J. Clayman on Holman scheduling conference strategy. |
| 10/7/2021 | Braden Boucek | 0.4 | Attending scheduling conference in Jackson, TN. |
| 10/7/2021 | Braden Boucek | 0.3 | Conferring with J. Clayman re: preparation for in-person scheduling conference. |
| 10/11/2021 | Braden Boucek | 0.1 | Email with Attorney Snow regarding proposed scheduling dates. |
| 10/11/2021 | Braden Boucek | 0.4 | Conferring with C. O'Leary, Attorney Trachman, and Attorney Bartkus regarding proposed dates for scheduling order. |
| 10/13/2021 | Braden Boucek | 0.5 | Conferring with J. Clayman and  Attorney Trachman re: strategy for responding to defendants' motion to dismiss. |
| 10/14/2021 | Braden Boucek | 0.8 | Reviewing motion to dismiss, and researching article III standing and causes of action. |
| 10/14/2021 | Braden Boucek | 0.1 | Email with Attorney Snow regarding entry of scheduling order. |
| 10/14/2021 | Braden Boucek | 0.4 | Telephone conference with J. Clayman re: strategy for opposition to defendants' motion to dismiss. |
| 10/14/2021 | Braden Boucek | 0.2 | Emailing Attorney Trachman and J. Clayman regarding injury theory for motion to reconsider. |
| 10/15/2021 | Braden Boucek | 0.1 | Email exchange with Attorney Snow regarding proposed scheduling order and position regarding motion to reconsider motion to stay. |
| 10/15/2021 | Braden Boucek | 0.7 | Reviewing motion to dismiss; discussion with K. Hermann re: response to motion to dismiss. |
| 10/16/2021 | Braden Boucek | 0.1 | Reviewing email from Attorney Snow with submitted scheduling order. |
| 10/17/2021 | Braden Boucek | 1.2 | Reviewing motion to reconsider. |
| 10/18/2021 | Braden Boucek | 4.7 | Drafting response to motion to reconsider. |

| Date | Timekeeper | Hours | Description |
|---|---|---|---|
| 10/19/2021 | Braden Boucek | 0.1 | Telephone call with Mr. Holman updating him on motion to dismiss, case schedule, and motion to stay. |
| 10/21/2021 | Braden Boucek | 5.1 | Drafting response to motion to reconsider motion to stay. |
| 10/21/2021 | Braden Boucek | 0.1 | Email with Mr. Holman with schedule for case. |
| 10/22/2021 | Braden Boucek | 0.1 | Drafting response to motion to reconsider motion to stay. |
| 10/22/2021 | Braden Boucek | 2.8 | Editing response to motion to dismiss. |
| 10/22/2021 | Braden Boucek | 0.7 | Conferring with Attorney Trachman and J. Clayman re: "loss to the Secretary" argument in response to defendants' motion to dismiss. |
| 10/25/2021 | Braden Boucek | 0.7 | Editing response to motion to dismiss, and researching equal protection standards, as well as implied causes of action. |
| 10/25/2021 | Braden Boucek | 5.5 | Reviewing motion to dismiss and researching cause of action for future loan eligibility. |
| 10/25/2021 | Braden Boucek | 0.1 | Emailing Mr. Holman informing him that the judge had issued a temporary stay pending ruling on the motion to dismiss. |
| 10/25/2021 | Braden Boucek | 0.1 | Email exchange with Attorney Snow regarding filing deadlines for motion to dismiss in light of order granting partial motion to stay. |
| 10/26/2021 | Braden Boucek | 4.4 | Editing response to motion to dismiss and drafting cause of action section for motion to dismiss response. |
| 10/26/2021 | Braden Boucek | 0.1 | Email exchange with Attorney Snow regarding dates for motion to dismiss, response, and replies. |
| 10/26/2021 | Braden Boucek | 0.8 | Conferring with J. Clayman and W. Trachman re: defendants' position that discovery is stayed. |
| 10/27/2021 | Braden Boucek | 5.8 | Editing response to motion to dismiss. |
| 10/28/2021 | Braden Boucek | 0.1 | Email exchange with Attorney Snow about extension for the reply to motion to dismiss. |
| 10/28/2021 | Braden Boucek | 0.1 | Telephone call with Mr. Holman regarding case status update. |
| 11/4/2021 | Braden Boucek | 0.1 | Email exchange with Attorney Snow regarding leave to file excess pages in reply. |
| 11/6/2021 | Braden Boucek | 0.4 | Reviewing reply to motion to dismiss. |

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 11/19/2021 | Braden Boucek | 0.4 | Reviewing *Kent* decision and pending motion to dismiss. |
| 11/19/2021 | Braden Boucek | 0.2 | Strategy call with Attorney Trachman re: supplemental authority. |
| 12/7/2021 | Braden Boucek | 0.4 | Conferring with Attorney Trachman re: next steps in case. |
| 12/8/2021 | Braden Boucek | 0.5 | Drafting and editing notice of supplemental authority (*Kent* opinion) for motion to reconsider stay. |
| 12/9/2021 | Braden Boucek | 0.1 | Reviewing order regarding notices of supplemental authority. |
| 12/9/2021 | Braden Boucek | 0.1 | Email exchange with J. Clayman, C. O'Leary, and K. Hermann re: order on notices of supplemental authority. |
| 1/4/2022 | Braden Boucek | 0.1 | Email exchange with Attorney Newton regarding her motion to withdraw as counsel. |
| 1/14/2022 | Braden Boucek | 0.1 | Email exchange with Attorneys Snow, Caulkins and Newton regarding substituting in J. Clayman for C. O'Leary, and appearing pro hac vice. |
| 1/14/2022 | Braden Boucek | 0.1 | Telephone call to Mr. Holman regarding substitution of Attorney Clayman for O'Leary. |
| 1/26/2022 | Braden Boucek | 0.3 | Reviewing order granting motion to dismiss. |
| 1/26/2022 | Braden Boucek | 0.1 | Telephone call with Mr. Holman regarding the motion to dismiss order. |
| 1/27/2022 | Braden Boucek | 1.1 | Reviewing motion to dismiss order and Cobb declaration. |
| 1/27/2022 | Braden Boucek | 0.1 | Email exchange with Attorney Snow regarding opposition to motion to stay. |
| 1/28/2022 | Braden Boucek | 0.6 | Conferring with Attorney Trachman, J. Clayman re: case strategy in view of order of partial dismissal. |
| 1/30/2022 | Braden Boucek | 0.1 | Emailing Mr. Trachman regarding research assignments in opposition to motion to stay. |
| 1/31/2022 | Braden Boucek | 0.1 | Email exchange with W. Trachman about researching class actions for Holman response to stay. |
| 1/31/2022 | Braden Boucek | 0.7 | Reviewing documents for response to motion to stay. |
| 2/1/2022 | Braden Boucek | 0.3 | Reviewing defendants' motion to stay. |
| 2/4/2022 | Braden Boucek | 3.1 | Drafting response to renewed motion to stay. |

| Date | Name | Hours | Description |
|---|---|---|---|
| 2/6/2022 | Braden Boucek | 2.4 | Drafting response to renewed motion to stay. |
| 2/7/2022 | Braden Boucek | 4.3 | Drafting response to renewed motion to continue. |
| 2/7/2022 | Braden Boucek | 0.5 | Telephone call with Attorney Trachman re: Holman case status and next steps. |
| 2/11/2022 | Braden Boucek | 1.4 | Reviewing renewed opposition to motion to stay. |
| 2/11/2022 | Braden Boucek | 0.2 | Conferring with J. Clayman re: opposition to defendants' renewed motion to stay. |
| 2/14/2022 | Braden Boucek | 0.6 | Reviewing edits from W. Trachman and J. Clayman on response to renewed motion to stay. |
| 2/15/2022 | Braden Boucek | 2.7 | Editing opposition to motion for renewed motion to stay. |
| 2/16/2022 | Braden Boucek | 0.1 | Texting with Mr. Holman updating him on filing of stay and response. |
| 2/16/2022 | Braden Boucek | 0.1 | Telephone call with Mr. Holman discussing the stay and Miller case. |
| 2/16/2022 | Braden Boucek | 0.1 | Reviewing email from Attorney Trachman regarding staying of matter. |
| 2/16/2022 | Braden Boucek | 0.1 | Reviewing email from Attorney Snow re: motions to administratively stay deadlines, nunc pro tunc. |
| 3/7/2022 | Braden Boucek | 0.5 | Reviewing updated pleadings in *Kent*. |
| 3/10/2022 | Braden Boucek | 0.1 | Emailing with J. Clayman regarding research for justifications for racial classifications. |
| 4/14/2022 | Braden Boucek | 0.1 | Reviewing updates in *Miller v. Vilsak*. |
| 5/13/2022 | Braden Boucek | 0.1 | Emailing Mr. Holman with update on his case and other farm loan cases. |
| 6/17/2022 | Braden Boucek | 0.6 | Preparing to update Mr. Holman on case status; reviewing pleadings and status of the Miller case. |
| 6/17/2022 | Braden Boucek | 0.1 | Email exchange with Mr. Holman, J. Clayman, and Attorney Trachman with update for Holman case and related litigation. |
| 7/2/2022 | Braden Boucek | 0.1 | Email exchange with Mr. Holman regarding change of address. |
| 8/15/2022 | Braden Boucek | 0.2 | Email exchange Attorney Trachman re: attorneys' fees discussion. |
| 8/16/2022 | Braden Boucek | 0.2 | Emailing Attorney Trachman re: attorneys' fees, and prevailing party in the Sixth Circuit. |

| Date | Name | | Hours | Description |
|---|---|---|---|---|
| 8/16/2022 | Braden Boucek | | 0.5 | Telephone call with Attorney Trachman re: mootness and attorneys' fees. |
| 8/19/2022 | Braden Boucek | | 0.1 | Emailing Mr. Holman and J. Clayman with weekly update for August 19, 2022. |
| 8/31/2022 | Braden Boucek | | 0.7 | Researching attorneys' fees under EAJA. |
| 8/31/2022 | Braden Boucek | | 0.1 | Emailing Ms. Snow and Mr. Trachman with question regarding negotiating fees and costs. |
| 9/2/2022 | Braden Boucek | | 0.3 | Emailing Attorney Snow, Attorney Knapp, and Attorney Trachman with response regarding settling attorney fees and costs. |
| 9/2/2022 | Braden Boucek | | 0.1 | Telephone call with Mr. Holman, updating him on settlement discussions regarding mootness and fees. |
| 9/7/2022 | Braden Boucek | | 0.2 | Email exchange with Attorney Snow and Trachman regarding attorney fees and case status. |
| 9/13/2022 | Braden Boucek | | 0.1 | Email exchange with Attorney Snow and W. Trachman regarding joint stipulation of dismissal. |
| 9/14/2022 | Braden Boucek | | 0.1 | Email exchange with Attorney Snow and W. Trachman regarding joint dismissal. |
| 9/16/2022 | Braden Boucek | | 0.9 | Researching and drafting motion for attorneys fees and costs |
| 9/17/2022 | Braden Boucek | | 5.8 | Drafting and editing motion for attorneys' fees. |
| 9/18/2022 | Braden Boucek | | 0.7 | Preparing motion for attorneys' fees; drafting declarations of B. Boucek and K Hermann. |
| 9/19/2022 | Braden Boucek | | 1.4 | Drafting motion for attorneys' fees. |
| 9/19/2022 | Braden Boucek | | 0.1 | Telephone call with Mr. Holman to discuss case status, fees motion. |
| 9/22/2022 | Braden Boucek | | 0.7 | Preparing motion for attorneys' fees; editing memorandum, Holman and Hermann declarations. |
| 9/23/2022 | Braden Boucek | | 1.5 | Preparing motion for attorneys' fees; editing memorandum, drafting declarations in supprt; telephone call with Attorney Swatley; emailing Mr. Holman and Attorney Swatley. |
| 9/24/2022 | Braden Boucek | | 0.8 | Analyzing billing records in preparation for motion for attorneys' fees. |
| 9/25/2022 | Braden Boucek | | 0.2 | Emailing Attorney Trachman with attorneys' fees hours breakdowns. |
| 9/25/2022 | Braden Boucek | | 1.3 | Preparing motion for attorneys' fees; reviewing hours in preparation for attorney declaration. |

| Date | Attorney | | Hours | Description |
|------|----------|--|-------|-------------|
| 9/25/2022 | Braden Boucek | | 0.1 | Email exchange with Mr. Holman regarding declaration for attorneys' fees. |
| 9/25/2022 | Braden Boucek | | 0.5 | Editing memorandum in support of attorneys' fees. |
| 9/26/2022 | Braden Boucek | | 1.3 | Editing memorandum in support of attorneys' fees; declaration of Kimberly Hermann. |
| 9/26/2022 | Braden Boucek | | 0.1 | Emailing Attorney Trachman with memorandum in support of motion for attorneys' fees for his review. |
| 9/26/2022 | Braden Boucek | | 0.7 | Editing declaration in support of motion for attorneys' fees. |
| 9/27/2022 | Braden Boucek | | 0.9 | Preparing motion for attorneys' fees; reviewing billing statement. |
| 9/27/2022 | Braden Boucek | | 0.2 | Emailing Attorney Trachman re: attorneys' fees motion. |
| 9/27/2022 | Braden Boucek | | 0.5 | Preparing bill of costs; reviewing local rules, and reviewing receipts. |
| 9/28/2022 | Braden Boucek | | 1.5 | Preparing motion for attorneys' fees; editing memorandum, reviewing hours. |
| | | | 140.2 | |
| 9/22/2021 | Jeff Clayman | | 0.3 | Analyzing order staying *Dunlap* case and joint stipulation in *Miller* case. |
| 9/23/2021 | Jeff Clayman | | 5 | Continue preparing first set of discovery requests to USDA and FSA, including interrogatories, requests for admission, and requests for production. |
| 9/23/2021 | Jeff Clayman | | 4.5 | Begin preparing first set of discovery requests to USDA and FSA, including analysis of statutes and jurisprudence concerning "loss to Secretary." |
| 9/27/2021 | Jeff Clayman | | 0.8 | Revising first set of discovery to defendants, including requests for admission, requests for production, and interrogatories |
| 9/29/2021 | Jeff Clayman | | 0.3 | Conferring with B. Boucek re: response to government's email objecting to commencement of discovery and other pretrial issues. |
| 10/7/2021 | Jeff Clayman | | 0.3 | Confer with B. Boucek re: preparation for in-person scheduling conference. |
| 10/7/2021 | Jeff Clayman | | 0.5 | Reviewing court orders, proposed joint scheduling order, and correspondence with opposing counsel in preparation for in-person scheduling conference. |

| | | | | |
|---|---|---|---|---|
| 10/7/2021 | Jeff Clayman | | 0.4 | Attending court-ordered scheduling conference by telephone. |
| 10/12/2021 | Jeff Clayman | | 7.5 | Begin preparing opposition to defendants' anticipated motion to dismiss based on assumption defendants will seek to dismiss claims 2-3 based on definitions. |
| 10/13/2021 | Jeff Clayman | | 6.5 | Continue preparing opposition to defendants' anticipated motion to dismiss based on assumption defendants will seek to dismiss claims 2-3 based on definitions |
| 10/13/2021 | Jeff Clayman | | 0.7 | Analyzing defendants' motion to dismiss |
| 10/13/2021 | Jeff Clayman | | 0.3 | Analyzing order denying opt out in related case *Miller v. Vilsack.* |
| 10/14/2021 | Jeff Clayman | | 0.4 | Telephone conference with B. Boucek re: strategy for opposition to defendants' motion to dismiss. |
| 10/15/2021 | Jeff Clayman | | 7.4 | Continue preparing opposition to defendants' motion to dismiss. |
| 10/18/2021 | Jeff Clayman | | 1 | Researching jurisprudence re post-enactment evidence for purposes of opposing efforts of government to use same |
| 10/18/2021 | Jeff Clayman | | 3 | Continue researching jurisprudence re post-enactment evidence for purposes of opposing defendants' efforts to introduce post-enactment evidence; preparing memorandum re same |
| 10/21/2021 | Jeff Clayman | | 0.3 | Analyzing affidavit filed by defendants' in support of extension of expert disclosure deadline in *Wynn* case. |
| 10/22/2021 | Jeff Clayman | | 1 | Continue researching defendants' authority for a stay for purposes of drafting opposition; drafting section of opposition re: same. |
| 10/25/2021 | Jeff Clayman | | 0.6 | Reviewing correspondence from counsel for the government re modifying motion to dismiss briefing schedule; confer with co-counsel re: same. |
| 10/26/2021 | Jeff Clayman | | 0.3 | Reviewing correspondence from the government re: objection to commencement of discovery. |
| 11/8/2021 | Jeff Clayman | | 0.5 | Analyzing defendants' reply memorandum in support of partial motion to dismiss. |

| Date | Name | | Hours | Description |
|---|---|---|---|---|
| 11/26/2021 | Jeff Clayman | | 0.4 | Reviewing recent docket activity in related cases *Miller v. Vilsack* and *Wynn v. Vilsack* . |
| 12/9/2021 | Jeff Clayman | | 0.4 | Analyzing recent activity in related cases: *Miller v. Vilsack* and *Kent v. Vilsack* . |
| 12/9/2021 | Jeff Clayman | | 0.2 | Analyzing court order re: notices of supplemental authority. |
| 12/13/2021 | Jeff Clayman | | 0.3 | Analyzing order staying related case, *Wynn v. Vilsack* . |
| 12/14/2021 | Jeff Clayman | | 0.1 | Analyzing recent activity in related case: *Miller v. Vilsack* . |
| 12/23/2021 | Jeff Clayman | | 0.1 | Reviewing recent activity on docket of related case *Miller v. Vilsack* . |
| 12/23/2021 | Jeff Clayman | | 0.1 | Monitoring docket in related case *Miller v. Vilsack* . |
| 1/3/2022 | Jeff Clayman | | 0.2 | Reviewing recent docket activity in related cases *Miller v. Vilsack* and *Kent v. Vilsack* . |
| 1/5/2022 | Jeff Clayman | | 0.1 | Receipt and review of motion to withdraw by defense counsel Attorney Newton. |
| 1/5/2022 | Jeff Clayman | | 0.1 | Monitoring docket in related cases *Miller v. Vilsack* and *Wynn v. Vilsack* . |
| 1/25/2022 | Jeff Clayman | | 1 | Preparing motion for admission pro hac vice. |
| 1/26/2022 | Jeff Clayman | | 0.6 | Reviewing court order granting defendants' motion for partial dismissal. |
| 1/28/2022 | Jeff Clayman | | 0.4 | Conferring with B. Boucek re: case strategy in view of order of partial dismissal. |
| 1/28/2022 | Jeff Clayman | | 1.2 | Finalizing and file pro hac vice motion and proposed order. |
| 1/30/2022 | Jeff Clayman | | 0.3 | Reviewing docket in related cases *Wynn v. Vilsack* and *Miller v. Vilsack* . |
| 1/31/2022 | Jeff Clayman | | 1 | Preparing motion to withdraw counsel of record C. O'Leary and proposed order re: same. |
| 2/1/2022 | Jeff Clayman | | 0.6 | Reviewing defendants' renewed motion to stay. |
| 2/2/2022 | Jeff Clayman | | 2.3 | Begin researching first to file rule and sovereign immunity bar to nominal damages for purposes of opposing defendants' renewed motion to stay; preparing memorandum re: same. |
| 2/2/2022 | Jeff Clayman | | 0.5 | Preparing correspondence to defense counsel Attorney Snow re convening Rule 37 conference for failure to respond to plaintiff's discovery. |

| | | | |
|---|---|---|---|
| 2/3/2022 | Jeff Clayman | 5.4 | Continue researching first to file rule and sovereign immunity bar to nominal damages for purposes of opposing defendants' renewed motion to stay; preparing memorandum re: same. |
| 2/3/2022 | Jeff Clayman | 0.2 | Reviewing recent docket activity in related matter *Kent v. Vilsack* . |
| 2/4/2022 | Jeff Clayman | 2.9 | Continue researching first to file rule and sovereign immunity and nominal damages for purposes of responding to defendants' renewed motion to dismiss. |
| 2/6/2022 | Jeff Clayman | 0.2 | Reviewing joint motion to amend discovery deadlines in *Miller* case for purposes of preparing opposition to defendants' renewed motion to stay. |
| 2/7/2022 | Jeff Clayman | 0.4 | Reviewing sovereign immunity and nominal damages research memo by co-counsel for purposes of opposing defendants' renewed motion to stay. |
| 2/7/2022 | Jeff Clayman | 2.9 | Preparing opposition to defendants' renewed motion to stay. |
| 2/7/2022 | Jeff Clayman | 3.8 | Continue researching re: nominal damages, sovereign immunity, and other legal issues for purposes of opposing defendants' renewed motion to stay case. |
| 2/8/2022 | Jeff Clayman | 6.6 | Continue preparing opposition to defendants' renewed motion to stay. |
| 2/9/2022 | Jeff Clayman | 0.8 | Telephone conference with counsel re strategy for response to motion to stay. |
| 2/9/2022 | Jeff Clayman | 6.7 | Continue preparing opposition to defendants' renewed motion to stay. |
| 2/11/2022 | Jeff Clayman | 0.2 | Conferring with B. Boucek re: opposition to defendants' renewed motion to stay. |
| 2/11/2022 | Jeff Clayman | 0.5 | Reviewing B. Boucek's revisions to first draft of opposition to defendants' renewed motion to stay case |
| 2/11/2022 | Jeff Clayman | 0.9 | Preparing response to motion to stay; researching news articles to support argument that the government is attempting to moot Section 1005 claims for purposes of opposing renewed motion to stay. |
| 2/15/2022 | Jeff Clayman | 3.3 | Finalizing response in opposition to defendants' renewed motion to stay. |

| Date | Name | | Hours | Description |
|---|---|---|---|---|
| 2/16/2022 | Jeff Clayman | | 0.1 | Reviewing correspondence from opposing counsel re moving for administrative stay. |
| 2/16/2022 | Jeff Clayman | | 1 | Preparing opposition to renewed motion for administrative stay pending motion to stay case. |
| 2/16/2022 | Jeff Clayman | | 0.1 | Reviewing court order granting stay of case. |
| 3/7/2022 | Jeff Clayman | | 0.4 | Reviewing recent activity in related cases *Kent v. Vilsack* and *Miller v. Vilsack*. |
| 3/9/2022 | Jeff Clayman | | 0.1 | Reviewing recent docket activity in related case *Kent v. Vilsack*. |
| 3/21/2022 | Jeff Clayman | | 0.2 | Reviewing recent activity in related cases Kent v. Vilsack and Miller v. Vilsack. |
| 3/30/2022 | Jeff Clayman | | 0.1 | Reviewing docket activity in related case *Kent v. Vilsack*. |
| 4/15/2022 | Jeff Clayman | | 0.4 | Reviewing recent activity and pleadings in related case *Miller v. Vilsack*. |
| 4/18/2022 | Jeff Clayman | | 0.5 | Reviewing recent docket activity in related case *Miller v. Vilsack*, including brief review of responses to motion to intervene by Association of American Indian Farmers and National Black Farmers Association. |
| 4/20/2022 | Jeff Clayman | | 0.3 | Reviewing recent docket activity and briefing re: intervention in related case *Kent v. Vilsack*. |
| 5/13/2022 | Jeff Clayman | | 1.2 | Preparing update to Mr. Holman re: status of *Miller* and *Kent* cases; reviewing dockets and documents for same. |
| 6/17/2022 | Jeff Clayman | | 1 | Reviewing case dockets and preparing client update. |
| 7/11/2022 | Jeff Clayman | | 0.2 | Reviewing recent filings in related *Miller v. Vilsack*. |
| 8/30/2022 | Jeff Clayman | | 6.2 | Preparing motion for attorney's fees under EAJA. |
| 9/1/2022 | Jeff Clayman | | 6.4 | Continue preparing motion for attorney's fees under EAJA. |
| 9/1/2022 | Jeff Clayman | | 2.6 | Continue preparing motion for attorney's fees under EAJA. |
| | | 107.1 | | |
| 5/17/2021 | Kimberly Herman | | 0.2 | Email exchange with Attorney Will Trachman regarding research in preparation of drafting complaint. |
| 5/18/2021 | Kimberly Herman | | 0.4 | Reviewing recent temporary restraining order issued in case challenging similar provisions; email exchange with B. Boucek regarding same. |

| | | | |
|---|---|---|---|
| 5/20/2021 | Kimberly Herman | 0.3 | Reviewing *Wynn v. Vilsack* complaint. |
| 5/28/2021 | Kimberly Herman | 0.6 | Drafting complaint; meeting with B. Boucek and Attorney Trachman to discuss same. |
| 6/2/2021 | Kimberly Herman | 0.2 | Email exchange with B. Boucek and Attorney Trachman regarding facts relating to case; right to consent to magistrate. |
| 6/2/2021 | Kimberly Herman | 2.5 | Drafting and editing complaint; meeting with B. Boucek regarding same. |
| 6/2/2021 | Kimberly Herman | 0.2 | Email exchange with B. Boucek and Attorney Trachman regarding right to consent to magistrate. |
| 6/5/2021 | Kimberly Herman | 1.1 | Editing motion for preliminary injunction. |
| 6/23/2021 | Kimberly Herman | 0.6 | Reviewing preliminary injunction issued in *Wynn v. Vilsak* ; research regarding same. |
| 6/24/2021 | Kimberly Herman | 0.7 | Reviewing response to motion for preliminary injunction. |
| 6/26/2021 | Kimberly Herman | 0.8 | Editing reply brief in support of motion for preliminary injunction. |
| 7/1/2021 | Kimberly Herman | 0.6 | Discussion with B. Boucek regarding preliminary injunction hearing. |
| 7/8/2021 | Kimberly Herman | 0.8 | Reviewing transcript from preliminary injunction hearing. |
| 10/15/2021 | Kimberly Herman | 0.7 | Reviewing motion to dismiss; discussion with B. Boucek regarding response to motion to dismiss. |
| 10/26/2021 | Kimberly Herman | 1.8 | Reviewing and editing response to motion to dismiss. |
| 11/6/2021 | Kimberly Herman | 0.5 | Reviewing reply to motion to dismiss. |
| | | 12 | |

# Declaration of William Trachman

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| ROBERT HOLMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Civil Action No. 1:21-cv-01085-STA-jay |
| | ) |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and | ) ) ) |
| | ) |
| ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, | ) ) ) |
| | ) |
|     Defendants. | ) |

## DECLARATION OF WILLIAM E. TRACHMAN

1.    The facts set forth in this declaration are based on my knowledge and, if called as a witness, I can competently testify to their truthfulness under oath.

2.    I am over the age of 18, have personal knowledge of the facts set forth herein, and am competent to testify.

3.    I make this declaration in support of the motion for attorney fees incurred in the successful representation in this matter before the United States District Court for the Western District of Tennessee.

4.    I am one of the attorneys representing Plaintiff in this matter, and the General Counsel of Mountain States Legal Foundation (MSLF).

5.    MSLF is a nonprofit 501(c)(3) organization headquartered in Colorado. It litigates in courts across the country in support of constitutionally limited government, particularly in the

areas of property rights, the Second Amendment, Equal Protection, and freedom of speech. Founded in 1977, MSLF is a leading liberty-oriented constitutional law firm. *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200 (1995) (serving as lead counsel); *Marvin M. Brandt Revocable Trust v. United States*, 572 U.S. 93 (2014).

6.      MSLF represents its clients pro bono and is supported by donations from thousands of individuals and groups across the country, as well as by attorney fees in successful cases. MSLF did not charge Plaintiff for legal representation in this case.

7.      In terms of education, my law degree is from the University of California, Berkeley (2005), formerly known as Boalt Hall. My undergraduate degree is also from the University of California, Berkeley (2002).

8.      In terms of licensure, I was admitted to the Maryland Bar in December 2005, although I am now inactive. In 2007, I was admitted to the Washington, D.C. Bar. In 2008, I was admitted to the California Bar. In 2013, I was admitted to the Colorado Bar. I am presently actively licensed in Washington D.C., California, and Colorado.

9.      With respect to admission to federal courts, I am admitted to practice in the Supreme Court of the United States, the United States Courts of Appeals for the Second Circuit, the Sixth Circuit, Ninth Circuit, and Tenth Circuit, and the United States District Courts for the Southern and Central Districts of California, the United States District Court for the District of Colorado, and the United States District Court for the District of Columbia.

10.     I am employed as the General Counsel for MSLF, where I have worked since January 2021. Previously, I served as Deputy Assistant Secretary for Policy and Development in the Office for Civil Rights, in the U.S. Department of Education. In that role, I maintained a T-5 (Top Secret) security clearance. Before serving in the Department of Education, I worked as the

General Counsel to the Douglas County School District in Colorado. Prior to that, I practiced in the Denver office of the firm of Littler Mendelson, LLC.

11.     Before moving to Colorado, I worked at several prominent firms, including O'Melveny & Myers, LLP and Kirkland & Ellis, LLP.

12.     From 2006 to 2007, I clerked for the Honorable Harris Hartz of the Tenth Circuit Court of Appeals.

13.     Throughout my career, I have litigated many constitutional and civil rights cases in a variety of areas in the state and federal courts. I have experience in all aspects of trial and appellate litigation. I have also filed numerous amicus briefs in courts throughout the nation.

14.     I have also presented talks and presentations on a wide variety of topics, and written frequently in media. I have also published law review articles on various constitutional topics.

15.     As General Counsel and lead counsel for MSLF on this case, I drafted or assisted with numerous parts of this successful litigation.

16.     Among other aspects of this case, I assisted with drafting Plaintiff's motion for preliminary injunction, drafted the opposition to the initial motion for a stay, and drafted portions of several other pleadings. I also attended the June 2021 hearing on the preliminary injunction to offer strategic advice and suggestions to Mr. Boucek, who argued before the Court. I often engaged in strategy discussions both internally and with our co-counsels at Southeastern Legal Foundation.

17.     As one of the attorneys responsible for this case, I reviewed the attached spreadsheet in Exhibit 1 and concluded that the listed fees are reasonable after evaluating the following factors:

      a.     The time and labor required;

      b.     The novelty and difficulty of the questions presented;

    c.      The skill required to perform the legal services properly;

    d.      The preclusion of work on other potential matters due to acceptance of the case;

    e.      The customary fee;

    f.      That the fee is based on an hourly rate rather than contingent;

    g.      Time limitations imposed by the circumstances of the case;

    h.      The issues involved and the results obtained;

    i.      The experience, reputation, and the ability of the attorneys and paralegal;

    j.      Awards in similar cases.

18.    I have personal knowledge of the fees charged by attorneys in the Metro Nashville Area, and know that fees in the range of $300.00 to $450.00 per hour are reasonable, depending on the experience and qualifications of the attorney. The rates are lower than those set for the United States Attorney's Office based on their Fees Matrix for the years 2015-2021 (the USAO Laffey Matrix) a copy of which can be found at <https://www.justice.gov/file/1461316/download>. The rates produced by the USAO Laffey Matrix "are frequently awarded to attorneys engaged in complex federal litigation" in the District of Columbia. *Heller v. District of Columbia*, 832 F.Supp.2d 32, 48 (D.D.C. 2011). Although the USAO Laffey Matrix was calculated for the District of Columbia, I have personal knowledge that these rates are in line with, or above with the fees charged in the Nashville area by Attorneys of like experience, skill, and reputation for similar work.

19.    All of the attorney time for which MSLF is seeking fees is listed in Exhibit 1. That document lists the hours recorded and a description of each attorney's activities. I have excluded time billed by paralegals and all other MSLF attorneys—including two junior attorneys who conducted significant legal research—and limit this request to my own hours worked and billed.

20.    Exhibit 1 represents contemporaneous time sheets, computer files, and other contemporaneous documentation maintained in the regular course of business by MSLF. It is the regular practice of the MSLF to make and keep the types of records set forth in the attachment. These records have been in the custody supervision and control of MSLF employees and accurately reflect the reasonable attorneys' fees that I have concluded in my professional judgment are appropriate for recover in this matter.

21.    As Exhibit 1 indicates, the total attorney hours submitted for fees, after deletion of paralegal time, other attorney time, and other entries for which I do not seek recovery, is 89.5 hours. At a rate of $125/hour, that is $11,253.60.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that, if called upon to do so, I can competently testify of my personal knowledge of the matters stated herein.

Dated: <u>September 29, 2022</u>.              <u>s/William E. Trachman</u>
                                                William E. Trachman

# Billing Records of Mountain States

| Date | User | Duration | Description |
|---|---|---|---|
| 6/2/2021 | William E. Trachman | 2.3 | Review Holman complaint for filing in TN |
| 6/5/2021 | William E. Trachman | 2 | Review preliminary injunction motion and revise/comment on motion |
| 6/5/2021 | William E. Trachman | 1.1 | Review PI motion and revise for filing in Tennessee the next day |
| 6/6/2021 | William E. Trachman | 0.6 | Review filed PI motion, correspondence re motion |
| 6/8/2021 | William E. Trachman | 0.2 | Discussion re intervention in Holman |
| 6/8/2021 | William E. Trachman | 0.3 | Emails re Holman preliminary injunction motion |
| 6/9/2021 | William E. Trachman | 0.6 | Correspondence with Corey re ARPA matter in Florida for review in Holman |
| 6/14/2021 | William E. Trachman | 0.3 | review correspondence re page limits |
| 6/16/2021 | William E. Trachman | 0.5 | Correspondence re notice and comment process for loan program, confer re Holman matter |
| 6/22/2021 | William E. Trachman | 1.1 | Confer re PI hearing and plan |
| 6/24/2021 | William E. Trachman | 1 | Prep for Holman PI hearing |
| 6/24/2021 | William E. Trachman | 1.3 | Review amicus from 3rd party group in Holman, confer re issues with amicus, and how to respond and |
| 6/28/2021 | William E. Trachman | 1.5 | Hearing prep with SLF B. Boucek |
| 6/29/2021 | William E. Trachman | 3 | Appear for Holman hearing, debrief re hearing |
| 6/30/2021 | William E. Trachman | 0.7 | Debrief re Holman and research projects, correspondence re hearing |
| 7/6/2021 | William E. Trachman | 1.1 | Team meeting re case status and next steps |
| 7/7/2021 | William E. Trachman | 0.8 | review and analyze opposition to motion to intervene by by minority farmer group |
| 7/8/2021 | William E. Trachman | 2 | Review order on preliminary injunction motion |
| 7/15/2021 | William E. Trachman | 1.2 | Draft opposition to administrative stay, review order granting stay |
| 7/16/2021 | William E. Trachman | 0.5 | Review 6th circuit admissions document, correspondence re draft |
| 7/16/2021 | William E. Trachman | 0.8 | Confer re stay in Holman and strategy re opposition |
| 7/19/2021 | William E. Trachman | 0.5 | Holman conferral |
| 7/19/2021 | William E. Trachman | 0.2 | Correspondence re extension of the deadline to Answer in Carptenter and Holman |

| | | | |
|---|---|---|---|
| 7/19/2021 | William E. Trachman | 0.4 | Emails with C. Bartkus re notice of supplemental authority in Holman |
| 7/20/2021 | William E. Trachman | 0.4 | Emails re motion to stay in Holman, review deadlines |
| 7/23/2021 | William E. Trachman | 0.6 | Confer re scheduling issues in Holman, efforts to speed along the case to reach judgment |
| 7/23/2021 | William E. Trachman | 2.5 | Review research re motion to stay in 6th circuit for Holman matter |
| 7/26/2021 | William E. Trachman | 0.8 | Review Transcript of preliminary injunction hearing, correspondence re transcript in Holman oral argument |
| 7/28/2021 | William E. Trachman | 0.4 | Draft proposed order in Holman regarding opposition to stay |
| 7/28/2021 | William E. Trachman | 3.7 | Review and revise opposition to motion to stay by government, correspondence with C. Bartkus re |
| 7/28/2021 | William E. Trachman | 0.5 | Finalize filing of opposition to motion to stay in Holman |
| 7/30/2021 | William E. Trachman | 1 | Call with Braden Boucek re Holman matters, potential discovery and whether the answer is required on the |
| 8/3/2021 | William E. Trachman | 0.5 | Phone call with B. Boucek re Holman order, status |
| 8/4/2021 | William E. Trachman | 0.3 | Confer re scheduling conference for 9/2/21 in Holman |
| 8/5/2021 | William E. Trachman | 0.3 | Confer re scheduling conference for 9/2/21 in Holman |
| 8/11/2021 | William E. Trachman | 0.5 | Holman prep call with Southeastern Legal |
| 8/11/2021 | William E. Trachman | 0.4 | Emails re draft scheduling order in Holman |
| 8/13/2021 | William E. Trachman | 0.5 | Holman proposed scheduling conference |
| 8/16/2021 | William E. Trachman | 1 | Emails and phone conversation re Holman with C. O'Leary from SLF, proposed order and joint report |
| 8/20/2021 | William E. Trachman | 0.4 | Meet with C. Bartkus re Joyner ruling and distinctions in stay order between Joyner and Holman |
| 8/20/2021 | William E. Trachman | 0.5 | Emails re potential motion to dismiss and possible renewal of motion to stay from government in Holman |
| 8/23/2021 | William E. Trachman | 0.7 | Review research re differences between Holman and Joyner, correspondence re distinctions for Holman. |
| 8/25/2021 | William E. Trachman | 0.5 | Confer re lack of appeal in Wynn, extension in Holman on scheduling conference. |
| 8/27/2021 | William E. Trachman | 0.3 | Confer re remote appearances in Holman. |
| 8/31/2021 | William E. Trachman | 0.3 | Analysis re stay order in McKinney for Holman matter, potential government effort to renew stay motion. |
| 9/9/2021 | William E. Trachman | 0.7 | Review PLF sur-reply in Florida case for relevance to Holman, correspondence re potential stay. |

| Date | Name | Hours | Description |
|---|---|---|---|
| 9/9/2021 | William E. Trachman | 0.3 | Confer re potential opt-out in Holman. |
| 9/15/2021 | William E. Trachman | 1 | Review case law and administrative documents regarding the meaning of loss to the Secretary and in defense of a potential motion to dismiss in Holman. |
| 9/17/2021 | William E. Trachman | 0.2 | Correspondence with Holman team re draft discovery requests. |
| 9/22/2021 | William E. Trachman | 0.2 | Correspondence with Holman team re agreement in Miller class action, dismissal of motion to dismiss. |
| 9/23/2021 | William E. Trachman | 0.2 | Call with B. Boucek regarding discovery requests in Holman. |
| 9/24/2021 | William E. Trachman | 2.5 | Review and revise discovery for Holman |
| 9/27/2021 | William E. Trachman | 1.2 | Review discovery drafts, revise drafts, correspondence re discovery in Holman. |
| 9/28/2021 | William E. Trachman | 0.9 | Review discovery requests, response from government, confer re response, and review response in Holman. |
| 9/29/2021 | William E. Trachman | 0.5 | Emails re discovery in Holman and prep for scheduling conference. |
| 9/30/2021 | William E. Trachman | 0.5 | Confer re attendance at hearing in Holman on 10/7, discovery disputes |
| 10/7/2021 | William E. Trachman | 1 | Prepare for and attend hearing in Holman. |
| 10/7/2021 | William E. Trachman | 1 | Debrief and review minute order in Holman. |
| 10/11/2021 | William E. Trachman | 0.5 | Emails re scheduling order, review proposed dates, confer re government dates in Holman. |
| 10/12/2021 | William E. Trachman | 0.2 | Emails re strategy session for motion to dismiss in Holman. |
| 10/13/2021 | William E. Trachman | 0.5 | Meet re motion to dismiss brief, plan for responding in Holman. |
| 10/13/2021 | William E. Trachman | 1.5 | Review motion to dismiss, confer re arguments and timing of opposition brief in Holman. |
| 10/13/2021 | William E. Trachman | 0.9 | Correspondence re attorney fees in case of mootness, review correspondence re attorney fee theory in |
| 10/13/2021 | William E. Trachman | 0.4 | Supplement and circulate research re 1008 for motion to dismiss preparation. |
| 10/13/2021 | William E. Trachman | 0.6 | Review opt-out order in Miller for reference to potential Holman motion for opt-out, correspondence |
| 10/14/2021 | William E. Trachman | 0.5 | Emails re viability of motions to reconsider from B. Boucek |
| 10/15/2021 | William E. Trachman | 0.7 | Correspondence re Holman issues, strategy, and planning |
| 10/15/2021 | William E. Trachman | 0.6 | Edit and revise scheduling order draft, review dates for accuracy. |
| 10/15/2021 | William E. Trachman | 0.3 | Emails re Wynn and Miller cases for preparation in Holman |

| Date | Name | Hours | Description |
|---|---|---|---|
| 10/16/2021 | William E. Trachman | 0.2 | Review Holman scheduling proposal with court |
| 10/18/2021 | William E. Trachman | 0.2 | Emails re Joyner and distinctions from Holman |
| 10/18/2021 | William E. Trachman | 0.3 | Emails and calls re Holman motion issues, conferrals before response briefs |
| 10/19/2021 | William E. Trachman | 0.8 | Meet re motion to dismiss staffing and briefing timing |
| 10/22/2021 | William E. Trachman | 0.7 | Meet with Jeff and Braden re motion to dismiss issues, research, timing of editing in Holman. |
| 10/24/2021 | William E. Trachman | 1.2 | Review and revise Holman opposition brief re motion to dismiss. |
| 10/25/2021 | William E. Trachman | 0.7 | Review docket and emails, confer re scheduling in Holman matter, issue of deadline for MTD. |
| 10/26/2021 | William E. Trachman | 0.5 | Correspondence re Holman deadline, opposition motion. |
| 10/27/2021 | William E. Trachman | 2.3 | Edit and revise Holman Opposition to motion to dismiss, correspondence re opposition brief, final edits. |
| 11/1/2021 | William E. Trachman | 0.1 | Review order granting extension of time in Holman. |
| 11/19/2021 | William E. Trachman | 0.5 | Phone call re supplemental authority in Holman |
| 12/3/2021 | William E. Trachman | 0.6 | Analyze race-conscious Ag policies from USDA related to ARPA and Holman |
| 12/7/2021 | William E. Trachman | 0.8 | Review Wynn stay, confer with B. Boucek re next steps in Holman |
| 1/4/2022 | William E. Trachman | 0.2 | Email re withdrawal in Holman by government counsel |
| 1/11/2022 | William E. Trachman | 0.2 | Emails re Holman order |
| 1/14/2022 | William E. Trachman | 0.3 | Emails re substitution of counsel in Holman matter |
| 1/28/2022 | William E. Trachman | 0.6 | Confer with B. Boucek in Holman re strategy and next steps after Motion to Dismiss ruling |
| 1/31/2022 | William E. Trachman | 0.5 | Call with K. Schiraldi re Holman research |
| 1/31/2022 | William E. Trachman | 0.5 | Review opposition to motion to stay in Holman, filed in July 2021 |
| 2/1/2022 | William E. Trachman | 0.5 | Confer re Holman issues and opposition to motion to stay |
| 2/1/2022 | William E. Trachman | 0.2 | Review motion to stay entry in PACER |
| 2/7/2022 | William E. Trachman | 0.5 | Call with B. Boucek re Holman issues, next steps |
| 2/7/2022 | William E. Trachman | 0.3 | Review K. Schiraldi memo re first to file in Holman |

| Date | Name | Hours | Description |
|---|---|---|---|
| 2/8/2022 | William E. Trachman | 2.8 | Review case law re sovereign immunity in the context of federal officials and nominal damages, confer with K. Schiraldi and co-counsel on Holman |
| 2/9/2022 | William E. Trachman | 1.5 | Review cases for opposition to motion to stay and sovereign immunity, confer with co-counsel in |
| 2/14/2022 | William E. Trachman | 2 | Review opposition to motion to stay, edit and revise and circulate revisions to B. Boucek in Holman |
| 2/14/2022 | William E. Trachman | 0.4 | Correspondence re proposed revisions in Holman |
| 2/16/2022 | William E. Trachman | 0.8 | Correspondence re order in Holman, associated next steps due to stay |
| 2/16/2022 | William E. Trachman | 0.6 | Review filed brief in Holman |
| 2/16/2022 | William E. Trachman | 0.3 | Correspondence with B. Boucek re potential for stay |
| 3/28/2022 | William E. Trachman | 0.3 | Emails re reversal of denial of intervention in Texas re Holman matter |
| 6/15/2022 | William E. Trachman | 0.2 | Email re farmer rancher cases, potential deadlines |
| 6/16/2022 | William E. Trachman | 0.5 | Review email from Braden to Rob Holman in TN matter |
| 8/16/2022 | William E. Trachman | 0.5 | Call with Braden re mootness and attorney fees in Holman |
| 8/16/2022 | William E. Trachman | 0.5 | Emails with Braden re Holman issues |
| 8/16/2022 | William E. Trachman | 0.9 | Review briefing from B. Boucek re mootness issues in Holman |
| 8/17/2022 | William E. Trachman | 1.3 | Research re attorney fee award in Holman |
| 8/18/2022 | William E. Trachman | 0.2 | Review email from B. Boucek re Holman and attorney fees steps |
| 8/23/2022 | William E. Trachman | 0.5 | Meet re Holman fees motion, potential theories under EAJA |
| 8/23/2022 | William E. Trachman | 0.5 | Review briefing on Buckhannon and EAJA from SLF re Holman matter |
| 8/23/2022 | William E. Trachman | 1.4 | Review case law re definition of prevailing party, correspondence re applicability of case law in Holman |
| 9/2/2022 | William E. Trachman | 0.5 | Correspondence re Holman, review 6th Circuit case law re prevailing party definition |
| 9/2/2022 | William E. Trachman | 0.3 | Review pleadings and order re Clayman withdrawal in Holman |
| 9/6/2022 | William E. Trachman | 0.3 | Emails re Holman, mootness, and fees |
| 9/9/2022 | William E. Trachman | 0.2 | Emails re mootness issues in Holman |
| 9/13/2022 | William E. Trachman | 0.1 | Correspondence with Braden re strategy in Holman |

| | | | |
|---|---|---|---|
| 9/15/2022 | William E. Trachman | 0.1 | Review entry of judgment in Holman |
| 9/15/2022 | William E. Trachman | 0.2 | Confer re attorney fee affidavit in Holman, next steps |
| 9/19/2022 | William E. Trachman | 0.1 | Email re opposition to attorney fees in Holman |
| 9/28/2022 | William E. Trachman | 1.1 | Edit and revise memorandum in support of fee application, correspondence with B. Boucek re memorandum and timing issues in Holman |
| 9/28/2022 | William E. Trachman | 1 | Draft fee submission declaration |
| 9/28/2022 | William E. Trachman | 0.7 | Review time entries and prepare fee submission in Holman |
| | | Sum: 89.5 | |

# Declaration of Robert Holman

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HOLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-01085-STA-jay |
| | ) | |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and | ) ) ) | |
| | ) | |
| ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

### DECLARATION OF ROBERT HOLMAN

---

1.    The facts set forth in this declaration are based on my knowledge and, if called as a witness, I can competently testify to their truthfulness under oath.

2.    I am over the age of 18, have personal knowledge of the facts set forth herein, and am competent to testify.

3.    I make this declaration in support of the motion for attorneys' fees incurred in the successful representation in this matter before the United States District Court for the Western District of Tennessee.

4.    I retained attorneys at Southeastern Legal Foundation and Mountain States Legal Foundation to represent me pro bono in this case.

5.    On or about June 2, 2021, the time this case was filed, my net worth did not exceed $2,000,000.

6.     I authorize recovery of fees and expenses in this matter to my attorneys at Southeastern Legal Foundation and Mountain States Legal Foundation to compensate them for work performed on my behalf.

7.     I further assign payment of any award of fees and costs to Southeastern Legal Foundation and Mountain States Legal Foundation.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that, if called upon to do so, I can competently testify of my personal knowledge of the matters stated herein.

Dated: September 25, 2021.

ROBERT HOLMAN

# Declaration of Jacob Swatley

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| ROBERT HOLMAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 1:21-cv-01085-STA-jay |
| ) | |
| THOMAS J. VILSACK, in his official ) | |
| capacity as Secretary of the United States ) | |
| Department of Agriculture, and ) | |
| ) | |
| ZACH DUCHENEAUX, in his official ) | |
| capacity as Administrator of the Farm Service ) | |
| Agency, ) | |
| ) | |
|     Defendants. ) | |

## DECLARATION OF JACOB SWATLEY

1.      The facts set forth in this declaration are based on my knowledge and, if called as a witness, I can competently testify to their truthfulness under oath.

2.      I am over the age of 18, have personal knowledge of the facts set forth herein, and am competent to testify.

3.      I make this declaration in support of the motion for attorneys' fees incurred in this matter before the United States District Court for the Western District of Tennessee. I am not an attorney who was in anyway involved in this case.

4.      I am an attorney licensed to practice law in the State of Tennessee. I am an associate at the law firm of Harris Shelton Hanover Walsh, PLLC.

5.      I passed the bar in 2019 and became licensed to practice in the State of Tennessee. I am also admitted to practice before the United States District Courts for the Western District of Tennessee.

6.      I graduated from University of Memphis in 2015. I received my law degree from University of Mississippi School of Law in 2019

7.      At Harris Shelton, I have represented clients in civil matters in both federal and state courts, including the United States District Court for the Western District of Tennessee and the Circuit and Chancery Courts of Shelby County, Tennessee.

8.      I have practiced law in West Tennessee for more than 3 years. I have personal knowledge of the hourly rates charged by our law firm for legal services and am generally familiar with legal services rates at law firms with practices similar to that of Harris Shelton Hanover Walsh, PLLC as well as among attorneys with comparable experience as those involved in this litigation.

9.      The prevailing rate charged in the community for similar services would be roughly $400-$500 per hour for an attorney with 20 years' experience; $350-$450 per hour for an attorney with 15 years' experience; $300-$400 per hour for an attorney with 10 years' experience; and $225-$325 per hour for an attorney with 5 years' experience or less.

Dated: September 27 , 2022.

JACOB SWATLEY