**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HOLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-01085-STA-jay |
| | ) | |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, and | ) ) ) | |
| | ) | |
| ZACH DUCHENEAUX, in his official capacity as Administrator of the Farm Service Agency, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR COSTS, ATTORNEY FEES, AND EXPENSES**

On the fundamental issue in this case—whether Robert Holman could be denied his constitutional right to equal protection—Plaintiff is the prevailing party. With that in mind, this Court should reject the government's arguments and award Mr. Holman appropriate attorney fees. This amount should include hours accrued in preparing this reply.

## I.    Plaintiff was the prevailing party.

Citing *McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010), the government argues that a subsequently mooted preliminary injunction should not qualify for fees except when the injunction allows an event to occur at a definite time (e.g., when a protestor seeks to speak at a specific rally) (Doc. 88 at 8.) The Sixth Circuit has rejected the idea that fees awards for preliminary injunctions are limited to that narrow instance. *Miller v. Caudill*, 936 F.3d 442, 448 (6th Cir. 2019) ("Here, what happened doesn't fit neatly into those examples."); *Planned Parenthood Sw. Ohio Region v. Dewine*, 931 F.3d 530, 540 (6th Cir. 2019) ("The language the state points to [in *McQueary*] was merely an example …."). In both *Miller*, 936 F.3d at 449, and *Planned Parenthood*, 931 F.3d at 541-42, the Sixth Circuit approved fees when a plaintiff received a preliminary injunction that was (1) based on likelihood of success (2) and later mooted by government cessation. The government's example is certainly one where fees are warranted. But it is not the only one.

Another is when an injunction delivered a "direct benefit" to Plaintiff and is subsequently mooted by governmental act. *Planned Parenthood*, 931 F.3d at 540. Here, the 2021 injunction "prevented the challenged law[] from being enforced until, through the ordinary operation of the [] legislature, the law[] [was] repealed and ceased to exist." *Tenn. State Conference of the NAACP v. Hargett*, No. 3:19-cv-00365/385, 2021 U.S. Dist. LEXIS 185449, at *13-14 (M.D. Tenn. Sept. 28, 2021). Plaintiff does not argue that he "*caused* the repeal," of Section 1005, but rather that repeal made the preliminary injunction "successful" and a permanent one "unnecessary." *Id.*

1

(emphasis preserved); *see Planned Parenthood*, 931 F.3d at 539 (preliminary injunction qualifies as a decision on the merits for fees purposes). This is not the catalyst theory because "this is not a case in which the [government] changed its ways *before* judicial action was taken." *Rogers Grp., Inc. v. City of Fayetteville*, 683 F.3d 903, 911 (8th Cir. 2012) (emphasis preserved).

The courts of this circuit award fees under similar circumstances. *See Roberts v. Beshear*, No. 2:20-CV-054, 2022 U.S. Dist. LEXIS 177243, at *8 (E.D. Ky. Sept. 29, 2022); *Ramsek v. Beshear*, No. 3:20-cv-00036, 2022 U.S. Dist. LEXIS 150020 (E.D. Ky. Aug. 22, 2022)[1]; *Tenn. State Conference of the NAACP*, 2021 U.S. Dist. LEXIS 185449, at *18 (There is "no rule against concluding that a plaintiff prevailed even though the government repealed the law that the plaintiff challenged while litigation was ongoing."); *Wilson v. Long*, No. 3:14-cv-01492, 2020 U.S. Dist. LEXIS 13904, at *4 (M.D. Tenn. Jan. 28, 2020) ("Shortly after the Court issued the preliminary injunction, the State enacted legislation codifying an appeals system that met the requirements of the preliminary injunction."); *Occupy Nashville v. Haslam*, No. 3:11-cv-01037, 2015 U.S. Dist. LEXIS 104550, at *22 (M.D. Tenn. Aug. 10, 2015) (injunction "gave the plaintiffs the immediate relief that they sought …until the government passed a new law in the Spring of 2012.").

Other circuits agree. Fees were proper when: an injunction was "terminated only when the new statute was enacted after the preliminary injunction had done its job," *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 234 (3d Cir. 2008) (quotation omitted); "the City amended the offending provision of the Ordinance, thereby mooting the case," *Dearmore v. City*

---

[1] Acknowledging that *Ramsek* supports Plaintiff's position, the government argues it relied on the catalyst theory. (Doc. 88 at 12.) But contrary to the government's point, (id.) the district court did not find that the plaintiff prevailed because the governor changed his order. Instead, it ruled, "What really matters, however, is …plaintiffs got the relief they were seeking" from the injunction before noting that "then" the governor rescinded the order, making the change in relationships enduring. *Ramsek v. Beshear*, No. 3:20-cv-00036, 2021 U.S. Dist. LEXIS 212749, at *18-19 (E.D. Ky. Nov. 2, 2021). The court did not use the catalyst theory. It never so much as used the words.

*of Garland*, 519 F.3d 517, 523 (5th Cir. 2008) (noting plaintiff qualified under the Sixth Circuit test); "the defendant renders the case moot by repealing the statute before final judgment is entered," *Higher Taste v. City of Tacoma*, 717 F.3d 712, 717 (9th Cir. 2013); the "Kansas Supreme Court amended the challenged canons and rendered Appellants' claims against the Commission moot," *Kansas Judicial Watch v. Stout*, 653 F.3d 1230, 1239 (10th Cir. 2011); "Georgia repealed the law at issue," *Common Cause/Georgia v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009); and the Secretary of Agriculture mooted the case by issuing new regulations. *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 947 (D.C. Cir. 2005); *accord Rogers Grp.,* 683 F.3d at 911.

The government relies on the decision of *McQueary v. Conway*, No. 06-cv-24-KKC, 2012 U.S. Dist. LEXIS 107501 (E.D. Ky. Aug. 1, 2012) ("*McQueary II*"). (Doc. 88 at 9.) But, as recognized in *Occupy Nashville*, 2015 U.S. Dist. LEXIS 104550, at *19 n.4, the rule for fees is not so narrowly cabined. The Sixth Circuit later made clear that passage of time was not the only time when a preliminary injunction warrants fees. *See Planned Parenthood*, 931 F.3d at 541.

## II.    An award is not unjustified or unjust.

The government argues that its duty to defend its laws justifies its position absent exceptional circumstances. (Doc. 88 at 13.) No court in this Circuit has adopted such an outlier position. In *Dvorkin v. Gonzales*, 173 F. App'x 420, 424 (6th Cir. 2006), the Court noted the government's duty, but then denied fees based on the ordinary, "substantially justified" standard because the law was unsettled. By contrast, this Court made an easy ruling based on settled law. (*See* Doc. 41 at 10-15). Indeed, there will rarely be circumstances where four courts have passed judgment on the likely unconstitutionality of a specific statute. (Id. at 9.)

EAJA's "basic principle" is to eliminate the economic deterrent faced by citizens confronting the government. *Nat'l Truck Equip. Ass'n v. Nat'l Highway Traffic Safety Admin.*, 972

3

F.2d 669, 672 (6th Cir. 1992). In constitutional cases, where the need to incentivize attorneys is acute, *Riverside v. Rivera*, 477 U.S. 562, 577 (1986) (civil rights cases "frequently involve substantial expenditures of time and effort but produce only small monetary recoveries"), the government will always have a duty to defend a law. EAJA's "purpose would be frustrated by a ruling that the Justice Department's decision to defend the constitutionality of a statute is reasonable regardless of whether the statute itself might reasonably be thought to be constitutional." *League of Women Voters v. FCC*, 798 F.2d 1255, 1259 (9th Cir. 1986). Even in *Grace v. Burger*, 763 F.2d 457, 458 (D.C. Cir. 1985), the court rejected the idea that the duty to defend "forever and always" justified the government's defense.

The government argues that the nationwide injunctions issued by other courts make an award of attorney fees unjust. (Doc. 88 at 18.) This Court already rejected the argument that Plaintiff was protected by overlapping injunctions (Doc. 41 at 21.) And elsewhere, the government acknowledges that the injunction proceedings were so "contemporaneous" as to not factor into its *own* litigation decisions. (Doc. 88 at 18.) The Sixth Circuit has "never" denied fees based on special circumstances. *McQueary,* 614 F.3d at 604. That too many courts found the program unconstitutional is not basis for breaking new ground in the government's favor.

### III.   The fee amount requested by Plaintiff is reasonable.

The government argues Plaintiff's success was "highly limited." (Doc. 88 at 19.) But success is gauged based on how much of the requested relief was achieved, not its "practical significance." *McQueary*, 614 F.3d at 602; *Planned Parenthood*, 931 F.3d at 540. Plaintiff wanted equal treatment by stopping Section 1005. (Doc. 1 at 17.) That is what he got. Even the dismissed claims "were sufficiently related so as to avoid any need to apportion" fees. *Sakhawati v. Lynch*, 839 F.3d 476, 480 (6th Cir. 2016); *see Planned Parenthood*, 931 F.3d at 544 ("[R]eduction is

4

unnecessary because the successful and unsuccessful claims arose from a 'common core of facts.'") (quoting *Hensley v. Eckerhart*, 462 U.S. 424, 435 (1983)).

The government argues that any time billed after the stay is not billable. This is the sort of general objection that should be denied. *Dowsing v. Berryhill*, No. 2:14-cv-02675, 2019 U.S. Dist. LEXIS 2522, at *6 (W.D. Tenn. Jan. 7, 2019). Plaintiff already "embedded," *Planned Parenthood*, 931 F.3d at 543, a reduction of 70.8 hours. (Doc. 85-2, ¶ 21). The government ignores that Plaintiff's rates did not adjust for cost-of-living adjustments. *See* 28 U.S.C. § 2412(d)(2)(A). It overlooks that almost all of Ms. Hermann's time was for work prior to the stay. (Def's Ex. C.) It asks to exclude time spent *responding* to motions, communicating with opposing counsel or the client and staying up speed on court filings, even though these entries directly relate to the success of the litigation. *See Dowsing*, 2019 U.S. Dist. LEXIS 2522, at *9-11 (awarding time spent speaking with client/reviewing court documents). If counsel had predicted future repeal, perhaps they could have ethically done less. *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990) ("The question is not whether … in hindsight the time expenditure was strictly necessary to obtain the result achieved."). Absent a crystal ball, a competent attorney cannot simply stop working on behalf of the client and hope a law is repealed.

Including hours spent on the reply, *see Sakhawati*, 839 F.3d at 481, the adjusted amounts are now denoted below. *See* Ex. 1, Declarations of Braden H. Boucek, William E. Trachman.

| **Attorney** | **Hours** | **Rate** | **Value** |
|---|---|---|---|
| Braden H. Boucek | 158.9 | $125/hr. | $19,862.50 |
| William E. Trachman | 93.6 | $125/hr. | $11,700 |
| Kimberly S. Hermann | 12 | $125/hr. | $1,500 |
| Jeffrey Clayman | 107.1 | $125/hr. | $13,387.50 |
| **Total:** | **371.6** | | $46,450 |

Dated:  October 20, 2022.                    Respectfully submitted,


                                              s/ B.H. Boucek
                                              BRADEN H. BOUCEK
                                              TN BPR No. 021399
                                              GA Bar No. 396831
                                              Southeastern Legal Foundation
                                              560 W. Crossville Road, Suite 104
                                              Roswell, GA  30075
                                              Telephone: (770) 977-2131
                                              bboucek@southeasternlegal.org

                                              WILLIAM E. TRACHMAN*
                                              CO Bar No. 45684
                                              Mountain States Legal Foundation
                                              2596 S. Lewis Way
                                              Lakewood, Colorado 80227
                                              Telephone: (303) 292-2021
                                              Facsimile: (303) 292-1980
                                              wtrachman@mslegal.org
                                              *Appearing Pro Hac Vice

                                              Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below I filed the documents on the Court's

electronic filing system which sent notification of such filing to all counsel of record in this matter


Dated: October 20, 2022.                    Respectfully submitted,


                                               s/ B.H. Boucek
                                              BRADEN H. BOUCEK